GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA  94111-6102
Telephone:  (415) 946-8970
Facsimile:  (415) 331-8958

Attorney for Plaintiff
Gregory Chandler

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# CV 08     0437

C R B

Gregory Chandler,                                    #
  Plaintiff,


                                    **CIVIL COMPLAINT**

v.

The State Bar of California,
Judy Johnson, Jill Sperber,
Alan Bloom,                          **JURY TRIAL DEMANDED**
And Does 1- 20,
  Defendants.

Civil Complaint                          1

**NATURE OF ACTION**

1. This is a civil action against The State Bar of California and its officials and employees. According to United States Supreme Court case law, the mentioned government agency has a history of confusion as to its proper role society and a history of violating the constitutional rights of its members. (See *Keller v. State Bar*, 496 U.S. 1 (1990)) The evidence is that The State Bar of California is an inefficient and misguided organization that requires substantial and independent oversight. To that end, this civil complaint asks the Court to appoint a Monitor to ensure that the State Bar of California limits itself to its proper role and complies with the commands of the United States Constitution.

2. This is a civil action for damages and injunctive relief under 42 U. S. C. section 1981, 42 U. S. C. section 1983, 42 U. S. C. section 1985, 42 U. S. C. section 1986, and 42 U. S.C. section 1988(b) and the common law of the State of California. This civil action arises out of The State Bar of California and its officials and employees violation of Plaintiff's civil rights. This civil action moves for both preliminary and permanent injunctive relief.

3. Specifically, Defendants have informed Plaintiff that he will no longer be allowed to represent clients in the courts of the State of California. Defendants, individually and in concert, maliciously conspired to assist an act of extortion by one of Plaintiff's former law clients. At all relevant times, Defendants knew that the client had raised false allegations in an effort to extort money from Plaintiff. Such client is named Hyoung Ok Lee (Lee). Defendants' unlawful conduct started on September 5, 2007 and continues to this date.

**GREGORY CHANDLER**
Attorney at Law

1    4. During November 2004, Lee hired Plaintiff to perform attorney work.

2    Such attorney work is a family law matter and an immigration matter. Lee is not a

3    citizen of the United States of America. Lee's then spouse is a citizen of the

4    United States of America. Lee's spouse sued Lee for a nullity of marriage and

5    alleged that Lee had engaged in fraud under California Family Code section

6    2210(d). Lee's spouse alleged that Lee had engaged in immigration fraud by

7    knowingly and intentionally entering into a sham marriage solely for

8    immigration benefits.

9    

10    5. Notwithstanding the allegations of immigration fraud against Lee, the

11    attorney-client relationship was intended by Plaintiff to be normal and routine.

12    During December 2006, Lee alleged that Plaintiff, her attorney, had engaged in

13    immigration fraud by submitting false documents to the United States Department

14    of Homeland Security (immigration service). Based primarily on Lee's false

15    allegations of the submission of false documents to the United States Department

16    of Homeland Security, Lee demanded a refund of attorneys' fees paid by Lee to

17    Plaintiff.

18    

19    6. Lee's allegations that Plaintiff submitted false documents to the United

20    States Department of Homeland Security are false. Once Lee's false allegations

21    were made, such false allegations refused to go away regardless of the undisputed

22    evidence. As a matter of law, all punitive acts against Plaintiff subsequent to Lee's

23    false allegations are null and void.

24    

25    7. Lee's false allegations that Plaintiff submitted false documents to the

26    United States Department of Homeland Security raise several ethical difficulties

27    

28

for Plaintiff. If Lee's allegations about false documents are true, Lee is subject to federal imprisonment and deportation for her role in the immigration fraud. If Lee's allegations about false documents are false, she is subject to a denial of immigration benefits on moral character grounds.

8. Given the ethical difficulties raised above, Plaintiff was hesitant to contest Lee's allegations involving the submission of false documents to the United States Department of Homeland Security. Eventually, Lee sought assistance from the Defendants in an effort to extort money from Chandler based for her allegations of submitting false documents to the United States Department of Homeland Security.

9. At all relevant times, Defendants knew that the allegations of submitting false documents to the United States Department of Homeland Security were completely and utterly unsupported by probable cause, and a total fabrication by a client who was seeking to deflect attention away from allegations of immigration fraud against her. Likewise, Defendants knew that the client only raised her allegation in a brazen attempt to extort money from Plaintiff.

10. Instead, Defendants used the client's incredible and false allegations of submitting false immigration documents to harass and intimidate Plaintiff. Defendants acted out of a culture of mean-spiritedness and deceit. Defendants' outrageous culture is based upon a supposed, yet misguided, desire to benefit consumers. In September 2007, Plaintiff informed Defendants that he did not submit false documents to the United States Department of Homeland Security. Defendants, acting out of a culture of mendacity, refused to accept any evidence

GREGORY CHANDLER
Attorney at Law

Civil Complaint                    4

that Lee's allegations are false. On September 14, 2007, Defendant Alan Bloom screamed invectives at Plaintiff over the telephone and made it evident that the Defendants were not interested in whether the allegations are true or false. Defendants conspired to harm Plaintiff and acted to punish Plaintiff on "facts" they knew to be untrue. Defendants' actions evidenced a reckless and callous disregard for and deliberate indifference to Plaintiff's constitutional rights.

11. As a factual matter, allegations of immigration fraud directed at the United States Department of Homeland Security are federal matters under the exclusive jurisdiction of the United States of America. As a factual matter, allegations of immigration fraud directed at the United States Department of Homeland Security are not matters for first consideration by the State of California and its officials and employees. Minimal procedural due process would require the Defendants to report allegations of immigration fraud to the United States Department of Homeland Security and other federal authorities for investigation. If probable cause exists for federal prosecution, minimal due process would then require a hearing of the alleged federal crime in the United States District Court. Instead, state Defendants act to position themselves supreme to the federal government's interests and act to violate Plaintiff's constitutional rights.

12. Moreover, because the Defendants' culture of mendacity, excessive amounts charged for membership dues, policies, customs, practices, and supervisory misconduct raises a substantial risk of irreparable injury to others, Plaintiff seeks an Order and Permanent Injunction, as set forth in further detail

GREGORY CHANDLER
Attorney at Law

Civil Complaint                    5

below, to protect all situated persons and to ensure that such misconduct does not happen again.

13. If needed, Plaintiff will file a motion for injunctive relief as described by Federal Rule of Civil Procedure 65 to remedy defendants' unlawful conduct before resolution of this action.

14. As a result of Defendants' actions, Plaintiff has suffered deprivations of rights guaranteed to him under the Fourteenth Amendment to the Constitution of the United States of America. Defendants have informed Plaintiff that he is barred from practicing law for clients in the state courts of the State of California. Plaintiff has, therefore, suffered economic, emotional, and physical harm

**PARTIES**

**THE PLAINTIFF**

15. Gregory Chandler is the plaintiff.

**THE DEFENDANTS**

16. The State Bar of California, defendant, is a government agency of the State of California and is described in Article VI, Section 9 of the Constitution of the State of California. The State Bar of California receives financial appropriations from the State of California.

17. Defendant Judy Johnson ("Johnson") is the executive director, official, and employee of The State Bar of California. On information and belief, Johnson performs supervisory functions at The State Bar of California.

GREGORY CHANDLER
Attorney at Law

18. Defendant Jill Sperber ("Sperber") is an official and employee of The State Bar of California. On information and belief, Sperber performs supervisory functions at The State Bar of California.

19. Defendant Alan Bloom (Bloom) is an official and employee of The State Bar of California. On September 14, 2007, Bloom had a telephone conversation with Plaintiff. Bloom established during this telephone conversation that Defendants are not interested in the truthfulness of the allegations concerning the submission of false documents to the United States Department of Homeland Security.

20. Doe Defendants 1-20 are currently unknown. Plaintiff will amend the civil complaint when and if further defendants become known.

## JURISDICTION AND VENUE

21. This action arises under the and Fourteenth Amendment to the Constitution of the United States of America; 42 United States Code section 1981; 42 United States Code section 1983; 42 United States Code section 1985; 42 United States Code section 1986; 42 United States Code section 1988(b); and the common law of the State of California.

22. This Court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 United States Code section 1331 and 28 United States Code Section 1343(a).

23. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 United States Code section 1367(a) because such claims are part of the same case and controversy described by Plaintiff's federal claims.

Civil Complaint                              7

24. The unlawful acts complained of took place within the jurisdiction of the United States District Court, Northern District of California, San Francisco division. Pursuant to 28 United States Code section 1391(b) (1), and (3), the San Francisco division of the United States District Court, Northern District of California is the appropriate court for venue and assignment purposes. It is alleged that most or all of the Defendants reside within the jurisdictional area of the mentioned Court.

## EXHAUSTION OF REMEDIES

25. Plaintiff will seek to exhaust all available remedies. Such exhaustion of remedies will include asking Defendants to cease and desist from further unlawful conduct. Special damages are sought in the Prayer for Relief if Defendants decline to cease and desist from further unlawful conduct.

## PRELIMINARY INJUNCTIVE RELIEF

26. Plaintiff requests that Defendants cease and desist from the acts complained of in this civil complaint. After filing this civil complaint, the Plaintiff may notice a motion for injunctive relief under the guidelines of Federal Rule of Civil Procedure 65 if necessary. Within ten (10) court days after service of this civil complaint, Defendants are requested to inform Plaintiff if they decline to cease and desist from the acts complained of in this complaint.

## PERMANENT INJUNCTIVE RELIEF

27. As stated herein, this civil complaint requests an Order and Permanent Injunction as stated in the Prayer for Relief.

GREGORY CHANDLER
Attorney at Law

Civil Complaint

8

# FIRST CLAIM:

## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. SECTION 1983

(Against Johnson, Sperber, and Bloom in their individual capacities)

28. Plaintiff incorporate paragraphs 1-27 above.

29. Johnson, Sperber, and Bloom are "persons" as that term is used in the text of 42 United States Code section 1983.

30. Under color of state law, Johnson, Sperber, and Bloom, acting individually and in concert, engaged in acts and that violated Plaintiff's constitutional and federal rights. As used herein "acting" also means a failure to act and omissions.

31. There was no probable cause for Defendants to act upon the self-serving acts and extortionate conduct of a client who was attempting to reap a financial windfall and deflect away allegations of immigration fraud made against the client.

32. Johnson, Sperber, and Bloom's actions were motivated by a culture of ill-will prevalent in the State Bar of California against its members. Defendants' actions were malicious and evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

33. As a result of these unlawful acts, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

Civil Complaint                                       9

## SECOND CLAIM:

## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF
## 42 U.S.C. SECTION 1983

(Against Johnson, Sperber, and Bloom in their official capacities)

34. Plaintiff incorporates paragraph 1 -33 above.

35. Johnson, Sperber, and Bloom are "persons" as that term is used in the text of 42 United States Code section 1983.

36. Under color of state law, Johnson, Sperber, and Bloom, acting individually and in concert, engaged in acts that violated Plaintiff's constitutional and federal rights. As used herein "acting" also means a failure to act and omissions.

37. There was no probable cause for Defendants to act upon the self-serving and extortionate conduct of an individual who was attempting to reap a financial windfall and deflect away allegations of immigration fraud made against the client.

38. Johnson, Sperber, and Bloom's actions were motivated by a culture of ill-will prevalent in the State Bar of California against its members. Defendants' actions were malicious and evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

39. As a result of these unlawful acts, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

GREGORY CHANDLER
Attorney at Law

### THIRD CLAIM:
### VIOLATIONS OF 42 U. S. C. 1983
### (*MONELL V. DEPT. OF SOCIAL SERVS.*, 436 U.S. 658 (1977)

(Against Johnson and Sperber, supervisory defendants, in their
official capacities, and The State Bar of California)

40. Plaintiff incorporates the allegations made in paragraphs 1-39 above.

41. The State Bar, Johnson, and Sperber are "persons" as that term is used in the text of 42 U.S.C. section 1983.

42. Upon information and belief, the State Bar, Johnson, and Sperber are supervisory defendants with policymaking authority. Upon information and belief, The State Bar, Johnson, and Sperber had contemporaneous knowledge that officials and employees were engaged in unlawful conduct.

43. It would have been plainly obvious to a reasonable policymaker that such conduct would lead to deprivations of Plaintiff's constitutional rights.

44. Upon information and belief the supervisory defendants and other officials nevertheless agreed, encouraged, approved, and ratified the unconstitutional conduct by subordinates and employees.

45. As a direct and foreseeable consequence of these policy decisions, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

//

//

Civil Complaint                    11

**FOURTH CLAIM:**

## 42 U. S. C. SECTION 1983 DEPRIVATION OF CIVIL RIGHTS - STATE ACTORS MAKE DETERMINATIONS ON AN EXCLUSIVE AREA OF FEDERAL LAW

**(Against all defendants in their individual and official capacities, against The State Bar of California)**

46. Plaintiff incorporates paragraphs 1 – 45 above.

47. The State Bar of California, Johnson, Sperber, and Bloom are persons as that term is used in the text of 42 United States Code section 1983.

48. As a matter of law, immigration into the United States of America is a matter under the exclusive jurisdiction of the federal government. Immigration law is codified at Title 8, Aliens and Nationality of the United States Code. Assuming, arguendo, that false documents were filed with the United States Department of Homeland Security, such unlawful conduct is a federal crime and not a state matter.

49. In that the allegations of submitting false documents to the United States Department of Homeland Security are false allegations, all matters that are based upon and derived from such false allegations are also null and void.

50. Minimum due process would require the Defendants to report the allegations of immigration fraud to the United States Department of Homeland Security and other federal agencies for an investigation. Instead, state Defendants viewed themselves as supreme to the federal government and adopted the client's false allegations as their own false allegations.

51. Plaintiff does concede that State defendants would have authority to act against him after a conviction in the federal courts for submitting false documents

to the United States Department of Homeland Security. Nonetheless, such point is

moot because the Defendants were not concerned about the truthfulness of the

client's allegations. Likewise, Defendants failed to report allegations against the

federal government to the federal government.

52. Plaintiff's federal and constitution rights under the Fourteenth

Amendment to the United States Constitution have been violated because state

Defendants chose to adopt an individual's false allegations of federal crimes as

their own false allegations.

## FIFTH CLAIM:

## SUPERVISORY VIOLATIONS OF 42 U.S.C. SECTION 1983

**(Against Johnson and Sperber in their individual and official capacities)**

53. Plaintiff incorporates the allegations made in paragraphs 1 – 52 above.

54. Johnson and Sperber are "persons" as that term is used in the text of 42

U.S.C. section 1983.

55. At the times mentioned herein, employees and individuals supervised

by Johnson and Sperber knowingly engaged in the unlawful conduct complained

of.

56. Johnson and Sperber knew, or should have known, about the unlawful

conduct of the employees and individuals and failed to take meaningful preventive

or remedial action.

57. Johnson's and Sperber's actions and omissions evidence a reckless and

callous disregard for, and deliberate indifference to, Plaintiff's constitutional

rights.

GREGORY CHANDLER
Attorney at Law

58. As a direct and foreseeable consequence of these acts and omissions, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

59. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, and irreparable harm to his reputation.

60. As a further consequence of these deprivations, Plaintiff is forced to engage in litigation and to incur the expenses of litigation to remedy Defendants' unlawful conduct.

## SIXTH CLAIM

## CONSPIRACY IN VIOLATION OF 42 U.S.C.SECTION 1983

**(Against Johnson, Sperber, and Bloom in their individual capacities; Against Johnson, Sperber, and Bloom in their official capacities)**

61. Plaintiff incorporates the allegations made in paragraphs 1 – 60 above.

62. Johnson, Sperber, and Bloom are "persons" as that term is used in the text of 42 U.S.C. section 1983.

63. Under color of state law, Johnson, Sperber, and Bloom conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves to deprive Plaintiff of his constitutional rights by adopting false allegations that they knew were not true.

64. Johnson, Sperber, and Bloom willfully participated in this illegal objective by various means, with the intent to further some purpose of the conspiracy.

GREGORY CHANDLER
Attorney at Law

Civil Complaint                                14

65. Johnson, Sperber, and Bloom's actions evidenced a reckless and callous disregard for, and deliberate indifference to Plaintiff's constitutional rights.

66. As a direct and foreseeable consequence of these acts and omissions, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

67. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, and irreparable harm to his reputation.

68. As a further consequence of these deprivations, Plaintiff is forced to engage in litigation and to incur the expenses of litigation to remedy Defendants' unlawful conduct.

## SEVENTH CLAIM
### CONSPIRACY IN VIOLATION OF 42 U.S.C. SECTION 1985(3)

**(Against Johnson and Sperber, and in their individual and official capacities; Against Bloom in his individual capacity; andThe State Bar of California)**

69. Plaintiff incorporates the allegations made in paragraphs 1-68 above.

70. Johnson, Sperber, Bloom, and the State Bar of California are "persons" as that term is used in 42 U.S.C. section 1985.

71. Under color of state law, Johnson, Sperber, Bloom, and The State Bar of California conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws and of his equal privileges and immunities under the laws.

GREGORY CHANDLER
Attorney at Law

72. Johnson, Sperber, Bloom, and The State Bar of California evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

73. As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

74. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, and irreparable harm to his reputation.

75. As a further consequence of these deprivations, Plaintiff is forced to engage in litigation and to incur the expenses of litigation to remedy Defendants' unlawful conduct.

### EIGHTH CLAIM

### CONSPIRACY IN VIOLATION OF
### 42 U.S.C. SECTION 1986 (STATE BAR OF CALIFORNIA)

**(Against Johnson and Sperber in their individual and official capacities and The State Bar of California)**

76. Plaintiff incorporates the allegations made in paragraphs 1-75 above.

77. Johnson, Sperber, and The State Bar of California are "persons" as that term is used in 42 U.S.C. section 1986.

78. Johnson, Sperber, and The State Bar of California had prior knowledge of the wrongs conspired to be committed by officials and employees of The State Bar of California.

79. Johnson, Sperber, and The State Bar of California had the power to prevent or aid in preventing the commission of the wrongs conspired to be committed by officials and employees of The State Bar of California, and which by reasonable diligence could have been prevented, but they neglected and/or refused to exercise such power.

80. As a direct and proximate result of the neglect and/or refusal of Johnson, Sperber, and The State Bar of California to prevent or to aid in preventing the commission of the wrongs conspired to be committed by officials and employees of The State Bar of California, the Plaintiff suffered injuries and damages as alleged herein.

81. Johnson, Sperber, and The State Bar of California's actions evidenced a reckless and callous disregard for, and deliberate indifference to Plaintiff's constitutional rights.

82. As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

83. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, and irreparable harm to his reputation.

84. As a further consequence of these deprivations, Plaintiff is forced to engage in litigation and to incur the expenses of litigation to remedy Defendants' unlawful conduct.

**NINTH CLAIM**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AND CONSPIRACY**

**(Against all defendants in their individual and official capacities)**

85. Plaintiff incorporates the allegations made in paragraphs 1-84 above.

86. Johnson, Sperber, Bloom, and The State Bar of California acted individually and in concert to adopt the false allegations of an individual as their own false allegations.

87. Sperber and Bloom repeatedly made false, insulting, offensive, and inflammatory statements about Plaintiff for the purpose of harming Plaintiff.

88. In combination with conduct described above, Defendants' actions evidenced a pattern of extreme and outrageous behavior pursued with the intent to cause Plaintiff severe emotional distress.

89. Defendants' conduct had the direct and foreseeable consequence of marking Plaintiff as an individual who knowingly and intentionally submits false documents to the United States Department of Homeland Security.

90. Despite the false nature of Defendants' positions, Defendants' conduct will continue to have deleterious effects on Plaintiff.

91. As a result of Defendants' intentional and outrageous conduct, Plaintiff has suffered and continues to suffer from emotional and mental conditions of the type generally recognized and diagnosed by trained professionals.

92. As a direct and foreseeable consequence of those conditions, Plaintiff has suffered, and continues to suffer, disabling emotional, mental, and physical harm.

GREGORY CHANDLER
Attorney at Law

Civil Complaint                    18

**TENTH CLAIM**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRSS**
**(Against all defendants in their individual and official capacities)**

93.  Plaintiff incorporates the allegations made in paragraphs 1-92 above.

94.  Johnson, Sperber, Bloom, and The State Bar of California acted individually and in concert to adopt the false allegations of an individual as their own false allegations.

95.  Sperber and Bloom repeatedly made false, insulting, offensive, and inflammatory statements about Plaintiff for the purpose of harming Plaintiff.

96.  In combination with conduct described above, Defendants' actions evidenced a pattern of extreme, outrageous, and negligent behavior pursued with the intent to cause Plaintiff severe emotional distress.

97.  Defendants' conduct had the direct and foreseeable consequence of marking Plaintiff as an individual who knowingly and intentionally submits false documents to the United States Department of Homeland Security.

98.  Despite the false nature of Defendants' positions, Defendants' conduct will continue to have deleterious effects on Plaintiff.

99.  As a result of Defendants' negligence and lack of due care, Plaintiff has suffered and continues to suffer from emotional and mental conditions of the type generally recognized and diagnosed by trained professionals.

100.  As a direct and foreseeable consequence of those conditions, Plaintiff has suffered, and continues to suffer, disabling emotional, mental, and physical harm.

GREGORY CHANDLER
Attorney at Law

Civil Complaint                    19

## ELEVENTH CLAIM
### a. VIOLATION OF 42 U.S.C. CODE SECTIONS 1983 -
### DEPRIVATION OF PROPERTY

## b. OVERCHARGING IN VIOLATION OF CALIFORNIA COMMON LAW

(Against The State Bar of California)

101. Plaintiff incorporates the allegations in paragraphs 1-100 above.

102. It is alleged that defendant State Bar of California imposes a mandatory and excessive fee of $400.00 per calendar years for dues. It is alleged that, by comparison, the State of California Department of Motor vehicles charges an amount substantially less for a license to operate a motor vehicle. It is alleged that such fee of $400.00 is an unlawful taking of property in violation of the Fourteenth Amendment of United States Constitution and in violation of the common law of the State of California.

103. It is further alleged that the excess, windfall and illegal fee charged by Defendants allows them excess funds that allow Defendants to unlawfully overreach into matters that are exclusively of federal concern and violate the constitutional rights of Plaintiff and similarly situated individuals.

104. It is alleged that Defendants did use proceeds from the illegal fee charged to Plaintiff and similarly situated individuals to violate Plaintiff's federal and constitutional rights.

105. Defendants, in the past and currently, have charged Plaintiff an excessive fee. Such mandatory fee constitutes an unlawful taking of money from Plaintiff and similarly situated individuals for improper purpose.

GREGORY CHANDLER
Attorney at Law

Civil Complaint                    20

106. It is alleged that the mandatory payment of an excessive fee deprives the payor of property in violation of the Fourteenth Amendment to the United States Constitution for the amount that is unreasonable. For example, if the Court, Monitor, or appointed expert, determines that $150.00 per calendar year is a reasonable fee, then the amount above $150.00 is unreasonable and the mandatory taking of such amount violates an individual's constitutional rights.

107. In the Prayer for Relief, Plaintiff asks the Court to appoint a Monitor to determine what is a reasonable fee for The State Bar of California to charge.

**TWELFTH CLAIM**
**CLAIM FOR PERMANENT INJUNCTION**
**(Against all defendants in their individual and official capacities)**

108. Plaintiff incorporates the allegations made in paragraphs 1-107 above.

109. It is alleged that the Defendants' history and current acts evidence that Defendants are in need of substantial and independent oversight by a Monitor.

110. It is alleged that without a Monitor appointed by the Court, Defendants will continue to engage in the conduct as evidenced in by Defendants' history.

111. It is alleged that without a Monitor, Defendants will continue to misuse and abuse funds received from the people of the State of California and appropriated by the State of California.

112. It is alleged that without a Monitor, Defendants will continue to misuse and abuse funds received from Plaintiff and similarly situated individuals.

GREGORY CHANDLER
Attorney at Law

113. It is alleged that without a Monitor, Defendants will continue to violate the federal and constitutional rights of Plaintiff and similarly situated individuals.

114. It is alleged that without a Monitor, Defendants will continue to place themselves supreme to the government of the United States of America.

## PRAYER FOR RELIEF

115. WHEREFORE, to redress the injuries proximately and directly caused by Defendants' conduct as stated in Paragraphs 1-114 above, and to prevent the substantial risk of irreparable injury to other persons as a result of the policies, customs, practices, and supervisory misconduct alleged herein, Plaintiff hereby requests the following relief:

A. the issuance of an Order and Permanent Injunction (permanent injunction) that:

i. appoints an Independent Monitor (the Monitor), to be determined by the Court, who shall oversee certain activities of The State Bar of California for a period of ten (10) years, and who shall report to the Court on an annual basis regarding defendants compliance or non-compliance with the terms of the Permanent Injunction;

ii. authorizes the Monitor to establish reasonable membership fees for members of the State Bar of California;

iii. authorizes the Monitor to establish, review, and enforce all policies applicable to the management of the State Bar of California;

GREGORY CHANDLER
Attorney at Law

Civil Complaint                              22

iv. Provides the Monitor with the authority to hire, fire, and promote all State Bar of California officials and employees, including the director, managers, and supervisory officials of the State Bar of California;

v. orders that the State Bar of California provide proper remedial training based on materials approved by the Monitor, to all current and new State Bar of California personnel on the following matters:

1. The appropriate chain of command in all complaints, proceedings, and/or allegations against a member of the State Bar of California;

2. prohibiting threats, inducements, or intimidation against members of the State Bar of California;

3. the standards of agency reports, investigator notes, and other reports of investigations, including the timely and truthful preparation of such documents;

4. the standards for probable cause;

vi. enjoins The State Bar of California from selective enforcement of State of California law, and from refusing to protect the legal and constitutional rights of the members of The State Bar of California;

vii. requires the State Bar of California to pay all costs relating to the Monitor and Remedial Training for the duration of the Permanent Injunction; and

B. the issuance of a preliminary injunction, if necessary, under the guidelines established under Federal Rule of Civil Procedure 65 during the pendency of this complaint to remedy Defendants' unlawful acts against Plaintiff after September 5, 2007;

GREGORY CHANDLER
Attorney at Law

C. damages in an amount to be established at trial as compensation for constitutional deprivations; past, present, and future economic loss, physical harm, emotional trauma, loss of privacy, loss of reputation; and expenses associated with Defendants' unlawful conduct;

D. damages in an amount to be established at trial to punish Defendants for outrageous conduct pursed out of actual malice that recklessly and callously disregarded and was deliberately indifferent to Plaintiff's constitutional rights, to discourage them from engaging in similar conduct in the future, and to deter others similarly situated from engaging in similar misconduct;

E. special damages, chargeable per day, in an amount to be established at trial if Defendants do not correct and cease and desist from their unlawful conduct after being served with a copy of the summons and complaint in this action;

F. an award of attorneys' fees, including attorneys' fees pursuant to 42 U. S. C. section 1988(b);

G. an award for reasonable and customary costs, expenses, and interest incurred in pursuit of this action; and

H. whatever additional relief the Court may deem proper.

Dated: January 16, 2008

Gregory Chandler
Attorney for Plaintiff

Civil Complaint                                              24

**GREGORY CHANDLER**
Attorney at Law

## JURY TRIAL DEMANDED

A trial by jury is demanded for all matters in this action.

January 16, 2008

Gregory Chandler
Attorney for Plaintiff

## VERIFICATION

The undersigned, Gregory Chandler, verifies under penalty of perjury under the laws of the United States of America that all matters stated in this civil complaint, except those stated under information and belief, true and correct to the best of my knowledge.

January 16, 2008

Gregory Chandler