1  MARIE M. MOFFAT (62167)
   LAWRENCE C. YEE (84208)
2  MARK TORRES-GIL (91597)
   DANIELLE A. LEE (223675)
3  **STATE BAR OF CALIFORNIA**
   **OFFICE OF GENERAL COUNSEL**
4  180 Howard Street
   San Francisco, CA 94105-1639
5  Telephone: (415) 538-2339
   Fax: (415) 538-2321
6  Email: danielle.lee@calbar.ca.gov

7

8  Attorneys for Defendants The State Bar
   Of California, Judy Johnson, Jill Sperber,
   and Alan Bloom
9

10            IN THE UNITED STATES DISTRICT COURT

11       FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

12

13  GREGORY CHANDLER,                        STATE BAR DEFENDANTS' REQUEST
                                             FOR JUDICIAL NOTICE IN SUPPORT
          Plaintiff,                         OF STATE BAR DEFENDANT'S
14                                           MOTION TO DISMISS

15  v.                                       Case No. 3:08-cv-00437-EMC

16  STATE BAR OF CALIFORNIA, JUDY
    JOHNSON, JILL SPERBER, and  ALAN
    BLOOM.
17
          Defendants.                        Date:     March 26, 2008
18                                           Time:     10:30 a.m.
                                             Place:    Courtroom C, 15th Floor
19                                            Judge: Hon. Mag. Edward M. Chen_____

20

21      The State Bar of California, Judy Johnson,  (collectively, the "State Bar Defendants") hereby

22  respectfully request, pursuant to section 201 of the Federal Rules of Evidence, that the Court take

23  judicial notice of the following documents filed in California State Bar Court Case No. 07-AE-

    14510 PEM:
24
    1. February 7, 2008 Order Granting Motion for Involuntary Inactive Enrollment, a true and
25
    correct copy of which is attached hereto as Exhibit A.
26
    2. November 16, 2007 Motion for Involuntary Inactive Enrollment, including supporting
27
    exhibits, true and correct copies of which are attached hereto as Exhibit B.
28

3. November 26, 2007 "Notice of Motion and Motion for Peremptory Dismissal," a true and correct copy of which is attached hereto as Exhibit C.

4. November 26, 2007 "(1) Peremptory Motion to Dismiss [and] (2) Response to Motion for Involuntary Inactive Enrollment," a true and correct copy of which is attached hereto as Exhibit D.

5. November 26, 2007 "Declaration of Gregory Chandler in Support of Peremptory Motion to Dismiss and in Opposition to State Bar's Motion for Involuntary Enrollment," a true and correct copy of which is attached hereto as Exhibit E.

6. December 6, 2007 "State Bar Defendant's Reply Brief," a true and correct copy of which is attached hereto as Exhibit F.

7. December 13, 2007 "Order Denying Motion to Dismiss," a true and correct copy of which is attached hereto as Exhibit G.

   Dated:  February 19, 2008               Respectfully submitted,

MARIE M. MOFFAT
LAWRENCE C. YEE
MARK TORRES-GIL
DANIELLE LEE

By:＿＿/s/ Danielle Lee＿＿＿＿
     Danielle Lee

Attorneys for Defendants the State Bar Of California, Judy Johnson, Jill Sperber and Alan Bloom

Req. Jud. Not. In Support of Def's Motion to Dismiss       07-CV-02890 EMC

PROOF OF SERVICE BY MAIL

I, Joann Wray, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On February 19, 2008, following ordinary business practice, I placed

STATE BAR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE BAR DEFENDANT'S MOTION TO DISMISS

for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of fully prepaid in an envelope addressed as follows:

Gregory Chandler
Law offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the United States of California that the foregoing is true and correct.

Executed at San Francisco, California this 19th day of February 2008.


　　　　　/s/Joann Wray

**State Bar Defendants' Request For Judicial Notice,**

**Exhibit A**

*California State Bar Court Case No. 07-AE-14510 PEM*

*February 7, 2008 Order*

*Granting Motion for Involuntary Inactive Enrollment*



PUBLIC MATTER

**FILED**

FEB 0 7 2008

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

**STATE BAR COURT OF CALIFORNIA**

**HEARING DEPARTMENT – SAN FRANCISCO**

| | |
|---|---|
| In the Matter of | ) |
| **GREGORY CHANDLER,** | ) |
| **Member No. 158260,** | ) |
| A Member of the State Bar. | ) |

**Case No. 07-AE-14510-PEM**

**ORDER GRANTING MOTION FOR INVOLUNTARY INACTIVE ENROLLMENT [Bus. & Prof. Code, § 6203, subd. (d); Rules Proc. of State Bar, rule 700, et seq.]**

## I. INTRODUCTION

This matter is before the court on motion filed by the Presiding Arbitrator of the State Bar's Mandatory Fee Arbitration Program, by and through his designee, Jill Sperber, Director of the Mandatory Fee Arbitration Program and Special Deputy Trial Counsel, seeking the involuntary inactive enrollment of Award Debtor **GREGORY CHANDLER** ("Award Debtor"), pursuant to Business and Professions Code section 6203, subdivision (d),[1] and rule 701 of the Rules of Procedure of the State Bar of California ("Rules of Procedure") due to his failure to pay an arbitration award. Based on the State Bar's motion, Award Debtor's response, and their respective supporting documents, the court finds that Award Debtor has failed to comply with the arbitration award and has not produced a payment plan acceptable to the client or the State Bar.

## II. SIGNIFICANT PROCEDURAL HISTORY

On November 16, 2007, the Presiding Arbitrator, by and through his designee, Jill Sperber, filed a motion seeking the involuntary inactive enrollment of Award Debtor. (Bus. &

---

[1] Unless otherwise indicated, all further references to section(s) refer to provisions of the Business and Professions Code.

Prof. Code, section 6203, subd. (d), Rules Procedure of State Bar, rule 700, et seq.)  A copy of the motion was properly served at Award Debtor's official membership records address on November 16, 2007, by certified mail, return receipt requested, and by regular mail.[2]  On November 26, 2007, Award Debtor filed a peremptory motion to dismiss accompanied by his response to the State Bar's motion seeking his involuntary inactive enrollment.

On November 28, 2007, a Notice of Assignment and Notice of Initial Status Conference was filed in this matter, setting an in-person status conference for December 10, 2007.  A copy of said notice was properly served on Award Debtor by first-class mail, postage fully prepaid, on November 28, 2007, at his official membership records address.

On December 6, 2007, the State Bar filed a reply brief opposing Award Debtor's motion for dismissal.  On December 10, 2007, the parties appeared before the court for the scheduled status conference.[3]  At this status conference, the court scheduled a hearing on this matter for January 10, 2008.[4]

On December 13, 2007, the court filed an order denying Award Debtor's peremptory motion to dismiss.  A copy of said order was properly served on Award Debtor by first-class mail, postage fully prepaid, on December 13, 2007, at his official membership records address.

---

[2] Exhibit 4, the certified copy of Award Debtor's address history as of November 15, 2007, which is attached to the State Bar's motion, is not competent evidence to establish that documents served after November 15, 2007, were properly served upon the Award Debtor.  The court therefore takes judicial notice of the State Bar's official membership records pursuant to Evidence Code section 452, subdivision (h).  These records indicate that as of June 22, 2007, Award Debtor's official address has been, and remains, 101 California St., #2450, San Francisco, CA 94111.

[3] On this same day, Award Debtor filed an additional pleading entitled Status Conference Statement of Gregory Chandler.

[4] On December 11, 2007, the court filed a status conference order noting the date and time of the January 10, 2008 hearing.  A copy of said order was properly served on Award Debtor by first-class mail, postage fully prepaid, on December 11, 2007, at his official membership records address. The copy of said order was not returned to the State Bar Court by the U.S. Postal Service as undeliverable or for any other reason.

The copy of said order was not returned to the State Bar Court by the U.S. Postal Service as undeliverable or for any other reason.

On January 10, 2008, the State Bar appeared for the scheduled hearing. Award Debtor, however, failed to appear and this matter was submitted for decision on January 14, 2008.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. <u>Jurisdiction</u>

Award Debtor was admitted to the practice of law in California on June 8, 1992, and has been a member of the State Bar at all times since.

### B. <u>Facts</u>

In December 2006, Hyoung Ok Lee ("Lee") requested mandatory fee arbitration with the Bar Association of San Francisco to resolve a fee dispute with Award Debtor. The fee dispute arbitration took place on April 25, 2007. Award Debtor, Lee, and Lee's attorney, Robert I Simon ("Simon"), were all present. On May 21, 2007, the Bar Association of San Francisco served a non-binding arbitration award on the parties.[5] It awarded Lee a refund in the amount of $8,643.75.

On June 18, 2007, unbeknownst to Lee and Simon, Award Debtor filed a lawsuit against Lee in Marin County Superior Court, case number CV 072833 ("lawsuit #1"). In lawsuit #1, Award Debtor was seeking $9,500.00 from Lee for the reasonable value of services and materials rendered at the special instance and request of Lee and for which Lee promised to pay Award Debtor.[6]

On June 27, 2007, Simon sent a letter to Award Debtor demanding payment of the arbitration award. On July 5, 2007, Award Debtor e-mailed a response to Simon telling him that the arbitration award had been rejected through the filing of lawsuit #1. That same day, Simon

---

[5] Award Debtor acknowledges prompt receipt of the arbitration award.

[6] The complaint in lawsuit #1 made no mention of the arbitration decision; nor did it request a trial de novo.

sent a reply e-mail to Award Debtor seeking information regarding lawsuit #1, including the case number and where it was filed. Award Debtor did not respond to Simon's July 5, 2007 e-mail.

On July 9, 2007, Simon sent a letter to Award Debtor again asking for the filing information regarding lawsuit #1. On July 16, 2007, Award Debtor e-mailed a response to Simon. In this e-mail, Award Debtor refused to reveal any of the filing information due to the fact that Simon was not attorney of record in lawsuit #1.

On July 26, 2007, Award Debtor sent a letter to Lee advising her that he had rejected the arbitration award by filing lawsuit #1. On July 30, 2007, Lee faxed a letter to Award Debtor telling him that she had not been served with any such lawsuit and requesting that Award Debtor fax the information regarding lawsuit #1 to Simon. That same day, Award Debtor sent Lee a second letter acknowledging that she had yet to be served, asking her if she would accept service through the mail, and informing her that he was considering dismissing lawsuit #1. Lee did not respond to Award Debtor's July 30, 2007 letter.

On August 11, 2007, Award Debtor sent Lee a follow-up letter noting that she had not responded to his July 30, 2007 letter and informing her that he had filed a dismissal of lawsuit #1. Enclosed with Award Debtor's August 11, 2007 letter was a copy of the dismissal of lawsuit #1. The dismissal was voluntarily filed by Award Debtor on August 7, 2007.

On September 5, 2007, Lee submitted a Client's Request for Enforcement of an Arbitration Award form ("Client's Enforcement Request") to the State Bar Office of Mandatory Fee Arbitration ("State Bar") pursuant to section 6203, subdivision (d).

On September 5, 2007, the State Bar served the Client's Enforcement Request on Award Debtor by regular and certified mail at his official State Bar membership address. Included in this mailing was a cover letter from the State Bar advising Award Debtor of the potential consequences for: (1) failing to comply with the arbitration award and (2) failing to respond to the Client's Enforcement Request by October 5, 2007.

On September 10, 2007, Award Debtor faxed the following one-paragraph response to the Client's Enforcement Request:

"The non-binding arbitration award at issue was rejected upon the timely filing of lawsuit #07-2833 in the Marin County, California Superior Court against [Lee] on June 18, 2007. After communications with [Lee], the lawsuit against her was dismissed without prejudice on August 7, 2007. [Lee] has not informed me that she wants the lawsuit re-instated against her. If [Lee] desires, the lawsuit that was dismissed without prejudice can be re-instated against her."

Between September 11 and October 31, 2007, Award Debtor and the State Bar exchanged several letters regarding the merits of the arbitration award. In this series of letters, Award Debtor informed the State Bar that he would not be making any payments to Lee and the State Bar advised Award Debtor that this matter would be referred to the State Bar Court.

Additionally, on October 5, 2007, Award Debtor filed a second lawsuit, case number CV074749, against Lee in the Marin County Superior Court ("lawsuit #2"). In lawsuit #2, Award Debtor alleged five counts as follows: (1) common counts for reasonable value of work performed (outstanding attorney's fees in the amount of $11,000.00); (2) common counts for money paid and owed (recovery for litigation costs Award Debtor had advanced); (3) breach of contract (with damages in the amount of $5,000.00); (4) fraud (with damages in the amount of $10,000.00); and (5) abuse of process (by attempting to enforce the arbitration award after it was "rejected" by Award Debtor).[7]

## C.   Conclusions of Law

The court finds that the Presiding Arbitrator has met the burden of demonstrating by clear and convincing evidence that Award Debtor has failed to comply with the arbitration award and has not produced a payment plan acceptable to the client or the State Bar. (Bus. & Prof. Code, § 6203, subd. (d)(2); Rules Procedure of State Bar, rule 705(a).)

---

[7] On December 3, 2007, the Marin County Superior Court issued a tentative ruling sustaining a demurrer with leave to amend on four of these five counts.

Award Debtor argues that the arbitration award is not binding due to the fact that he filed a lawsuit against Lee within 30 days of the arbitration award.[8] The court disagrees for several reasons.

First, the complaint in lawsuit #1 does not appear to be sufficient to constitute a rejection of the fee arbitration award pursuant to Business and Professions Code section 6204. Rather, the complaint appears to be seeking damages for services rendered that were above and beyond attorney's fees already paid by Lee. Additionally, the complaint makes no mention of the arbitration award or the fees previously paid by Lee, and it fails to request a trial de novo.

Second, even if Award Debtor's complaint in lawsuit #1 was sufficient to constitute a rejection of the arbitration award, by voluntarily dismissing the unserved complaint, the Award Debtor repudiated any request for trial de novo he may have made by filing the complaint and, therefore, restored the arbitration award. (*Corell v. Law Firm of Fox and Fox* (2005) 129 Cal. App. 4th 531, 537-538.)

Third, the complaint filed in lawsuit #2 on October 5, 2007, was not filed within 30 days after mailing of the notice of the arbitration award. (Bus. & Prof. Code, § 6203, subd. (b).) Therefore, the arbitration award is binding.

Consequently, the court finds the Award Debtor has not met his burden of demonstrating by clear and convincing evidence that he is not personally responsible for making or ensuring payment of the award; that he is unable to pay it; or that he has proposed and agrees to comply with a payment plan which the State Bar has unreasonably rejected as unsatisfactory. (Bus. & Prof. Code, § 6203, subd. (d)(2); Rules Procedure of State Bar, rule 705(b).)

## IV. ORDER

**IT IS ORDERED** that Award Debtor **GREGORY CHANDLER**, be enrolled as an inactive member of the State Bar of California pursuant to Business and Professions Code

---

[8] Although Award Debtor did not appear for the hearing on this matter, he has repeatedly made this argument in his pleadings filed with this court and in his correspondence with the State Bar.

section 6203, subdivision (d)(1), effective five days after the date of service of this order. (Rules

Procedure of State Bar, rule 708(b)(1).)

**IT IS FURTHERED ORDERED** that Award Debtor **GREGORY CHANDLER** must

remain involuntarily enrolled as an inactive member of the State Bar until: (1) he has paid the

arbitration award to Hyoung Ok Lee in the amount of $8,643.75, plus interest at the rate of ten

percent per annum from May 21, 2007, the date the award was served; (2) he has paid costs, in

the amount of $255.92, as ordered below;[9] and 3) the court grants a motion to terminate the

inactive enrollment pursuant to rule 710 of the Rules of Procedure of the State Bar of California.

The State Bar has submitted a bill of costs in the amount of $255.92. The court finds

these costs to be reasonable and therefore awards $255.92 in costs to the State Bar. (Bus. &

Prof. Code, § 6203, subd. (d)(3); Rules Proc. of State Bar, rule 708(b)(2).)

Dated: February 8 , 2008                    PAT McELROY
                                            Judge of the State Bar Court

---

[9] Based on the evidence before the court, there is no indication that any administrative
penalties were assessed in this matter.

# CERTIFICATE OF SERVICE
### [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of San Francisco, on February 7, 2008, I deposited a true copy of the following document(s):

**ORDER GRANTING MOTION FOR INVOLUNTARY INACTIVE ENROLLMENT [Bus. & Prof. Code, § 6203, subd. (d); Rules Proc. of State Bar, rule 700, et seq.]**

in a sealed envelope for collection and mailing on that date as follows:

[**X**]    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at San Francisco, California, addressed as follows:

| | |
|---|---|
| **GREGORY CHANDLER** | **ARNE WERCHICK** |
| **LAW OFC OF GREGORY CHANDLER** | **135 CHELSEA CIR** |
| **101 CALIFORNIA ST #2450** | **PALM DESERT    CA 92260** |
| **SAN FRANCISCO    CA 94111** | |

[**X**]    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**JILL SPERBER, Fee Arbitration, San Francisco**

I hereby certify that the foregoing is true and correct. Executed in San Francisco, California, on **February 7, 2008**.

George Hue
Case Administrator
State Bar Court

# State Bar Defendants' Request for Judicial Notice,

## Exhibit B

### California State Bar Court Case No. 07-AE-14510 PEM
### November 16, 2007 Motion for Involuntary Inactive Enrollment.
### (Including Exhibits 1-7)

**Exhibit 1:**    *November 1, 2007 Declaration of Connie Moore Dunning*

Attachment:    May 1, 2007 San Francisco Bar Association BASF No. 06.115 NON BINDING ARBITRATION AWARD

**Exhibit 2:**    *Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

| | |
|---|---|
| Exhibit A: | June 27, 2007 Robert Simon Letter to Gregory Chandler |
| Exhibit B: | July 5, 2007 Gregory Chandler Email to Robert Simon |
| Exhibit C: | July 5, 2007 Robert Simon Email to Gregory Chandler |
| Exhibit D: | July 9, 2007 Robert Simon Letter to Gregory Chandler |
| Exhibit E: | July 16, 2007 Gregory Chandler Email to Robert Simon |

**Exhibit 3:**    *Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

| | |
|---|---|
| Exhibit A: | July 26, 2007 Gregory Chandler Letter to Hyoung Ok Lee |
| Exhibit B: | July 30, 2007 Hyoung Ok Lee Faxed Letter to Gregory Chandler |
| Exhibit C: | July 30, 2007 Gregory Chandler Letter to Hyoung Ok Lee |
| Exhibit D: | August 11, 2007 Gregory Chandler Letter to Hyoung Ok Lee |
| Exhibit E: | September 5, 2007 Request for Enforcement of Arbitration Award |

**Exhibit 4:**    *November 15, 2007 State Bar Custodian of Records Kath Lambert's Certified Copy of Gregory Chandler's State Bar Membership Records Official Address History*

**Exhibit 5:**    *Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

| | |
|---|---|
| Exhibit A: | September 5, 2007 Alan Bloom Letter to Gregory Chandler |
| Exhibit B: | September 10, 2007 Gregory Chandler Letter to Alan Bloom |
| Exhibit C: | September 11, 2007 Alan Bloom Letter to Gregory Chandler |
| Exhibit D: | October 10, 2007 Alan Bloom Letter to Gregory Chandler |
| Exhibit E: | October 12, 2007 Gregory Chandler Letter to Alan Bloom |
| Exhibit F: | October16, 2007 Jill Sperber Letter to Gregory Chandler |
| Exhibit G: | October 25, 2007 Bloom Letter to Gregory Chandler |
| Exhibit H: | October 26, 2007 Gregory Chandler Letter to Jill Sperber |
| *Exhibit I:* | *October 31, 2007 Gregory Chandler Letter to Alan Bloom* |

**Exhibit 6:**    *November 15, 2007 State Bar Custodian of Records Kath Lambert's Certified Copy of Gregory Chandler's State Bar Membership Records Information Screen*

**Exhibit 7:**    *Marin County Superior Court Case No. CV 072833 June 18, 2007 Complaint and August 7, 2007 Dismissal*

1   Arne Werchick; SBN. 36586
    Presiding Arbitrator
2   Jill A. Sperber; SBN. 112109
    Director/Special Deputy Trial Counsel
3   180 Howard Street, 6th Floor
    San Francisco, CA 94105
4   Telephone: (415) 538-2023

5   Mandatory Fee Arbitration Program of
    The State Bar of California

6

7

**PUBLIC MATTER**    **FILED**

NOV 16 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

8                      The State Bar Court

9   **COPY**     Hearing Department - San Francisco

10

11

12  In the Matter of:                 ) Case No. 07-AE- _145 10 - PEM_

13  Gregory Chandler,                 ) **Motion For**
                                      ) **Involuntary Inactive Enrollment**
14  Member No. 158260,                )
                                      ) (Bus. & Prof.Code, § 6203(d); Rules
15  A Member of the State Bar.        ) Proc. of State Bar, rule 700 et seq.)
                                      )
16  _____ )

17

18          The Mandatory Fee Arbitration Program of the State Bar of California,

19  appearing through its Presiding Arbitrator, Arne Werchick, and his designee, its

20  Director and Special Deputy Trial Counsel, Jill A. Sperber, hereby move the State

21  Bar Court for an order involuntarily enrolling Gregory Chandler, State Bar Member

22  No. 158260 as an inactive member of the State Bar under Business and Professions

23  Code section 6203, subdivision (d) and rule 701 of the Rules of Procedure of the

24  State Bar (Rules of Procedure). This motion is made because Gregory Chandler

25  failed to pay a fee arbitration award served by the Bar Association of San Francisco

26  on May 21, 2007 in _Lee v. Chandler_, Case No. 06.115. The Arbitration Award

27  required a refund of $8,643.75, including $8,218.75 for attorney's fees and the

28  arbitration filing fee of $425.00 to the client Hyoung Ok Lee.

1

1    Under rule 702 of the Rules of Procedure, the attorney may file a response to
2  this motion and request a hearing within 10 days of service of the motion.

3    The Motion is based upon the attached Memorandum of Points and
4  Authorities Supporting State Bar's Motion for Involuntary Inactive Enrollment, and
5  the attached exhibits 1-7, including the Declarations of Robert Simon, Hyoung Ok
6  Lee, and Jill A. Sperber.

7    **NOTICE: If you fail to  file a timely response to this motion requesting a**
8  **hearing, you will waive your right to a hearing regarding your involuntary**
9  **inactive enrollment.**

10

11  Dated: November 14, 2007

12              Respectfully submitted,
              The Mandatory Fee Arbitration Program
13              of The State Bar of California

14

15              By
              Jill Sperber
16              Director, Mandatory Fee Arbitration Program
              Special Deputy Trial Counsel
17

18

19

20

21

22

23

24

25

26

27

28

2

1 Arne Werchick; SBN. 36586
  Presiding Arbitrator
2 Jill A. Sperber; SBN. 112109
  Director/Special Deputy Trial Counsel
3 180 Howard Street, 6th Floor
  San Francisco, CA 94105
4 Telephone: (415) 538-2023

5 Mandatory Fee Arbitration Program of
  The State Bar of California

6

7

8                         The State Bar Court

9                  Hearing Department - San Francisco

10

11

12 In the Matter of:                 ) Case No. 07-AE-_____
                                     )
13 Gregory Chandler,                 ) **Memorandum of Points and**
                                     ) **Authorities Supporting the State Bar's**
14 Member No. 158260,                ) **Motion For**
                                     ) **Involuntary Inactive Enrollment**
15 A Member of the State Bar.        )
                                     )
16 _____    )
                                     )
17                          **Introduction**

18        This motion to enroll Gregory Chandler as an inactive member of the State

19 Bar arises from his failure to comply with a mandatory fee arbitration (MFA) award

20 that became binding by operation of law. The award required Chandler to refund

21 specified attorney's fees to Hyoung Ok Lee, within the time required by the Rules of

22 Procedure for Fee Arbitrations and the Enforcement of Awards by the State Bar of

23 California ("Fee Arbitration Rules"). According to the provisions of Business and

24 Professions Code section 6203, subdivision (d) and rule 44.0 of the Fee Arbitration

25 Rules and rule 700, et seq. of the Rules of Procedure of the State Bar, the State

26 Bar's Mandatory Fee Arbitration Program, through its Presiding Arbitrator and its

27 Director, requests Gregory Chandler's involuntary inactive enrollment.

28                       **Statement of Facts**

                                    1

Memorandum of Points and Authorities, 07-E-124

1    In December 2006, Hyoung Ok Lee requested mandatory fee arbitration with

2  the Bar Association of San Francisco to resolve a fee dispute with Attorney Gregory

3  Chandler. Lee was represented by attorney Robert Simon at the arbitration. On May

4  21, 2007, the Bar Association of San Francisco served a non-binding arbitration

5  award on the parties. It awarded a refund to Lee in the amount of $8,643.75 in

6  attorney's fees and costs. Since Lee paid Chandler $8,500 in attorney's fees, the

7  award represented a refund of all but $68.75 of the fees plus an award of the

8  program filing fee of $425.[1]

9    On June 18, 2007, Chandler filed a lawsuit against Lee, presumably to reject

10  the non-binding award. "If no action is pending in any court, the award may be

11  confirmed, corrected, or vacated by petition to the court having jurisdiction over the

12  amount of the award..."[2] "...[T]he trial after arbitration shall be initiated by the

13  commencement of an action in the court having jurisdiction over the amount of

14  money in controversy within 30 days after mailing notice of the award."[3] He filed

15  the action in the Marin County Superior Court. Since the arbitration took place in

16  San Francisco, where Chandler maintains his law office, and where Lee resides, it

17  appears that Marin is the incorrect venue for this action. Regardless of this potential

18  error, Chandler voluntarily dismissed his lawsuit on August 7, 2007, before it could

19  go to trial, and before serving it on Lee.

20    Upon obtaining a certified copy of the file in Chandler v. Lee, Case No.

21  CV07-2833[4] from the Marin County Superior Court, the State Bar discovered on its

22  own that instead of filing an action for a trial de novo to vacate the award, Chandler

23  filed a complaint in "common counts" seeking $9,500 in damages. Chandler did not

---

[1] See Exhibit 1, certified copy of arbitration award.

[2] (Bus. & Prof. Code, § 6203, subd. (d).)

[3] (Bus. & Prof. Code, § 6204, subd. (c).)

[4] See Exhibit 7.

2

1  claim in arbitration that Lee owed additional fees. However, it appears that Chandler
2  sued Lee for $9,500 for "an open book account." His complaint makes no mention
3  of the attorney fee arbitration award and does not, in any way, appear to be even an
4  attempt to reject it. Indeed, the Court would have no knowledge of the prior fee
5  arbitration award from the face of Chandler's complaint.
6      By letter dated June 27, 2007, unaware of any lawsuit, attorney Robert Simon
7  pointed out that since no action had been filed in San Francisco Superior Court to
8  reject the award, the award was now binding.[5] On July 5, 2007, Chandler replied by
9  e-mail, stating that the award "was rejected by the filing of a lawsuit."[6] Apparently
10 unaware that any lawsuit was filed, on July 5, 2007, Simon asked Chandler for the
11 court and case number of the lawsuit.[7] Chandler did not respond to this inquiry. On
12 July 9, 2007, Simon sent a letter to Chandler again asking for the court and case
13 number of the lawsuit Chandler claimed to have filed.[8] On July 16, 2007, Chandler
14 sent an e-mail to Simon stating inter alia, "Again, you are informed that the non-
15 binding arbitration that you represented Hyoung Ok Lee in has been rejected by the
16 timely filing of a lawsuit. I decline to discuss existing litigation with you in that you
17 are not the attorney of record..."[9] Chandler, however, was present at the arbitration
18 hearing when Simon appeared as counsel for Lee and was aware that Lee had not
19 been served with a civil complaint.[10]
20     On July 26, 2007, Chandler sent a letter directly to Lee telling her that he
21
22
23  _____

24  [5] See Exhibit 2, Simon Declaration, Exhibit A.

25  [6] See Exhibit 2, Simon Declaration, Exhibit B.

26  [7] See Exhibit 2, Simon Declaration, Exhibit C.

27  [8] See Exhibit 2, Simon Declaration, Exhibit D.

28  [9] See Exhibit 2, Simon Declaration, Exhibit E.

[10] See Exhibit 1, Certified copy of arbitration award.

3

1    "rejected the arbitration" by filing a lawsuit.[11] Lee responded by fax dated July 30,

2    2007 asking Chandler to provide the court and case number to her attorney, Robert

3    Simon.[12] On July 30, 2007, Chandler sent a letter to Lee asking if she would accept

4    service of the lawsuit by mail, but added that he was considering dismissing his

5    lawsuit.[13] Chandler sent another letter to Lee on August 11, 2007 stating that he

6    dismissed his lawsuit and enclosed a copy of the request for dismissal endorsed by

7    the clerk of the court dated August 7, 2007.[14]

8        Chandler did not pay the award to Lee after he dismissed his lawsuit.

9    Accordingly, on or about September 5, 2007, Lee submitted a Client's Request for

10   Enforcement of an Arbitration Award form ("Client's Enforcement Request") to the

11   State Bar Office of Mandatory Fee Arbitration ("State Bar") pursuant to Business

12   and Professions Code section 6203, subdivision (d).[15]

13       On September 5, 2007, the State Bar served Client's Enforcement Request on

14   Chandler by regular and certified mail at his State Bar membership address of

15   record[16] on that date pursuant to rule 51.2 of the Fee Arbitration Rules. The State

16   Bar also advised Chandler by letter of the potential consequences of not complying

17   with the arbitration award or responding to the Client's Enforcement Request by

18   October 5, 2007. The Postal Service return receipt is signed and dated September 6,

19   2007.[17]

20       On September 10, 2007, Chandler sent a fax to the State Bar stating that the

21

22   _____

23   [11] See Exhibit 3, Lee Declaration, Exhibit A.

24   [12] See Exhibit 3, Lee Declaration, Exhibit B.

25   [13] See Exhibit 3, Lee Declaration, Exhibit C.

26   [14] See Exhibit 3, Lee Declaration, Exhibit D.

27   [15] See Exhibit 2, Lee Declaration, Exhibit E.

28   [16] See Exhibit 4, Certified copy of Member Address History.

[17] See Exhibit 5, Sperber Declaration, Exhibit A attached thereto.

4

award "was rejected upon the timely filing of lawsuit #07-2833 in the Marin County, California Superior Court." He conceded that the lawsuit was dismissed on August 7, 2007, but warned that it could be "re-instated."[18] The State Bar sent a letter to Chandler on September 11, 2007, explaining to him that by dismissing his lawsuit, he repudiated his election for trial de novo, and restored the arbitration award.[19] On or about September 14, 2007, Chandler telephoned the State Bar asking if the State Bar received his September 10, 2007 letter because he had not yet received the State Bar's response to same. The State Bar faxed its September 11, 2007 letter to Chandler at his request.[20]

The State Bar received no further communication from Chandler. The State Bar sent a follow-up letter to Chandler on October 10, 2007 advising him that the matter was being forwarded to the State Bar's Presiding Arbitrator for issuance of an order imposing administrative penalties against him for failure to provide a responsive reply or proof that he paid the award.[21] On October 12, 2007, Chandler sent a letter to the State Bar expressly declining to honor the arbitration award and asserting that his filing a lawsuit in Marin County Superior Court against Lee constituted "a final and irrevocable rejection" of the arbitration award irrespective of his dismissal of the action.[22]

The State Bar replied by letter to Chandler on October 16, 2007 explaining to him, as confirmed by case law, that the award was now final since he elected to

---

[18] See Exhibit 5, Sperber Declaration, Exhibit B.

[19] See Exhibit 5, Sperber Declaration, Exhibit C. At the time of its reply, the State Bar had not yet obtained a copy of the civil complaint and assumed that Chandler had filed an action to reject the non-binding award based upon Chandler's representation.

[20] See Exhibit 5, Sperber Declaration, Exhibit C.

[21] See Exhibit 5, Sperber Declaration, Exhibit D.

[22] See Exhibit 5, Sperber Declaration, Exhibit E.

5

1   dismiss the action. As such, the State Bar has jurisdiction to enforce the award.[23] At

2   this point, the State Bar did not have a copy of Chandler's complaint and was

3   unaware that, arguably, his complaint is not a proper action to reject the award after

4   all. Receiving no response, the State Bar sent a letter to Chandler on October 25,

5   2007 confirming that he still had not provided proof of payment of the award and

6   requesting a response from Chandler no later than November 5, 2007.[24]

7          On October 26, 2007, Chandler sent a letter to the State Bar, asserting that

8   the supporting authorities provided by the State Bar do not apply. Chandler offered

9   no legal justification to support his position. He asserted instead that the State Bar

10  maintained that Lee was owed money under a conspiracy theory.[25] Chandler sent an

11  additional letter on October 31, 2007, in response to the State Bar's October 25,

12  2007 letter. He reiterated his intent not to comply with the arbitration award.[26]

13         The State Bar has received no further communication from Chandler. To

14  date, Chandler has failed to pay any portion of the arbitration award and has

15  affirmatively refused to do so.

16                                  **Argument**

17         Business and Professions Code section 6203, subdivision (d) requires the

18  involuntary inactive enrollment of a member of the State Bar who fails to comply

19  with an arbitration award requiring the refund of fees or costs, or both, to a client.

20  As relevant here, Business and Professions Code section 6203, subdivision (d)

21  provides as follows:

22             (1) In any matter arbitrated under this article in which
               the award is binding or has become binding by
23             operation of law or has become a judgment either after
               confirmation under subdivision (c) or after a trial after
24

25  _____

26  [23] See Exhibit 5, Sperber Declaration, Exhibit F.

27  [24] See Exhibit 5, Sperber Declaration, Exhibit G.

28  [25] See Exhibit 5, Sperber Declaration, Exhibit H.

    [26] See Exhibit 5, Sperber Declaration, Exhibit I.

                                    6

1
2
3
4
5

arbitration under Section 6204...if: (A) the award, judgment, or agreement reached after mediation includes a refund of fees or costs or both, to the client and (B) the attorney has not complied with that award, judgment, or agreement the State Bar shall enforce the award, judgment, or agreement by placing the attorney on involuntary inactive status until the refund has been paid.

6
7
8

(2) The State Bar shall provide for an administrative procedure to determine whether an award, judgment, or agreement should be enforced pursuant to this subdivision. An award, judgment, or agreement shall be so enforced if:

9
10

(A) The State Bar shows that the attorney has failed to comply with a binding fee arbitration award, judgment or agreement rendered pursuant to this article.

11
12
13
14

(B) The attorney has not proposed a payment plan acceptable to the client or the State Bar. However, the award, judgment, or agreement shall not be so enforced if the attorney has demonstrated that he or she (i) is not personally responsible for making or ensuring payment of the refund, or (ii) is unable to pay the refund.

15     The Motion for Involuntary Inactive Enrollment in this proceeding meets all

16  of the requirements of Business and Professions Code section 6203, subdivision (d).

17     First, Chandler is a member of the State Bar, having been admitted to

18  practice law in California on June 8, 1992.[27]

19     Second, the award is now binding and final. Although Chandler filed an

20  action in court, it is arguable that his complaint is an action seeking trial de novo to

21  reject or vacate the arbitration award. His complaint is based on an "open book

22  account," makes no reference to the prior fee arbitration, fails to use Judicial

23  Council form ADR-104 applicable to post-fee arbitration litigation, and seeks

24  monetary damages not raised in the fee arbitration. This is after Chandler "refused

25  to answer any questions; to clarify his position or otherwise address any document

26  that was submitted in evidence; or further to contest, comment or argue any matter

27
28

---

[27] A certified copy of Award Debtor's State Bar membership record is attached as Exhibit 6.

7

1  in dispute" during the arbitration hearing.[28] If the complaint is not a proper petition

2  for trial de novo to reject or vacate a non-binding MFA award, then the award

3  clearly became binding by operation of law 30 days after it was served, i.e. on or

4  about June 20, 2007.[29]

5       Assuming arguendo that Chandler filed for trial de novo to reject the non-

6  binding award, or would have filed an amended complaint to do so, he dismissed the

7  action on August 7, 2007.[30] Chandler did not pursue the action to obtain a judgment

8  either vacating the arbitration award or for affirmative monetary damages in his

9  favor.[31] By electing to dismiss the action, Chandler repudiated his request for trial

10  de novo, thereby restoring the award. (See *Corell v. Law Firm of Fox and Fox*

11  (2005) 129 Cal.App.4th 531 [28 Cal.Rptr.3d 310].)

12       Although the *Corell* case involves a more complicated procedural history

13  following non-binding MFA than here, both *Corell* and this case illustrate the

14  court's reaction to a party's effort to avoid the outcome of a non-binding MFA

15  award by filing an action for a trial de novo and then voluntarily dismissing the

16  action. In *Corell*, client Corell and attorney Fox had an arbitration clause agreeing to

17  pursue binding arbitration through the American Arbitration Association (AAA)

18  should a non-binding MFA award be rejected by either party. After the MFA award

19  resulted in a substantially smaller victory for Fox than he expected, Fox filed suit for

20  a trial de novo under Business and Professions Code section 6204 subdivision (c).

21  Corell petitioned the court to compel binding arbitration pursuant to the contractual

22  arbitration clause. The court granted the petition and continued the matter for

23

24

25      [28] See Exhibit 1, page 2, lines 1-3.

26      [29] (Bus. & Prof. Code, § 6203, subd. (b).)

27      [30] See Exhibit 7.

28      [31] (Bus. & Prof. Code, § 6203, subd. (b).) A certified copy of the case file in *Chandler v. Lee*, Case No. CIV072833 is attached as Exhibit 7. Although the State Bar believes that Marin County Superior Court is not the proper venue, that issue is moot in view of the dismissal order.

8

1   monitoring. Thereafter, Fox refused to initiate binding AAA arbitration. Instead,

2   Fox voluntarily dismissed his lawsuit before a court date to monitor the parties'

3   compliance with AAA arbitration took place.

4        The court of appeal upheld Corell's interpretation that by dismissing his suit

5   for a trial de novo, Fox terminated trial de novo proceedings warranting finality of

6   the MFA award. The court applied the same rationale used in *Herbert Hawkins*

7   *Realtor, Inc. v. Milheiser* (1983) 140 Cal.App.3d 334. The *Hawkins* court soundly

8   rejected a party's voluntary dismissal of a lawsuit filed to reject an unfavorable

9   judicial arbitration award merely to avoid the award. Instead, the court treated the

10  voluntary dismissal as a repudiation of the election for a trial de novo, with the

11  result that the award would become final. (*id.* at pp. 340-341.) To hold otherwise,

12  the court found, would "promot[e] mischievous lawyering." (*id.* at p. 339.)

13       In *Corell,* the court found that, like judicial arbitration, the MFA system

14  "subserves a legislative and public purpose to apply the relatively informal and

15  inexpensive arbitral process to a class of disputes whose nature merits such facility."

16  (*Corell v. Law Firm of Fox and Fox, supra*, 129 Cal.App.4th at p.537). The court

17  observed that while both arbitration systems allow for a trial de novo after an award,

18  both also provide for finality of the award if no such further action is taken. "In both

19  cases, therefore, abandonment of de novo proceedings by the party that has invoked

20  them to supersede the award may well be treated as a retraction of that rejection of

21  the award, rather than as effecting a "mischievous" [citation omitted] escape from

22  it." (*id.* at p. 538.)

23       Like Fox, Chandler filed a lawsuit, arguably, for a trial de novo to avoid an

24  unfavorable non-binding MFA award. He likewise voluntarily dismissed the lawsuit

25  yet wishes to avoid the MFA award. Chandler unabashedly submits that filing the

26  lawsuit constitutes, in his words, "a final and irrevocable rejection" of the MFA

27  award irrespective of his subsequent dismissal of his lawsuit. However, to adopt

28  Chandler's mis-perception of the law would indeed encourage the very mischief that

9

1  *Hawkins* and its progeny have sought to curb. Chandler's voluntary dismissal of his

2  lawsuit should be treated as a repudiation of his election to proceed with trial de

3  novo with the consequence of restoring the MFA award. As such, the MFA award is

4  now binding and final, a prerequisite for State Bar enforcement under Business and

5  Professions Code section 6203 subdivision (d).

6      Third, the Client's Enforcement Request was timely, since it was received by

7  the State Bar on September 5, 2007, within four years but not prior to 100 days from

8  May 21, 2007, the date of service of a signed copy of the award or final judgment.[32]

9      Finally, Chandler has not demonstrated either that he paid, is not personally

10  responsible for payment, or is financially unable to pay the award.[33] As set forth in

11  the Declarations of Hyoung Ok Lee and Robert Simon, Chandler has failed to pay

12  any portion of the award in this matter.

### Conclusion

14      Based upon the foregoing, the State Bar's Mandatory Fee Arbitration

15  Program respectfully moves this Court for an order enrolling Gregory Chandler,

16  Member No. 158260, as an inactive member of the State Bar of California until he

17  has complied with the arbitration award in favor of Hyoung Ok Lee, in the amount

18  of $8,643.75 plus interest at the rate of 10 percent per annum from May 21, 2007,

19  the date of service of the award.

20  Dated: November 14, 2007

22      Respectfully submitted,
        The Mandatory Fee Arbitration Program
23      of The State Bar of California

25      By
        Jill Sperber
26      Director, Mandatory Fee Arbitration Program
        Special Deputy Trial Counsel

---

[32] (Bus. & Prof. Code, § 6203, subd. (d)(5).)

[33] See Exhibit 5 Sperber Declaration.

10

## Proof of Service by Mail

1. I am over the age of 18 and not a party to this action. I am employed in the City and County of San Francisco.

2. My business address is: State Bar of California, 180 Howard Street, 6th Floor, San Francisco, California 94105-1639.

3. I served a copy of the following documents:

**Motion for Involuntary Inactive Enrollment;**

**Memorandum of Points and Authorities Supporting the State Bar's Motion for Involuntary Inactive Enrollment;**

by enclosing them in an envelope AND

a. [X] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices.

b. [X] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices by certified mail, **7006 2760 0004 2805 0887**, with a return receipt requested.

I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelopes were addressed and mailed as follows:

    a. Name of person served: Gregory Chandler
    b. Address:              Law Ofc Gregory Chandler
                        101 California St #2450
                        San Francisco, CA 94111
    c. Date mailed: November 16 2007
    d. Place of mailing: San Francisco, California

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 16, 2007

Alan Bloom

_____
         (Signature of person completing this form)

# State Bar Defendants' Request for Judicial Notice,

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 1*

*November 1, 2007 Declaration of Connie Moore Dunning*

The Bar Association of San Francisco
465 California St. Ste. 1100
San Francisco, CA  94104
(415) 982-1600

STATE BAR OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO

Hyoung Ok Lee              )
                          )
                          )
             v            )    BASF No. 6.115
                          )    DECLARATION OF CONNIE MOORE DUNNING
                          )
                          )
Gregory Chandler          )
                          )
_____

I, Connie Moore Dunning, declare:

1.    I am the director for the Bar Association of San Francisco's
      Attorney Fee Disputes Program.

2.    On May 21, 2007 my office issued the Arbitration Award in the
      above matter.

3.    Enclosed is a true and correct copy of the original 6 page
      Arbitration Award.

      Dated: November 1, 2007

             Respectfully submitted,

             Connie Moore Dunning

# State Bar Defendants' Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 1*

*Declaration of Connie Moore Dunning*

Attachment

May 1, 2007 San Francisco Bar Association BASF No. 06.115

NON BINDING ARBITRATION AWARD

BEFORE THE ATTORNEY FEE DISPUTES COMMITTEE

BAR ASSOCIATION OF SAN FRANCISCO

In the Matter of a Fee Dispute Between

Hyoung Ok Lee,
              Petitioner and Client,
    And

                               <u>BASF No. 06.115</u>

Gregory Chandler,

                               NON-BINDING ARBITRATION
              Respondent and Attorney.                  AWARD
_____/

## INTRODUCTION

This fee dispute arbitration between Hyoung Ok Lee, the petitioner-client, and Gregory Chandler, the respondent-attorney, came on for hearing on April 25, 2007, before Deborah L. Tuttelman, sole-arbitrator appointed by the Committee on Mandatory Arbitration of the Bar Association of San Francisco ("BASF"). Present were Gregory Chandler, Hyoung Ok Lee and Attorney Robert I. Simon, who appeared on Ms. Lee's behalf. While Ms. Lee wanted the award to be binding, Mr. Chandler requested that it be non-binding. Therefore, this award is non-binding.

## RESPONSIBLE ATTORNEY

The responsible attorney in this matter is Gregory Chandler. (Bus. & Prof. Code δ6203(d).)

## FEES INCURRED AND AMOUNT IN DISPUTE

Pursuant to the parties' written fee agreement signed November 23, 2004, the client paid the attorney $8,500.00 in eleven installments between December 2004 and May 2005. In her written materials, petitioner requested a refund of $8,500.00, although at the hearing she agreed that the attorney should be paid for the work he actually completed, noting, however, that he had refused to account for any service performed. In his written materials, respondent claimed that under their written fee agreement he was entitled to the $8,500.00, and that no refund was warranted "in law or equity." (12/6/06 Letter from Chandler to Lee.) At the

1

hearing, the attorney refused to answer any questions; to clarify his position or otherwise address any document that was submitted in evidence; or further to contest, comment or argue any matter in dispute.

## BACKGROUND

Ms. Lee, whose husband had already served her with divorce papers, retained Mr. Chandler to represent her in that dissolution proceeding. Further, she requested that he represent her in related immigration matters, which consisted of preparing a petition to remove conditions on Ms. Lee's conditional permanent resident status and appearing at an interview on the petition if one was necessary.

The parties' written fee agreement specified that respondent would receive $4,500.00 as a "flat fee" for the immigration matter, and $4,000.00, with the type of fee "to be determined" for the family law matter. In fact, on December 15, 2004, respondent filed on behalf of petitioner in the state court proceeding a "Response and Request for Dissolution of Marriage" that was based on "irreconcilable differences" (California form FL-120), and on March 16, 2006, in the federal immigration proceeding a "Petition to Remove the Conditions on Residence" (Federal Immigration form I-751). According to the submitted U.S. Citizenship and Immigration Services ("CIS") "Notice of Decision," dated September 20, 2006, the petition to remove conditions was "based on the termination of a good faith marriage through divorce or annulment" pursuant to Section 216(c)(4)(B) of the Immigration and Nationality Act, which "clearly requires [as a prerequisite to filing the waiver petition on the good faith exception] that the marriage already be terminated when requesting a waiver. . .; mere commencement of divorce proceedings is not sufficient." Because petitioner's marriage was not terminated when respondent filed the immigration petition on her behalf, CIS denied it "as a matter of law" and directed petitioner to immediately surrender her Alien Registration Card, putting petitioner's presence out of status.

Petitioner claimed that respondent required an additional fee of $3,000.00 to continue working on the immigration matter. Instead, petitioner retained new counsel for both the immigration and family law matters, and requested that respondent refund $8,500.00 to her. At the time of this arbitration hearing, petitioner had spent an additional $6,500.00 for legal services on both matters, which were still in progress.

## THE PARTIES' CONTENTIONS AND ISSUES IN DISPUTE

Ms. Lee contended that Mr. Chandler did not earn $8,500.00 in this case because he did not complete either the immigration matter or the family law

matter. In fact, the only work Ms. Lee knew about that was of any value to her was the preparation and filing of a response pleading in the family law proceeding. She said that the I-751 petition respondent prepared and filed in the immigration matter was of no value to her because it was certain to fail as a matter of law, and affectively left her out of status. (12/5/06 letter from Simon to Chandler.)

Mr. Chandler claimed that "[his] office did a substantial amount of work for Hyoung Ok Lee since November 2004"; that "numerous avenues of relief were explored, worked on, and considered based on both her immigration status and marriage"; that "some matters were handled outside the scope of the work retained for"; and that "the work done greatly exceed[ed] the amount paid." (12/6/06 letter from Chandler to Simon.) In response to Ms. Lee's request for a full accounting regarding his services and charges for those services, Mr. Chandler wrote that "Mrs. Lee had a flat fee and by written agreement there are no accountings in a flat fee case." He further wrote, [my] hourly rate at the beginning of this period was $275.00," and that "I have not estimated my hours in a non-hourly case." (12/6/06 letter from Chandler to Simon.)

## DISCUSSION

First, the arbitrator finds that there was a valid written fee agreement; that all the services were performed pursuant to that agreement; and that the client paid the attorney $8,500.00 for those services. On the issue of whether respondent earned this fee under the fee agreement, this arbitrator finds that the evidence the parties produced supports a finding that he did not because most of the services he performed were ineffectual, and that petitioner is entitled to a refund of most of her money.

The written fee agreement provided that the paid fees pertained to two specific matters; $4,500.00, a flat fee for an immigration matter, and $4,000.00 for a family law matter, with the basis for determining the fee (i.e., a flat fee, contingency fee, hourly fee, mixed fee as explained by respondent's written "'Explanation' of the Typical Fees Used by This Office") to be determined, which it never was. Regarding the flat fee, the fee agreement provided,

"A flat fee means that the client pays a set fee. . . . In a flat fee, it does not matter if the task takes six days, six weeks, two years, etc. It does not matter if the attorney has to go to court zero times or five times. Often the flat fee will be for a set time period. An example of a set time period is representation in a matter for a two year period. . . . After the set time period is over, a new retainer is needed. In a flat fee, no time records are kept because the attorneys' fees are not based on the attorneys' time or tasks. The flat fee is non-refundable."

3

Applying a reasonable interpretation, this passage appears to mean that in a flat fee situation, respondent agrees to competently move the client's legal matter to a specified stage, or for a certain period of time, for an agreed upon amount of money. When the specified stage or period of time has passed, the fee is earned without the necessity of further billings delineating time as to tasks, a benefit to the attorney, and the flat fee becomes non-refundable. Because there is an inherent covenant of good faith and fair dealing found in all contracts, presumably this passage also implies that, when the specified stage or period of time has not passed, then the flat fee has not been earned, a reciprocal benefit to the client. (Cf. *Hsu v. Abbara (1995) 9Cal.4th 863, 870-871,* one-sided attorney fee provisions are oppressive and should be prevented.)

Unfortunately, however, when the flat fee has not been earned, and the attorney-client relationship at that point terminates, as occurred here, the fee agreement failed to specify how fees would be determined for any sub-work completed that was short of the agreed upon goal. The "flat fee is non-refundable" language of the fee agreement cannot be applied so that the client essentially forfeits the $4,500.00 regardless of how much work was done or whether the work was necessary or effectual because, pursuant to the contract, the fee had not been earned and, under rule 4-200 of the State Bar Rules of Professional Conduct, no attorney may charge or collect an unconscionable fee.[1] Being paid a fee that has not been earned clearly is unconscionable.[2] (See also BASF Arbitration Rules of Procedure, rule 10, A., 2., a.)

This was the problem here. While all parties agreed that respondent filed an I-751 petition in this case, he based that petition on statutorily ineligible grounds, making his effort not practical or worthwhile. Respondent, who represented petitioner in the state court divorce proceeding, knew that her divorce

---

[1] State Bar Rules of Professional Conduct, Rule 4-200. Fees for Legal Services, provides in pertinent part:

"(A) A member shall not enter into an agreement for, charge, or collect an illegal or unconscionable fee. (B) Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into except where the parties contemplate that the fee will be affected by later events. Among the factors to be considered, where appropriate, in determining the conscionability of a fee are the following: (1) The amount of the fee in proportion of the services performed. (2) The relative sophistication of the member and the to the value client. (3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly. (4) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the member. (5) The amount involved and the results obtained. (6) The time limitations imposed by the client or by the circumstances. (7) The nature and length of the professional relationship with the client. (8) The experience, reputation, and ability of the member or members performing the services. (9) Whether the fee is fixed or contingent. (10) The time and labor required. (11) The informed consent of the client to the fee.

[2] Interestingly, factor (9) mentions fees that are "fixed" or "contingent," but does not mention a "non-refundable flat fee."

4

was not final, but did not seem to understand that the I-751 petition could not be filed until such time that it was. (See also 8/16/2006 letter, Chandler response to CIS Request for Evidence.) Puzzlingly, respondent wrote to the BASF ADR coordinator that, indeed, there actually was no fee dispute at all because "at no time did Chandler did not [sic] file documents with the U.S.C.I.S. stating that Lee's marriage had terminated," and "at all relevant times, Chandler and Lee acted to preserve the marriage for Lee's benefit." (1/31/07 letter from Chandler to Dunn.) These statements however do not correspond with the filed state court pleading requesting a dissolution based on irreconcilable differences that respondent prepared, or with the 9/06 INS Notice of Decision regarding the filed I-751 petition. Respondent seemingly abandoned petitioner in the untenable situation of having filed an I-751 petition that essentially left her presence in the country out of status. According to petitioner, respondent then refused to correct the situation without further payment. Because respondent also refused to discuss any aspect of this case at the instant hearing, it is unclear what actually occurred. But, based on the evidence presented, respondent did not prepare and file a viable I-751 petition as he promised. Therefore, when petitioner discontinued her relationship with respondent and requested that the flat fee be returned, respondent should have refunded the $4,500.00 precisely because it was unearned per their written fee agreement.

Turning to the $4,000.00 fee for the family law matter, the fee agreement did not specify how the fee was to be calculated but stated that it was "to start, another retainer may be needed after 1st hearing." There was no evidence produced that a 1st or any hearing had been held. Thus, if this portion of the fee agreement was also a "flat fee," as respondent indicated (see 12/8/06 letter from Chandler to Simon), it similarly should have been returned to petitioner as having been unearned.

On the other hand, if the family law portion of the fee actually was an "hourly fee," as petitioner intimated when she agreed that the attorney should be paid for the work he did, then respondent would be entitled to payment for the filed state court pleading because it was necessary and effectual. Although respondent refused to provide any estimation of the time he spent on this matter, petitioner provided a letter, dated April 11, 2007, and signed by Nancy Marmol, her substitute family law attorney who is a Certified Specialist in Family Law. Ms. Marmol estimated that it generally takes her 15 minutes to prepare the kind of pleading that was filed on petitioner's behalf. Applying respondent's stated hourly fee of $275.00 per hour to Ms. Marmol's estimation of time, respondent would be entitled to $68.75.

Lastly, respondent's written claim; he did a substantial amount of work on both petitioner's immigration and dissolution matters, as well as work outside the

5

scope of the written fee agreement (12/6/06 letter from Chandler to Simon), simply was not evident in this arbitration proceeding. Even though respondent was not required to have kept detailed records of the actual time he spent on petitioner's legal problems in order to collect his fee, he nevertheless was required to articulate what services he actually performed; to show that the services were necessary and effectual; and to provide a basis for what would be a reasonable fee for such services at this arbitration proceeding. (*Martino v. Deneui (1986) 182 Cal.App.3rd 553, 558-559.*) Respondent's claim that the non-refundable flat fee nature of the written fee agreement was a sufficient basis to sustain the $8,500.00 fee was legally wrong.

## AMOUNT OF FILING FEE PAID, AND BY WHOM

Regarding the issue of the arbitration filing fees, petitioner and respondent each paid a $212.50 filing fee for this arbitration proceeding. This arbitrator finds that, based on the facts that emerged at the hearing, respondent should bear the entire filing fee of $425.00.

## AWARD

The Arbitrator finds that the total amount of fee and/or costs which should have been charged in this matter is $68.75;

Of which the client has paid $8,500.00;

In addition, the fee arbitration filing fee of $425.00, which was paid to BASF by the client and attorney equally, shall be allocated:

Client:  $0
Attorney:  $425.00

For a net amount of $8,643.75.

Accordingly, the following Award is made:
Gregory Chandler shall pay to Hyoung Ok Lee $8,643.75.

DATED: May 1, 2007

_____

DEBORAH TUTTELMAN, Sole Arbitrator

6

**PROOF OF SERVICE BY MAIL**

_____Action No. **06.115**

I, Katie Dunn, declare as follows:

I am a citizen of the United States and am employed in the City and County of San Francisco. My business address is 301 Battery Street, 3rd Floor, San Francisco, California, 94111. I am over the age of eighteen and not a party to the above named action. On May 21, 2007, I served a true and correct copy of the attached Advisory Arbitration Award and a copy of the Notice of Your Rights After Arbitration on the parties addressed as follows:

Robert I. Simon
Attonrey At Law
550 Montgomery Street, #550
San Francisco, CA. 94111

Gregory Chandler
Law Offices of Gregory Chandler
1038 Redwood Highway, #100D
Mill Valley, CA. 94941

Deborah L. Tuttelman, Esq.
Law Offices of Deborah L. Tuttelman, Esq.
6331 Fairmount Avenue
El Cerrito, CA. 94530

Which envelope(s), with correct postage fully prepaid, (was) (were) sealed and deposited in a mail box regularly maintained by the United States Government in the City and County of San Francisco, State of California.

Executed on Monday, May 21, 2007, at San Francisco, California.

Katie Dunn

**State Bar Defendants' Request for Judicial Notice**

**Exhibit B**

*(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

1  Arne Werchick; SBN. 36586
   Presiding Arbitrator
2  Jill A. Sperber; SBN. 112109
   Director/Special Deputy Trial Counsel
3  180 Howard Street, 6ᵗʰ Floor
   San Francisco, CA 94105
4  Telephone: (415) 538-2023

5  Mandatory Fee Arbitration Program of
   The State Bar of California

6

7

8                    The State Bar Court

9              Hearing Department - San Francisco

10

11

12 In the Matter of:                    ) Case No. 07-AE-_____
                                        )
13 Gregory Chandler,                    ) **Declaration of Robert Simon**
                                        ) **Supporting the State Bar's Motion For**
14 Member No. 158260,                   ) **Involuntary Inactive Enrollment**
                                        )
15 A Member of the State Bar.           )
                                        )
16 _____  )

17

18 I, Robert Simon, declare as follows:

19        1.      I am over eighteen years of age and not a party to the above entitled

20 action. All statements made herein are true and if necessary, I could and would

21 competently testify thereto.

22        2.      I am an attorney licensed in the State of California. I represent

23 Hyoung Ok Lee in her fee dispute with Gregory Chandler and appeared as counsel

24 in the fee arbitration before the Bar Association of San Francisco.

25        3.      On May 21, 2007, the Bar Association of San Francisco served its

26 Findings and Award, which awarded a refund of $8,643.75 in attorney's fees and

27 costs to Hyoung Ok Lee. The award was non-binding.

28        4.      After waiting 30 days and checking the San Francisco Superior Court

                                    1

website to determine that Mr. Chandler had not filed for a trial de novo in the court having jurisdiction over the award, I sent a letter to him dated June 27, 2007 asking him what his intentions were regarding the arbitration award. (Attached as Exhibit A is a true copy of my June 27, 2007 letter.)

5.    On July 5, 2007, I received an e-mail from Mr. Chandler stating that the award was rejected by the filing of a lawsuit. (Attached as Exhibit B is a true copy of the July 5, 2007 e-mail from Mr. Chandler.)

6.    I responded to Mr. Chandler's e-mail on July 5, 2007 asking him to provide the court and case number. I received no response from him. (Attached as Exhibit C is a true copy of my July 5, 2007 e-mail to Mr. Chandler.)

7.    On July 9, 2007, I sent a letter to Mr. Chandler confirming that I had not received his response and again asking for the court and case number of the action he filed. (Attached as Exhibit D is a true copy of my July 9, 2007 letter to Mr. Chandler.)

8.    On July 16, 2007, I received another e-mail from Mr. Chandler, this time refusing to provide the case information of the lawsuit he filed to reject the award on the ground that I was not Lee's attorney of record. (Attached as Exhibit E is a true copy of the July 16, 2007 e-mail from Mr. Chandler.)

9.    On or about August 11, 2007, Hyoung Ok Lee informed me that Chandler had sent her a copy of the dismissal of his lawsuit. This is the first time I was aware that Mr. Chandler had filed an action against Lee in Marin County Superior Court, notwithstanding that the San Francisco Superior Court is the proper venue.

10.    On or about September 5, 2007 I prepared and submitted on Ms. Lee's behalf a Request for Enforcement of Arbitration Award form to the State Bar.

11.    To date, I have not received any response from Mr. Chandler to the Request for Enforcement or payment of any portion of the award from him to forward to my client.

2

1    I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct,  Executed this _13th_ day of November 2007 at

3  San Francisco, California.

4

5

6

7    Robert Simon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit A

June 27, 2007 Robert Simon Letter to Gregory Chandler

ROBERT I. SIMON
ATTORNEY AT LAW
Case 3:08-cv-00437-CRB    Document 6-3    Filed 02/19/2008    Page 6 of 32
San Francisco, CA 94111
Telephone: (415) 434-3608
Fax: (415) 781-6683
E-mail: RSimon2164@AOL.com

June 27, 2007

Gregory Chandler
Attorney at Law
1038 Redwood Highway  #100D
Mill Valley, CA 94941-1620

Gregory Chandler
Attorney at Law
101 California St., #2450
San Francisco, CA 94111

      Re:    In the Matter of a Fee Dispute Between
               Hyoung Ok Lee and Gregory Chandler
               BASF No. 06.115

Dear Mr. Chandler:

      On May 21, 2007, the non-binding arbitration award in the above-referenced matter was mailed to all parties. The award stated that you pay Hyoung Ok Lee the sum of **$8,643.75**. Thirty (30) days have passed since the mailing of said arbitration award. I have checked the San Francisco Court's web site, and I do not see any action filed by you to reject the arbitration award. Therefore, the arbitration award is now *binding*.

      Please advise me as to your intentions with regards to paying Hyoung Ok Lee the $8,643.75.

                              Sincerely,

                              Robert I. Simon

RIS/tm
cc: Hyoung Ok Lee

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit B

July 5, 2007 Gregory Chandler Email to Robert Simon

Subj:     **Hyoung Ok Lee**
Date:     7/5/2007 11:53:58 A.M. Pacific Daylight Time
From:     attatlawgc@hotmail.com
To:       RSimon2164@aol.com

July 5, 2007

Mr. Robert I. Simon:

    I received your letter dated June 27, 2007 today.  The non-binding arbitration award that you address in your letter was rejected by the filing of a lawsuit.


    Gregory Chandler

---------------------------------------------------------
This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission. ---------------------------------------------------------

http://newlivehotmail.com

# State Bar Defendants' Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit C

July 5, 2007 Robert Simon Email to Gregory Chandler

Subj:    **Re: Hyoung Ok Lee**
Date:    7/5/2007 11:56:23 A.M. Pacific Daylight Time
From:    RSimon2164
To:      attatlawgc@hotmail.com

Thank you for the e-mail. What is the court and case number?

Bob Simon

---

See what's free at AOL.com.

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit D

July 9, 2007 Robert Simon Letter to Gregory Chandler

Montgomery St, Suite 550
San Francisco, CA 94111
Telephone: (415) 434-3608
Fax: (415) 781-6683
E-mail: RSimon2164@AOL.com

July 9, 2007

Gregory Chandler
Attorney at Law
1038 Redwood Highway #100D
Mill Valley, CA 94941-1620

Gregory Chandler
Attorney at Law
101 California St., #2450
San Francisco, CA 94111

Re:    In the Matter of a Fee Dispute Between
       Hyoung Ok Lee and Gregory Chandler
       BASF No. 06.115

Dear Mr. Chandler:

You advised me by e-mail on 7/5/07 that you filed an action to reject the arbitration award in this matter. I e-mailed you back on 7/5/07 requesting from you the court and case number of the action you filed.

To date, I have received no response from you and I see nothing on the San Francisco court's website.

Please provide me with the filing information (Court, Case Number, filing date) for the action you filed to reject the arbitration award.

Sincerely,

Robert I. Simon

RIS/tm
cc: Hyoung Ok Lee

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 2*

*Declaration of Robert Simon Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit E

July 16, 2007 Gregory Chandler Email to Robert Simon

Subj:    **Hyoung Ok Lee Litigation/Your Letter dated July 9, 2007**
Date:    7/16/2007 5:59:46 P.M. Pacific Daylight Time
From:    attatlawgc@hotmail.com
To:      RSimon2164@AOL.com

Mr. Robert I. Simon, Esq.

    Again, you are informed that the non-binding arbitration that you
represented Hyoung Ok Lee in has been rejected by the timely filing of a
lawsuit. I decline to discuss existing litigation with you in that you are
not the attorney of record for the defendant, Hyoung Ok Lee, in such
litigation.

    After Hyoung Ok Lee is served with the summons and complaint, I will be
willing to discuss dismissal of the lawsuit with you if a standard
authorization is presented to me. Such dismissal of the lawsuit will free
Hyoung Ok Lee from attorneys' fees, filing fees, and other expenses of
litigation.

    In addition, if you make an appearance in the litigation by filing an
answer as Hyoung Ok Lee's attorney of record, I will be willing to discuss
all aspects of the litigation with you as the attorney of record.

    I do not intend to send further communications to you about the
litigation at issue until you become attorney of record in the litigation.

Gregory Chandler  July 16, 2007

-------------------------------------------------------
This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged, confidential, or
protected by law. If you are not the intended recipient you are hereby
notified that any dissemination, copying or distribution of this email or
its contents is strictly prohibited.
If you have received this message in error, please notify us immediately by
replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore, we do
not accept responsibility for any errors or omissions that are present in
this email, or any attachment, that have arisen as a result of e-mail
transmission. -------------------------------------------------

---

Local listings, incredible imagery, and driving directions - all in one
place! http://maps.live.com/?wip=69&FORM=MGAC01

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for
Involuntary Inactive Enrollment*

Arne Werchick; SBN. 36586
Presiding Arbitrator
Jill A. Sperber; SBN. 112109
Director/Special Deputy Trial Counsel
180 Howard Street, 6th Floor
San Francisco, CA 94105
Telephone: (415) 538-2023

The State Bar Court

Hearing Department - San Francisco

| | |
|---|---|
| In the Matter of: | ) Case No.: No. 07-AE- |
| | ) |
| Gregory Chandler, | ) Declaration of Hyoung Ok Lee Supporting the |
| | ) State Bar's Motion For Involuntary Inactive |
| Member No. 158260, | ) Enrollment |
| | ) |
| A Member of the State Bar. | ) |
| | ) |

I, Hyoung Ok Lee, declare as follows:

    1.    I am over eighteen years of age and not a party to the above-entitled action. All statements made herein are true and if necessary, I could and would competently testify thereto.

    2.    In December 2006, I filed for fee arbitration with the Bar Association of San Francisco to resolve a fee dispute with my former attorney, Gregory Chandler.

    3.    On May 21, 2007, the Bar Association of San Francisco served its Findings and Award, which awarded a refund of $8,643.75 in attorney's fees and costs to me. The award was non-binding.

Declaration of Hyoung Ok Lee, 07-E-124

4.      On or about July 26, 2007, I received a letter from Mr. Chandler stating that he rejected the arbitration by filing a lawsuit against me. (Attached as Exhibit A is a true copy of the letter I received.)

5.      I had my attorney, Robert Simon, fax a letter from me to Mr. Chandler on July 30, 2007 asking him to provide the case number and court to Robert Simon. (Attached as Exhibit B is a true copy of my July 30, 2007 fax.)

6.      Mr. Chandler sent a letter to me dated July 30, 2007 asking if I would accept service of the lawsuit by mail, but then stating that he was considering dismissing the lawsuit. (Attached as Exhibit C is a true copy of the July 30, 2007 letter from Mr. Chandler.)

7.      Mr. Chandler sent another letter dated August 11, 2007 to me saying that he dismissed the lawsuit and enclosing a copy of the dismissal. (Attached as Exhibit D is a true copy of the August 11, 2007 letter from Mr. Chandler.)

8.      Having received no payment from Mr. Chandler, I submitted, through my attorney, Robert Simon, a Request for Enforcement of Arbitration Award form to the State Bar on September 5, 2007. (Attached as Exhibit E is a true copy of my Request for Enforcement form.)

9.      To date, I have not received any response from Mr. Chandler to my Request for Enforcement or payment of any portion of the award from him.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, Executed this 13th day of November 2007 at San Francisco, California.


Hyoung Ok Lee
_____
Hyoung Ok Lee


Declaration of Hyoung Ok Lee, 07-E-124

2

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit A

July 26, 2007 Gregory Chandler Letter to Hyoung Ok Lee

# GREGORY CHANDLER

Attorney at Law
101 California Street, Suite 2450
San Francisco, CA  94111-6102

Telephone:     (415) 946-8970
Facsimile:      (415) 331-8958

July 26, 2007

Ms. Hyoung Ok Lee
739-48[th] Avenue
San Francisco, CA  94121

**RE:     Rejection of Arbitration**

Dear Ms. Lee:

Please note that I have rejected the arbitration that we participated in on April 25, 2007 by filing a lawsuit against you.

Sincerely,

Gregory Chandler

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit B

July 30, 2007 Hyoung Ok Lee Faxed Letter to Gregory Chandler

July 30, 2007

<u>Via Fax</u>
Gregory Chandler                          415-331-8958
Attorney at Law
101 California St., #2450
San Francisco, CA 94111

Re:     In the Matter of a Fee Dispute Between
        Hyoung Ok Lee and Gregory Chandler
        BASF No. 06.115

Dear Mr. Chandler:

I am in receipt of your letter dated July 26, 2007 advising me that you filed a lawsuit against me to reject the arbitration award in this matter. To date, I have not been served with any such lawsuit.

Please fax to my attorney Robert I. Simon at 415-781-6683 the filing information (Court, Case Number, filing date) for the lawsuit you filed to reject the arbitration award.

Sincerely,

Hyoung Ok Lee

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

**(November 16, 2007 Motion for Involuntary Inactive Enrollment)**

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit C

July 30, 2007 Gregory Chandler Letter to Hyoung Ok Lee

# GREGORY CHANDLER

Attorney at Law                                   Telephone:    (415) 946-8970
101 California Street, Suite 2450                  Facsimile:    (415) 331-8958
San Francisco, CA  94111-6102


                                         July 30, 2007


Ms. Hyoung Ok Lee
739-48th Avenue
San Francisco, CA  94121

**RE:    Your Letter dated July 30, 2007**

Dear Ms. Lee:

    I received your letter dated July 30, 2007.  You are correct that you have not been served as of today with the lawsuit against you.  Please inform me-- in writing--if you will accept service of the summons and complaint through the U. S. Postal Service.

    I am also considering dismissing the lawsuit against you.  One of your allegations is that you and I, working together, submitted documents to the United States government stating that you were then divorced.  In that you have not submitted such documents to the United States government with the assistance of my office, I am inclined to end the litigation.

                                         Sincerely,



                                         Gregory Chandler

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit D

August 11, 2007 Gregory Chandler Letter to Hyoung Ok Lee

# GREGORY CHANDLER

Attorney at Law
101 California Street, Suite 2450
San Francisco, CA  94111-6102

Telephone:    (415) 946-8970
Facsimile:     (415) 331-8958

August 11, 2007

Ms. Hyoung Ok Lee
739-48th Avenue
San Francisco, CA  94121

**RE:    Dismissal of Lawsuit**

Dear Ms. Lee:

On July 30, 2007 I sent you a letter asking you if you would accept service of the summons and complaint through the U. S. Postal Service.  I also informed you that I was considering dismissing the lawsuit.

After July 30, 2007, I did not receive any communication from you about service of the summons and complaint or any other matter.  I, therefore, filed a dismissal with the court on August 7, 2007.  A copy of the dismissal is enclosed.

Sincerely,

Gregory Chandler

enclosure: as stated

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Gregory Chandler     (State Bar # 158260)<br>Law Offices of Gregory Chandler<br>101 California Street, Suite 2450<br>San Francisco , CA 94111 | TELEPHONE NO.:<br>(415) 946-8970<br>FAX NO.:<br>(415) 331-8958 |

FOR COURT USE ONLY

FILED

AUG 0 7 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

ATTORNEY FOR (Name): Gregory Chandler, Plaintiff

Insert name of court and name of judicial district and branch court, if any:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
Limited Civil Branch

PLAINTIFF/PETITIONER:   Gregory Chandler

DEFENDANT/RESPONDENT: Hyoung Ok Lee

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle    ☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☒ Other (specify) : General Civil | 07-2833 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:

a. (1) ☐ With prejudice   (2) ☒ Without prejudice

b. (1) ☒ Complaint   (2) ☐ Petition

(3) ☐ Cross-complaint filed by (name):                          on (date):

(4) ☐ Cross-complaint filed by (name):                          on (date):

(5) ☒ Entire action of all parties and all causes of action

(6) ☐ Other (specify):*

Date: August 7, 2007

Gregory Chandler

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross - complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross - complainant

(To be completed by clerk)

3. ☒ Dismissal entered as requested on (date):   AUG 0 7 2007

4. ☐ Dismissal entered on (date):                         as to only (name):

5. ☐ Dismissal **not** entered as requested for the following reasons (specify):

6. ☐ a. Attorney or party without attorney notified on (date):

   b. Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to conformed ☐ means to return conformed copy

**J. DALE**

Date: AUG 0 7 2007   KIM TURNER, Clerk, by _____ , Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 3*

*Declaration of Hyoung Ok Lee Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit E

September 5, 2007 Request for Enforcement of Arbitration Award

# Client's Request for
# Enforcement of an Arbitration Award

The enforcement of fee arbitration awards is governed by the rules of procedure that were sent to you with this form. If you have questions after reading these rules, please contact this office for further assistance.

**NOTE: A copy of the arbitration award <u>must</u> be attached to your request. Your request cannot be processed without it.**

Mail this form to:

State Bar of California
Mandatory Fee Arbitration
180 Howard Street, 6th Floor
San Francisco, CA 94105-1639
Telephone: (415) 538-2020

RECEIVED

SEP 05 2007

MANDATORY
FEE ARBITRATION
PROGRAM

**PLEASE PRINT IN INK OR TYPE.**

1(a) CLIENT:

Hyoung Ok Lee
Client's Name
739-48th Ave.
Address
San Francisco, CA 94121
City, State Zip Code
415-876-4565
Daytime Telephone Number

1(b) ATTORNEY:

Gregory Chandler
Attorney's Name
101 California St., Suite 2450
Address
San Francisco, CA 94111-6102
City, State Zip Code
415-946-8970
Telephone Number

2. If an attorney will be representing you in this matter, please provide the attorney's name, address and telephone number below.

Robert I. Simon
Counsel's Name
550 Montgomery St., Suite 550
Address
San Francisco, CA 94111
City, State Zip Code
415-434-3608
Telephone Number

3. What is the name of the local bar program that arbitrated your fee dispute?
   (e.g. State Bar of California, Los Angeles County Bar Association, etc.)

Bar Association of San Francisc[o]

4. When did you first request arbitration with that program?

12 /21 06
Month Day Year

5. When was the arbitration award served on you? (Check declaration of service for date.)
   **ATTACH A COPY OF THE ARBITRATION AWARD AND THE DECLARATION OF SERVICE.**

5 /21 /07
Month Day Year

6. What is the amount of the award?

$8,643.75

7. What amount of the award, if any, has the attorney paid you?

No payments

8(a) Have you or the attorney filed a request for a new trial in the court?
   **ATTACH A COPY OF ANY REQUEST FOR A NEW TRIAL.**

☒ Yes  ☐ No

I believe the attorney did; but he filed a dismissal on 8/7/07, which is
(b) If a new trial has been requested, has the court issued a judgment?                          attache[d]

☐ Yes  ☒ No

The attorney filed a dismissal on 8/7/07.

ATTACH A COPY OF ANY JUDGMENT.

9(a) Have you or the attorney filed a petition to vacate or correct the award?   ❏ Yes  ☒ No
    **ATTACH A COPY OF ANY PETITION.**

(b) If a petition has been filed, has the court issued a judgment?  N/A   ❏ Yes  ❏ No
    **ATTACH A COPY OF ANY JUDGMENT.**

10. If you have a pending court proceeding regarding this fee dispute, what is the status?_____

_____

_____

11. Have you mailed the attorney a letter asking for payment of the award?   ☒ Yes  ❏ No
    **ATTACH A COPY OF ANY LETTER(S).** If no, refer to the instruction sheet included with this packet.

12(a) Has the attorney responded to your request for payment?   ☒ Yes  ❏ No
    **ATTACH A COPY OF ANY LETTER(S) FROM THE ATTORNEY.**
    (b) If attorney responded verbally, please summarize response below:

_____

_____

_____

I declare under penalty of perjury under the laws of the State of California that my statements on this request and any attachments are true and correct to the best of my knowledge.

Hyoung Ok Lee                              9/5/07
Client's Signature                          Date

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 4*

*November 15, 2007 State Bar Custodian of Records Kath Lambert's
Certified Copy of Gregory Chandler's State Bar Membership Records
Official Address History*

# THE STATE BAR
# OF CALIFORNIA

MEMBER SERVICES CENTER

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639                    TELEPHONE: 888-800-3400

November 15, 2007

TO WHOM IT MAY CONCERN:

I, Kath Lambert, Custodian of Membership Records of the State Bar of
California, hereby certify that attached is a full, true and correct copy of the
address history of GREGORY CHANDLER, #158260  on file in the
Membership Records Department of the State Bar of California, from June 8,
1992, to the date of this certificate.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records

MM595R2          MEMBER ADDRESS CHANGE HISTORY          Print Date: **11/15/07**

Member #: **158260**

Date of Admission: **6/08/1992** Status: **Active**          Effective: **6/08/1992**

Name: **Gregory Chandler**

Address: **Law Ofc Gregory Chandler**          Eff: **6/22/2007**

**101 California St #2450
San Francisco CA 94111**

Eff: **5/15/2006**

**1038 Redwood Highway #100D
Mill Valley CA 94941 1620**

Eff: **2/28/2001**

**1255 Post St #939
San Francisco CA 94109 6711**

Eff: **2/02/1998**

**1255 Post St #829
San Francisco CA 94109 6711**

Eff: **7/25/1996**

**13 Braun Crt
Sausalito CA 94965 1174**

Eff: **6/08/1992**

**10944 San Pablo Ave #522
El Cerrito CA 94530**

**State Bar Defendant's Request for Judicial Notice Exhibit B**

*(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary
Inactive Enrollment*

1  Arne Werchick; SBN. 36586
   Presiding Arbitrator
2  Jill A. Sperber; SBN. 112109
   Director/Special Deputy Trial Counsel
3  180 Howard Street, 6th Floor
   San Francisco, CA 94105
4  Telephone: (415) 538-2023

5  Mandatory Fee Arbitration Program of
   The State Bar of California

6

7

8                    The State Bar Court

9            Hearing Department - San Francisco

10

11

12  In the Matter of:                    ) Case No. 07-AE-_____
                                          )
13  Gregory Chandler,                     ) **Declaration of Jill Sperber Supporting**
                                          ) **the State Bar's Motion For**
14  Member No. 158260,                    ) **Involuntary Inactive Enrollment**
                                          )
15  A Member of the State Bar.            )
                                          )
16  _____  )

17

18  I, Jill Sperber, declare as follows:

19        1.    I am the Director of the State Bar of California's Office of Mandatory

20  Fee Arbitration (State Bar). As such, I am responsible for overseeing requests from

21  clients for the State Bar's assistance in the enforcement of fee arbitration awards

22  pursuant to the State Bar's authority to do so under Business and Professions Code

23  section 6203, subdivision (d), Rules of Procedure for Fee Arbitrations and the

24  Enforcement of Awards by the State Bar of California, rule 43 et seq., and the Rules

25  of Procedure of the State Bar, rule 700 et seq. I am also the custodian of records for

26  the State Bar's Mandatory Fee Arbitration files, which contain the documents

27  described below.

28        2.    I have reviewed the State Bar arbitration enforcement file in Lee v.

                                        1

1  Chandler, State Bar Case No. 07-E-124, and if called as a witness I could and would
2  competently testify that the file contains the facts set forth below.

3       3.     On September 5, 2007, the State Bar Mandatory Fee Arbitration
4  Program filed Client's Request for Enforcement of an Arbitration Award (Client's
5  Enforcement Request). (A true copy of the Client's Enforcement Request is
6  provided as Exhibit E attached to Declaration of Hyoung Ok Lee. (Exhibit 3).)

7       4.     Under cover letter dated September 5, 2007, the State Bar served
8  attorney Chandler with a copy of Client's Enforcement Request, advising him of his
9  right to respond as provided by rule 45.1 of the Rules of Procedure for Fee
10  Arbitrations and the Enforcement of Awards by the State Bar of California (Fee
11  Arbitration Rules). The letter set forth the actions that the State Bar would pursue
12  should he fail to respond to the Client's Enforcement Request by October 5, 2007.
13  These items were mailed to Chandler's State Bar membership address of record by
14  regular and certified mail. The Postal Service return receipt is signed, and dated
15  September 6, 2007. The Enforcement Request sent by regular mail was not returned
16  as undeliverable by the Postal Service. (Attached as Exhibit A is a true copy of the
17  State Bar's September 5, 2007 letter, proof of service, and return receipt.)

18       5.     Chandler responded by letter dated September 10, 2007, stating that
19  the arbitration award was rejected by the filing of a lawsuit in Marin County.
20  Chandler further stated that the lawsuit was dismissed but could be reinstated.
21  (Attached as Exhibit B is a true copy of Chandler's September 10, 2007 letter.)

22       6.     On September 11, 2007, the State Bar sent a letter to Chandler
23  explaining that not only had he not filed in the proper court, but that once the 30
24  days in which to file for trial de novo had passed, he could not "reinstate" his
25  lawsuit to vacate the award. The State Bar asked Chandler to provide a response by
26  the October 5, 2007 deadline, indicating how he intended to comply with the
27  arbitration award. Chandler did not respond. (Attached as Exhibit C is a true copy of
28  the State Bar's September 11, 2007 letter.)

Declaration of Jill Sperber, 07-E-124

1      7.    On October 10, 2007, the State Bar sent a letter to Chandler, confirming his failure to respond and notifying him that the matter was being referred to the Presiding Arbitrator for issuance of an order imposing administrative penalties against him. (Attached as Exhibit D is a true copy of the State Bar's October 10, 2007 letter.)

6.    Chandler responded by letter dated October 12, 2007, reiterating his belief that the filing and dismissing of a lawsuit was sufficient to vacate the award. He cited *Liska v. The Arns Law Firm* (2004) 117 Cal.App.4th [12 Cal.Rptr.3d 21] in support of his apparent assertion that the award must be affirmatively reinstated by the filing of another lawsuit. (Attached as Exhibit E is a true copy of Chandler's October 12, 2007.)

7.    On October 16, 2007, the State Bar sent a letter to Chandler explaining, that under the case law, he could not "reinstate" his lawsuit to vacate the arbitration award indefinitely, as he seemed to assert, but that once he dismissed his lawsuit, the award was restored and is now final. (Attached as Exhibit F is a true copy of the State Bar's October 16, 2007 letter.)

8.    Receiving no response from Chandler, the State Bar sent a letter to him on October 25, 2007 requesting a response no later than November 2, 2007. (Attached as Exhibit G is a true copy of the State Bar's October 25, 2007 letter.)

9.    Chandler responded to the State Bar's October 16, 2007 letter by letter dated October 26, 2007 stating, among other things, that the cases cited by the State Bar did not apply to his situation and alleging that the State Bar's reason for enforcing the arbitration award was because of a "conspiracy against the federal government." He again declined to comply with the arbitration award. (Attached as Exhibit H is a true copy of Chandler's October 26, 2007 letter.)

10.    Chandler sent another letter to the State Bar dated October 31, 2007, stating, among other things, that he would not pay the award. (Attached as Exhibit I is a true copy of Chandler's October 31, 2007 letter.)

3

1       11.    To date, the State Bar has not received further communication from

2  Chandler or any evidence that he has paid the arbitration award in favor of Hyoung

3  Ok Lee.

4

5       I declare under penalty of perjury under the laws of the State of California

6  that the foregoing is true, executed this 14T day of November, 2007 at San

7  Francisco, California.

8

9

10             Jill Sperber

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Declaration of Jill Sperber, 07-E-124

# State Bar Defendant's Request for Judicial Notice Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit A

September 5, 2007 Alan Bloom Letter to Gregory Chandler

# THE STATE BAR
## OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639

TEL: (415) 538-2020
FAX: (415) 538-2335

September 5, 2007

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

Re:     Request for Enforcement of Fee Arbitration Award
        Lee v. Chandler, State Bar Case No. 07-E-124

Dear Mr. Chandler:

Under Business and Professions Code section 6203, subdivision (d), Hyoung Ok Lee has requested the assistance of the State Bar's Office of Mandatory Fee Arbitration with the enforcement of a fee arbitration award served by the Bar Association of San Francisco on May 21, 2007. The arbitrator in that matter awarded the sum of $8,643.75 to Hyoung Ok Lee. Copies of the enforcement request, the arbitrator's award and other related documents are hereby served upon you.

Even though the original fee arbitration award was non-binding, the arbitrator's award has now become final and binding under Business and Professions Code section 6203, subdivision (b) because neither party filed a request for trial after arbitration within 30 days after service of the arbitrator's award.

Under rule 45.1 of the Rules of Procedure for Fee Arbitrations and the Enforcement of Awards by the State Bar of California (Rules of Procedure), you have 30 days from today's service of the request for enforcement to (1) provide satisfactory proof to this office of your payment of the arbitration award and interest; (2) agree to a payment plan that is satisfactory to Ms. Lee or the State Bar; or (3) provide reasons, under Business and Professions Code section 6203, subdivision (d)(2)(B), why you should not be required to comply with the arbitration award. **Under rules 45.1 and 51.4 of the Rules of Procedure, your response to this office is due on or before October 5, 2007.** Enclosed for your reference are copies of Business and Professions Code sections 6200 through 6206, as well as relevant excerpts from the Rules of Procedure.

Your failure to comply with a final and binding fee arbitration award can result in the imposition of administrative penalties. Under rule 48.0 of the Rules of Procedure, the administrative penalty that can be assessed against you is the greater of 20 percent of the award or $1,000.00. In the event the penalty is assessed and you fail to pay it, the penalty will be added to your annual membership fee for next year.

Mr. Chandler,
September 5, 2007
Page 2 of 2

Finally, please take notice that, if no response is received on or before October 5, 2007, under Business and Professions Code section 6203, subdivision (d) and rule 50.0 of the Rules of Procedure, the Presiding Arbitrator of the State Bar's Mandatory Fee Arbitration Program may file a motion in the State Bar Court seeking to have you involuntarily enrolled as an inactive member of the State Bar until such time as you pay the arbitration award and any assessed penalties. As you may know, an inactive member of the State Bar may not practice law.(Bus. & Prof. Code, §§ 6125, 6126, subd. (b).)

Your prompt response to this matter is greatly appreciated. Please use the State Bar case number on any correspondence that you send to this office. If you have any questions, please contact me at (415) 538-2008.

Sincerely,

Alan Bloom
Mandatory Fee Arbitration Program

Enclosures

cc:     Hyoung Ok Lee c/o Robert Simon, Attorney at Law (without enclosures)

## Proof of Service by Mail

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and I am not a party to the within action. My business address is: State Bar of California, 180 Howard Street, 6th Floor, San Francisco, California 94105-1639.

On September 5, 2007, I served the following documents for **Case No. 07-E-124**:

**Client's Request for Enforcement of an Arbitration Award,**

**Rules of Procedure for Fee Arbitrations and the Enforcement of Awards by the State Bar of California,**

**Excerpt from the California State Bar Act, Business and Professions Code § 6200-6206,**

**Arbitration Award.**

on the attorney-respondent in this action, by enclosing them in an envelope addressed to:

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

[X]    by United States Postal Service **regular mail**, and placed the envelope for collection and mailing at this office, in San Francisco, California, following our ordinary business practices.

[X]    by certified mail, **7006 2760 0004 2805 9842**, with a return receipt requested, and placed the envelope for collection and mailing at this office, in San Francisco, California, following our ordinary business practices.

I am readily familiar with the practices of this office in the collection and processing of mail. On the same day that the envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California, on September 5, 2007.

_____
Alan Bloom

**SENDER: COMPLETE THIS SECTION**

- Co...ete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 07 Ei 74

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X □ Agent □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

SEP 0 ?

3. Service Type
   □ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Tr...  from service lat    7006 2760 0004 2805 9842

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

### *Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit B

September 10, 2007 Gregory Chandler Letter to Alan Bloom

# GREGORY CHANDLER

Attorney at Law
101 California Street, Suite 2450
San Francisco, CA  94111-6102

Telephone:    (415) 946-8970
Facsimile:    (415) 331-8958

September 10, 2007

State Bar of California
Attn:  Mr. Alan Bloom
180 Howard Street
San Francisco, CA  94105-1639

VIA FACSIMILE to (415) 538-2335 and U. S. Postal Service

**RE:**    **Rejected Non-Binding Arbitration Award**
          **Matter of Hyoung Ok Lee # 07-E-124**

Dear Mr. Bloom:

The non-binding arbitration award at issue was rejected upon the timely filing of lawsuit # 07-2833 in the Marin County, California Superior Court against Hyoung Ok Lee (Ms. Lee) on June 18, 2007.  After communications with Ms. Lee, the lawsuit against her was dismissed without prejudice on August 7, 2007.  Ms. Lee has not informed me that she wants the lawsuit re-instated against her.  If Ms. Lee desires, the lawsuit that was dismissed without prejudice can be re-instated against her.

Sincerely,

Gregory Chandler

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

### *Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

### Exhibit C

September 11, 2007 Alan Bloom Letter to Gregory Chandler



**THE STATE**

**OF CALIFORNIA**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639

TEL: (415) 538-2020
FAX: (415) 538-2335

September 11, 2007

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

*AND BY FAX TO (415) 331 8958*
*ON 9/14/07*

Re:    Request for Enforcement of Fee Arbitration Award
       Lee v. Chandler, State Bar Case No. 07-E-124

Dear Mr. Chandler:

This is in response to your September 10, 2007 fax. Thank you for your prompt response. Unfortunately this is not an adequate response under the Rules of Procedure.

You state that the award was rejected by the timely filing of a lawsuit in Marin County Superior Court. Under Business and Professions Code section 6203, subdivision (b), a petition to vacate an award must be filed in the court having jurisdiction over the amount of the award. In this case, since the award was for $8,643.75, and issued by the Bar Association of San Francisco, the court having jurisdiction would be San Francisco Superior Court. In effect, your lawsuit achieved nothing since it was filed in the wrong court.

Even assuming arguendo that you could compel Ms. Lee into Marin County Superior Court when she resides in San Francisco County, your office is in San Francisco County, the arbitration was conducted by the Bar Association of San Francisco, and, presumably, the contract was entered into in San Francisco County, the point is moot because you dismissed the lawsuit.

You further state that the lawsuit "can be re-instated." If this were true, it would create a legal absurdity. It would render the arbitration award meaningless since anytime Ms. Lee attempted to collect, you could file another request for trial de novo, as you apparently are threatening to do.

The time for you to file for trial de novo was no later than June 20, 2007, within 30 days of service of the award. That time has passed. When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the parties to their legal position before electing the trial de novo, and triggers award finalization. (See *Herbert Hawkins Realtors, Inc. v. Milheiser* (1983) 140 Cal.App.3d 334, *Kelley v. Bredelis* (1996) 45 Cal.App.4th 1819.)

Mr. Chandler
September 11, 2007
Page 2 of 2

Indeed, the only power the San Francisco Superior Court has over the award at this time is to confirm it in a judgment. Under Business and Professions Code section 6203, subdivision (c), should Ms. Lee obtain a judgment confirming the award, she would be entitled to attorney's fees and costs associated with obtaining that judgment. As you are no doubt aware, this would also entitle her to statutory interest and give her the full range of civil collection remedies. Under Civil Code section 1288, a petition to confirm an award may be filed up to four years after the award has been served.

Since your fax was essentially non-responsive, please review the Rules of Procedure and provide a responsive reply by the October 5, 2007 deadline. If your intent it to make payments, please outline your specific payment plan, including amounts and due dates and forward it to this office.

Please use the State Bar case number on any correspondence that you send to this office. If you have any questions, please contact me at (415) 538-2008.

Sincerely,

Alan Bloom
Mandatory Fee Arbitration Program


cc:    Hyoung Ok Lee c/o Robert Simon, Attorney at Law

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit D

October 10, 2007 Alan Bloom Letter to Gregory Chandler



**THE STATE BAR**
**OF CALIFORNIA**

MANDATORY FEE ARBITRATION

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1639

TEL: (415) 538-2020
FAX: (415) 538-2335

October 10, 2007

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

Re:    Request for Enforcement of Arbitration Award
       Lee v. Chandler, State Bar Case No. 07-E-124

Dear Mr. Chandler:

Your response to a request for enforcement of an arbitration award in the above matter was due on **October 5, 2007**. Your September 10, 2007 letter was non-responsive. I sent a letter to you on September 11, 2007, and again on September 14, 2007, by fax at your request, explaining why your September 10, 2007 letter was insufficient, and invited you to outline how you intend to pay the award. To date, this office has not received any further communication from you.

As stated in the State Bar's **September 5, 2007** letter to you, Business and Professions Code section 6203, subdivision (d)(3) authorizes the State Bar to impose administrative penalties on an attorney for failure to comply with a binding arbitration award. Because we have not received your response, we are forwarding this matter to the Presiding Arbitrator for an order imposing administrative penalties against you. These penalties, if not paid, will be attached to your membership fees for the next calendar year. Your license to practice law will not be renewed unless and until your membership fees, along with any penalties attached, are paid in full.

Further, Business and Professions Code section 6203, subdivision (d)(1) authorizes the State Bar to enforce the award by placing the attorney on involuntary inactive status until the award has been paid. The Presiding Arbitrator may proceed by moving the State Bar Court for an order placing you on involuntary inactive status. You would then not be entitled to practice law in California until you comply with the arbitration award in full and pay any penalties imposed and costs awarded. Please do not hesitate to call me at (415) 538-2008 if you have any questions or wish to discuss this matter.

Sincerely,

Alan Bloom

cc.    Hyoung Ok Lee, c/o Robert Simon, Attorney at Law

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit E

October 12, 2007 Gregory Chandler Letter to Alan Bloom

# GREGORY CHANDLER

Attorney at Law
101 California Street, Suite 2450
San Francisco, CA 94111-6102

Telephone:  (415) 946-8970
Facsimile:   (415) 331-8958

October 12, 2007

State Bar of California
Attn: Mr. Alan Bloom
180 Howard Street
San Francisco, CA 94105-1639

VIA FACSIMILE to (415) 538-2335 and United States Postal Service

RE:   Rejected Non-Binding Arbitration Award
      Hyoung Ok Lee #07-E-124

Dear Mr. Bloom:

I received your letter dated October 10, 2007 stating that my previous letter to you is non-responsive. I hope that you will find this letter more responsive.

Please note that your efforts are appreciated on behalf of Hyoung Ok Lee (Lee) and the undersigned. I do want to avoid protracted and expensive litigation with Lee. Nonetheless, I decline to enter into a post-rejection settlement with Lee to avoid litigation. The undersigned will not make any payments as to the non-judicial and non-binding arbitration award after the rejection. In that Lee refuses to acknowledge the rejection, litigation may be unavoidable.

A proper and timely rejection of the non-judicial and non-binding arbitration award at issue was made. The rejection was effected by the "commencement of an action" against Lee under the explicit commands of California Business and Professions Code section 6204(c) (B & P section 6204(c). The action against Lee resulted in the two litigation acts of: (1) making a final and irrevocable rejection of the non-judicial and non-binding arbitration, and, (2) seeking monetary relief against Lee.

The first mentioned litigation act became a final and irrevocable rejection upon the "commencement of an action" under B & P section 6204 (c). The second mentioned litigation act for monetary relief was later dismissed because of a then

1

To: A. Bloom

shared desire of Lee and the undersigned to avoid litigation. Lee, therefore, received the benefit of this dismissal.

I reviewed your letter dated September 11, 2007 in which you raise jurisdictional issues and cite cases involving trial *de novo* judicial arbitration under the California Judicial Arbitration Act (California Code of Civil Procedure section 1141.10 *et seq.*). Extreme due diligence was exercised to ensure that the rejection of the non-judicial and non-binding arbitration award at issue was undertaken in conformance with the procedural requirements of State of California law. My time records indicate that I spent 28 hours researching the applicable cases and statutes.

Both Lee and the undersigned have a procedurally correct option to employ after the final and irrevocable rejection of the non-judicial and non-binding arbitration. Either Lee or the undersigned may commence a general civil action in the Superior Court, State of California. *Liska v. The Arns Law Firm* (2004) 117 Cal. App. 4th 275; 12 Cal. Rptr. 3d 21.

Lee may choose not to exercise the litigation option because, at all relevant times, Lee's allegations have been bizarre and reckless. One of Lee's main allegations is that she and the undersigned--acting in concert--presented false documents to the United States Department of Homeland Security. I have a substantial reluctance to litigate matters of this type against a former client in either arbitration or litigation. Litigating matters of this type may have harmful ramifications to the former client. Nonetheless, Lee can commence a post-rejection action. Lee's lawsuit--with a **verified complaint**--can allege that she and the undersigned conspired to make false statements to the United States government for Lee's benefit.

Again, for the reasons given above, I decline to enter into a post-rejection settlement with Lee to avoid litigation. I trust that this declination is fully responsive to your letters. If this communication is not responsive, please inform me.

Sincerely,

Gregory Chandler

2

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit F

October 16, 2007 Jill Sperber Letter to Gregory Chandler

THE STATE BAR
OF CALIFORNIA

MANDATORY FEE ARBITRATION
JILL A. SPERBER, *Director*

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639

PROGRAM: (415) 538-2020
TDD: (415) 538-2023
FACSIMILE: (415) 538-2040

October 16, 2007

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

RE:  **Request for Enforcement of Arbitration Award**
**Lee v. Chandler**
**State Bar Case No. 07-E-124**

Dear Mr. Chandler:

I am in receipt of your October 12, 2007 letter purporting to challenge the State Bar's jurisdiction to enforce the above entitled fee arbitration award.  As the Director of the State Bar Office of Mandatory Fee Arbitration, I have chosen to respond to your letter personally in order to put to rest your challenge to the State Bar's jurisdiction to bring enforcement proceedings against you based on your failure to return unearned fees to Ms. Lee as required by the fee arbitration award served May 1, 2007.  It is clear to me that your position that the mere filing for a trial de novo despite voluntary dismissal of the lawsuit and failure to re-file and pursue the action forever bars enforcement of the arbitration award is misplaced and contrary to applicable case law.

You cite the *Liska v. The Arns Law Firm* (2004) 117 Cal. App. 4th 275 case as support for your position.  However, *Liska* did not involve the issue of voluntary dismissal of a trial de novo following non-binding MFA.  Unlike your matter, *Liska* involved the issue of whether a party may file an action to litigate misconduct and breaches of contract other than damages awarded following binding mandatory fee arbitration (MFA).  Because the MFA award does not apply to claims for affirmative relief for damages resulting from malpractice or professional misconduct, the *Liska* court found that a binding MFA award determining disputed attorney's fees does not preclude a subsequent action seeking recovery based on claims other than to recover disputed attorney's fees. Your position that you and Ms. Lee may, if desired, bring an action against each other based on other claims in reliance on *Liska* does not resolve the issue of the effect of the MFA award.

In contrast, your mandatory fee arbitration with Ms. Lee was not binding and does not involve whether other claims besides the fee dispute may be litigated between you and Ms. Lee.  Initially, you filed an action in court seeking

trial de novo after MFA as authorized by Section 6203(b). Thereafter, you obtained a voluntary dismissal of the lawsuit on August 7, 2007. There has been no re-filing of the lawsuit to date. Your letter suggests that dismissal was the result of a "shared" desire to avoid litigation. Your dismissal of the de novo trial and acknowledged desire to avoid litigation therefore operates to repudiate your request for trial de novo specifically in the mandatory fee arbitration, resulting in a final and binding MFA award, as confirmed in *Corell v. Law Firm of Fox and Fox* (2005) 129 Cal. App. 4th 531.

Although *Corell* involves a more complicated scenario than yours does wherein Fox attempted to avoid both the MFA award and subsequent judicial arbitration pursuant to a binding arbitration clause, the holding in *Corell* remains applicable to your case. Like you, Fox voluntarily dismissed its trial de novo following non-binding MFA. That dismissal, coupled with Fox's subsequent conduct (in that matter, avoidance of binding arbitration) was found by the court to reflect an attempted evasion of both the MFA award and the arbitral process as a whole. The court found that Fox repudiated its request for a trial de novo and the MFA award was found to be final and binding under section 6203(b). (Id. at p.537.)

In conclusion, your subsequent dismissal of a timely filed trial de novo, contrary to your position, is not a "final and irrevocable" rejection of the MFA award. To find otherwise would effect the "mischievous lawyering" to avoid an unfavorable award that the *Hawkins* court rejected in the judicial arbitration context. *Herbert Hawkins Realtors, Inc. v. Milheiser* (1983) 140 Cal. App. 3d 334, 338-339. The *Corell* court relied upon *Hawkins* and its progeny in its decision that the MFA award became final and binding based on the same legislative and public policy considerations equally applicable to MFA. Similarly, the MFA award in Lee v. Chandler became final and binding after you repudiated your right to post- MFA trial do novo.

As stated in prior correspondence to you, the State Bar will initiate formal enforcement proceedings in State Bar Court absent a showing that you are not personally responsible for paying the award or unable to pay the award. I trust that this response puts to rest the issue of the State Bar's jurisdiction to enforce the MFA award in your matter.

Sincerely yours,

Jill Sperber
Director

cc. Hyoung Lee, c/o Robert Simon, Attorney at Law

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit G

October 25, 2007 Bloom Letter to Gregory Chandler

# THE STATE bAR
# OF CALIFORNIA

**MANDATORY FEE ARBITRATION**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1639

TEL: (415) 538-2020
FAX: (415) 538-2335

October 25, 2007

Gregory Chandler
Law Ofc Gregory Chandler
101 California St #2450
San Francisco, CA 94111

Re:     Request for Enforcement of Arbitration Award
        Lee v. Chandler, State Bar Case No. 07-E-124

Dear Mr. Chandler:

On October 16, 2007, we sent a letter to you explaining why your belief that the arbitration award was not final and binding was unsupported in law. (Copy enclosed) To date, we have received no evidence that you have paid the award, nor any further communication from you.

Please provide evidence of payment no later than **November 2, 2007**. Your failure to respond by that time will leave this office no alternative but to seek an order enrolling you as an involuntarily inactive member of the State Bar.

Sincerely,

Alan Bloom

cc.     Hyoung Ok Lee, c/o Robert Simon, Attorney at Law

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

# *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

## *Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

## Exhibit H

October 26, 2007 Gregory Chandler Letter to Jill Sperber

# GREGORY CHANDLER

Attorney at Law
101 California Street, Suite 2450
San Francisco, CA  94111-6102

Telephone:    (415) 946-8970
Facsimile:    (415) 331-8958

October 26, 2007

State Bar of California
Attn:  Ms. Jill A. Sperber, Director
180 Howard Street
San Francisco, CA  94105-1639
VIA FACSIMILE to (415) 538-2040 and United States Postal Service

RE:    **Rejected Non-Binding Arbitration Award**
       **Hyoung Ok Lee #07-E-124**

Dear Ms. Sperber:

I received your letter dated October 16, 2007 in response to my letter dated October 12, 2007.   In the first paragraph of your letter you state that my letter of October 12, 2007 purports to "…challenge the State Bar's jurisdiction to enforce the above entitled fee arbitration award."  In the final paragraph of your letter you state: "I trust that this response puts to rest the issue of the State Bar's jurisdiction to enforce the MFA award in your matter."

My letter dated October 12, 2007 contains eight (8) paragraphs. Not a single paragraph in such letter makes an assertion about the "State Bar's jurisdiction." In fact the word "jurisdictional" is only used once in my entire letter dated October 12, 2007. The word "jurisdictional" is in the fifth paragraph of my letter dated October 12, 2007. At no time have I raised a matter about the "State Bar's jurisdiction."

In the future, the matter of the "State Bar's jurisdiction" may actually be raised by the undersigned in an explicit and detailed manner. Until the matter of the "State Bar's jurisdiction" is actually raised by the undersigned, a discussion that allegedly "… puts to rest the issue of the State Bar's jurisdiction…" is premature and not relevant.

The fifth paragraph of my letter dated October 12, 2007 states that I spent considerable time researching the applicable "cases and statutes."  The error- filled case you cite of *Corell v. Law Firm of Fox and Fox* (2005) 129 Cal. App. 4th 531 was

1

reviewed and researched by the undersigned many months ago. As a factual matter, a cite check of other attorney-client fee arbitration cases will locate the *Corell* case.

*Corell* involves the trial court imposing creative sanctions against a party for disregarding a court order to participate in arbitration. In *Corell*, a trial *de novo* had been sought in an attorney-client fee arbitration case. Later, the party moving for the trial *de novo* dismissed the request for a trial *de novo*.

The *Corell* trial court is correct as to the outcome of imposing sanctions for the disregard of court orders. Given the correctness of the sanctions, that procedural error of the *Corell* trial court is not especially troublesome and need not be disturbed on appeal. The *Corell* appellate court only reversed some of the trial court's errors.

The *Corell* opinion-- acknowledging its uniqueness and validity--actually questions its applicability in non-similar cases. The *Corell* opinion even doubts the decision's significance in "similar cases." (*Corell,* at p. 538) In summation, the creative remedy of sanctioning a party, as done in the *Corell* opinion, is highly irrelevant to the instant matter. *Corell*--while interesting reading--has no significance to non-parties of that case. Other reasons why the *Corell* opinion does not apply can be stated in the future.

The confusion of some lower courts and individuals as to the correct procedures in attorney-client fee arbitration matters is understandable. A California Supreme Court concurring opinion states that the language of California Business and Professions Code section 6204 (c) and the Mandatory Fee Arbitration Act (MFAA) is not "entirely clear." *Aguilar v. Lerner* (2004) 32 Cal. 4th 974, 991. Tension between a state appellate court and the California Supreme Court over the unclear wording of the MFAA is evidenced in *Schatz v. Allen, Matkins, et al.* (2007) 146 Cal. App. 4th 674. Lack of clarity notwithstanding, an actual reading of the MFAA should bring a reasonable understanding of what the applicable statues actually state. The MFAA's language is clear to the undersigned.

Under the MFAA, a rejection of a non-judicial and non-binding arbitration becomes final and irrevocable when an action is timely filed. The final and irrevocable rejection does not flip-flop and change upon a subsequent event or the mere whim of either party. The fact that the rejection is final and irrevocable rejection may not be apparent to some courts and individuals because, as the California Supreme Court states, the MFAA's language is not "entirely clear." Again, after a rejection, the procedurally correct option is for either or both parties to file a general civil action. *Liska v. The Arns Law Firm* (2004) 117 Cal. App. 4th 275.

A primary allegation of Hyoung Ok Lee (Lee) is that she and the undersigned conspired to make false statements to the United States government. Therefore, if Lee wants to litigate her bizarre conspiracy theory, she should file a verified complaint in the Superior Court, State of California.

Likewise, if your office still feels that there are unearned attorneys fees due because of a conspiracy against the federal government, I am sure that your office will work rather vigorously to maintain that contention. Perhaps the theory of your office is that the undersigned should have done a better job of making false statements to the federal government. Another possible theory of your office is that when an attorney and client conspire to commit crimes, the client is entitled to a return of attorney's fees.

Unless I hear otherwise, I will take the position that you still maintain the statements made in your letter dated October 16, 2007. I will also take the position that you maintain that Lee is owned money because of the undersigned's role as a co-conspirator in making false statements to the federal government.

My position is unchanged. I decline to make a post-rejection settlement of the allegation concerning false statements made to the United States government. I also state that the "State Bar's jurisdiction" to further the fraudulent activity of Lee is way beyond the scope of my communications with your office. Since I have not yet raised a jurisdictional challenge, there is no need to put "to rest" such an issue.

Sincerely,

Gregory Chandler

3

# State Bar Defendant's Request for Judicial Notice

# Exhibit B

## *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 5*

*Declaration of Jill Sperber Supporting the State Bar's Motion for Involuntary Inactive Enrollment*

Exhibit I

October 31, 2007 Gregory Chandler Letter to Alan Bloom

# GREGORY CHANDLER

Attorney at Law                                           Telephone:    (415) 946-8970
101 California Street, Suite 2450                          Facsimile:    (415) 331-8958
San Francisco, CA  94111-6102

October 31, 2007

State Bar of California
Attn:  Mr. Alan Bloom
180 Howard Street
San Francisco, CA  94105-1639
Sent via facsimile to (415) 538-2335 and U. S. Postal Service

RE:    **Rejected Non-Binding Arbitration Award**
       **Hyoung Ok Lee #07-E-124**

Dear Mr. Bloom:

I received a letter dated October 25, 2007 from you.  I received such letter after I sent a letter dated October 26, 2007 to Ms. Jill A. Sperber.

The letter dated October 25, 2007 requested that I provide evidence of payment no later than November 2, 2007.  In that the non-binding arbitration award has been rejected, no payments will be made to Hyoung Ok Lee (Lee).  Therefore, no evidence of payment will be provided on November 2, 2007 or any other date.

My position is consistent.  As a procedural matter, the award that you speak of has been rejected under the relevant statute.  As a factual matter, I did not conspire with Lee to make false statements to the United States government.

My letter to you dated September 10, 2007 states that Lee can be sued again. After the final and irrevocable rejection of a non-binding award, the only procedurally correct step is for either or both parties to file an action.

Typically, post-rejection, there will be a complaint and a cross-complaint. The filing of a cross-complaint is common because the rejecting party's action need only assert the causes of actions and claims of the rejecting party.  Lee does not somehow reap a double or triple windfall based upon the dismissal of a complaint for

1

monetary damages against her. Therefore, post-rejection, the assertion of Lee's dubious claims would require her to file an action as either a complaint or cross-complaint.

Notwithstanding my desire to avoid litigation, I did file a complaint against Lee on October 5, 2007. The causes of action against Lee include claims for monetary damages, litigation costs, fraud, and abuse of process. Lee's answer to the complaint is due on or about November 21, 2007.

Again, if Lee actually feels that she has valid claims; her procedurally correct option is to file an action alleging her contentions. Since I will not be making any payments, I cannot provide evidence of such payments.

Sincerely,



Gregory Chandler

cc:  Ms. Jill A. Sperber via facsimile to (415) 538-2040 and U. S. Postal Service

2

**State Bar Defendant's Request for Judicial Notice**

**Exhibit B**

***(November 16, 2007 Motion for Involuntary Inactive Enrollment)***

*Exhibit 6*

*November 15, 2007 State Bar Custodian of Records Kath Lambert's Certified Copy of Gregory Chandler's State Bar Membership Records Information Screen*



**THE STATE BAR**
**OF CALIFORNIA**

MEMBER SERVICES CENTER

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639

TELEPHONE: 888-800-3400

November 15, 2007

TO WHOM IT MAY CONCERN:

I, Kath Lambert, Custodian of Membership Records of the State Bar of California, hereby certify that attached is a full, true and correct copy of the information screen on file, GREGORY CHANDLER, #158260 in the Membership Records Department of the State Bar of California.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records

MM595R1                 MEMBER INFORMATION DATA          Print Date: 11/15/07

Member #: 158260

Date of Admission:  6/08/1992 Status: **Active**      Effective:  6/08/1992

Name: **Gregory Chandler**

AKA:

Address: **Law Ofc Gregory Chandler**
                                                    Eff:  6/22/2007
**101 California St #2450**
**San Francisco CA 94111**

Phone:                                          Eff:  6/22/2007
Fax#:
E-Mail:

Date of Birth: **11/23/1957**

Place of Birth: **Fort Knox KY**

Undergrad School: **Harvard Univ**
Law School: **Univ of Texas SOL**

# State Bar Defendant's Request for Judicial Notice

## Exhibit B

### *(November 16, 2007 Motion for Involuntary Inactive Enrollment)*

*Exhibit 7*

*Marin County Superior Court Case No. CV 072833 June 18, 2007
Complaint and August 7, 2007 Dismissal*

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Gregory Chandler   (State Bar # 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco , CA 94111

TELEPHONE NO.:
(415) 946-8970

FAX NO.:
(415) 331-8958

ATTORNEY FOR *(Name)*: Gregory Chandler, Plaintiff

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
Limited Civil Branch

PLAINTIFF/PETITIONER:    Gregory Chandler

DEFENDANT/ RESPONDENT: Hyoung Ok Lee

FOR COURT USE ONLY

**FILED**

AUG 0 7 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT

By: J. Dale, Deputy

**REQUEST FOR DISMISSAL**
- [ ] **Personal Injury, Property Damage, or Wrongful Death**
  - [ ] Motor Vehicle    [ ] Other
- [ ] **Family Law**
- [ ] **Eminent Domain**
- [X] **Other** *(specify)* : General Civil

CASE NUMBER:
CV 07-2833

THIS INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

Attest: NOV 0 2 2007
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Sorensen, Deputy

1. **TO THE CLERK: Please dismiss** this action as follows:
   a. (1) [ ] With prejudice    (2) [X] Without prejudice
   b. (1) [X] Complaint    (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*:
   (4) [ ] Cross-complaint filed by *(name)*:
   (5) [X] Entire action of all parties and all causes of action
   (6) [ ] Other *(specify)*:*

Date: August 7, 2007

Gregory Chandler

(TYPE OR PRINT NAME OF    [X] ATTORNEY    [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

2. **TO THE CLERK: Consent** to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF    [ ] ATTORNEY    [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3. [X] Dismissal entered as requested on *(date)*    AUG 0 7 2007
4. [ ] Dismissal entered on *(date)*:    as to only *(name)*:
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

6. [ ] a. Attorney or party without attorney notified on *(date)*:
   b. Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to conformed    [ ] means to return conformed copy

**J. DALE**

Date: AUG 0 7 2007    KIM TURNER    Clerk, by _____ , Deputy

Page 1 of 1

| Form Adopted for Mandatory use Judicial Council of California CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Cal. Rules of Court, rule 3.1390 www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

THIS INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE
Attest: NOV 6 2007
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By _____ Petersen Deputy

## SUPERIOR COURT OF CALIFORNIA
### County of Marin
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

JUN 1 8 2007
KIM TURNER
MARIN COUNTY SUPERIOR COURT
By _____ Deputy

| | |
|---|---|
| PLAINTIFF: CHANDLER | CASE NO. CV 072833 |
| vs. | NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL) |
| DEFENDANT: LEE | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge ___BOREN___, Department ___B___. This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service      08 / 28 / 07      9:00 A.M.

   Hearing on Failure to Answer      09 / 27 / 07      9:00 A.M.

   b. Appear for a Case Management Conference on      11 / 07 / 07      9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by**      10 / 23 / 07

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hyoung Ok Lee *and Does 1 - 5*

THIS INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

Attest: NOV

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Sorensen, Deputy

JUN 1 8 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Mauga, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Gregory Chandler

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOUR COURT OF CALIFORNIA, COUNTY OF MARIN
3501 Civic Center Drive
San Rafael, CA  94903

CASE NUMBER:
*(Número del Caso):* CV 072833

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory Chandler (Bar # 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450  , San Francisco, CA 94111

Phone No. (415) 946-8970
Fax No.  (415) 331-8958

DATE:
*(Fecha)* JUN 1 8 2007

KIM TURNER    Clerk, by L. MAUGA , Deputy
*(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gregory Chandler   (State Bar # 158260)<br>Law Offices of Gregory Chandler<br>101 California Street, Suite 2450 , San Francisco, CA 94111<br>TELEPHONE NO: (415) 946-8970    FAX NO. *(Optional):* (415) 331-8958<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Gregory Chandler, Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN

STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: P. O. Box 4988
CITY AND ZIP CODE: San Rafael  94903
BRANCH NAME: Limited Civil

FILED

JUN 1 8 2007

KIM TURNER
COURT EXECUTIVE OFFICER
MARIN COUNTY SUPERIOR COURT
By: B. Anderson, Deputy

PLAINTIFF: Gregory Chandler

DEFENDANT: Hyoung Ok Lee

[X] DOES 1 TO _____5_____

| CONTRACT | |
|---|---|
| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

**Jurisdiction** *(check all that apply):*
X   ACTION IS A LIMITED CIVIL CASE
   Amount demanded    [X] does not exceed $10,000
                     [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

CV   072833

1.  **Plaintiff**\* *(name or names):* Gregory Chandler

    alleges causes of action against **defendant**\* *(name or names):* Hyoung Ok Lee

2.  This pleading, including attachments and exhibits, consists of the following number of pages:
3.  a.  Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name):*
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe):*
          (3) [ ] other *(specify):*

    b.  [ ] Plaintiff *(name):*
      a.  [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b.  [ ] has complied with all licensing requirements as a licensed *(specify):*
    c.  [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a.  Each defendant named above is a natural person

| [ ] except defendant *(name):* | [ ] except defendant *(name):* |
|---|---|
| (1) [ ] a business organization, form unknown | (1) [ ] a business organization, form unknown |
| (2) [ ] a corporation | (2) [ ] a corporation |
| (3) [ ] an unincorporated entity *(describe):* | (3) [ ] an unincorporated entity *(describe):* |
| (4) [ ] a public entity *(describe):* | (4) [ ] a public entity *(describe):* |
| (5) [ ] other *(specify):* | (5) [ ] other *(specify):* |

THIS INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE

Attest: NOV 0 2007
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Sorensen, Deputy

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

*LexisNexis® Automated California Judicial Council Forms*

SUMMONS ISSUED



PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gregory Chandler v. Hyoung Ok Lee | |

4.  *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
     (1) [X] Doe defendants *(specify Doe numbers):* 1 - 5 _____ were the agents or employees of the named
        defendants and acted within the scope of that agency or employment.
     (2) [ ] Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
        plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.
7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   9. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   [ ] Breach of Contract

   [X] Common Counts

   [ ] Other *(specify):*

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. [X] damages of: $ 9,500.00
   b. [X] interest on the damages
     (1) [X] according to proof
     (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*
   c. [X] attorney's fees
     (1) [ ] of: $
     (2) [X] according to proof.
   d. [ ] other *(specify):*

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: June 14, 2007

Gregory Chandler
   (TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

*LexisNexis® Automated California Judicial Council Forms*

PLD-C-001(2)

| SHORT TITLE:<br>Gregory Chandler v. Hyoung Ok Lee | CASE NUMBER: |
|---|---|

__First__    **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Gregory Chandler

alleges that defendant *(name):* Hyoung Ok Lee

became indebted to  [X] plaintiff    [ ] other *(name):*

a.  [X] within the last four years
    (1) [X] on an open book account for money due.
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b.  [X] within the last [X] two years    [ ] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
    (2) [X] services and materials rendered at the special instance and request of defendant and for which
        defendant promised to pay plaintiff
        [ ] the sum of $
        [X] the reasonable value.
    (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (4) [ ] for money lent by plaintiff to defendant at defendant's request.
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
    (6) [ ] other *(specify):*

CC-2. $ 9,500.00                    , which is the reasonable value, is due and unpaid despite plaintiff's demand.
plus prejudgment interest   [X] according to proof   [ ] at the rate of _____ percent per year
from *(date):*

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [ ] according to proof.

CC-4. [ ] Other:

**Page** _____

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—Common Counts** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

# State Bar Defendant's Request for Judicial Notice

# Exhibit C

*California State Bar Court Case No. 07-AE-14510 PEM*

*November 26, 2007 "Notice of Motion and Motion for Peremptory Dismissal."*

GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102
Telephone: (415) 946-8970
Facsimile: (415) 331-8958

Attorney for Gregory Chandler

FILED

NOV 2 6 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

# THE STATE BAR COURT

## HEARING DEPARTMENT –SAN FRANCISCO

In the Matter of:
Gregory Chandler,
Member No. 158260

Case # CV-07-AE-14510

**NOTICE OF MOTION AND
MOTION FOR PEREMPTORY
DISMISSAL**

Gregory Chandler, the undersigned, moves for a peremptory motion to

dismiss a motion for involuntary enrollment filed by the State Bar of California

(Bar). The Bar filed its motion on or about November 16, 2007.

Grounds for the peremptory motion to dismiss are that--under the exclusive

concurrent jurisdiction rule--the Superior Court, State of California has exclusive

jurisdiction because of a pending action in that tribunal. A Superior Court action

was filed first in the Superior Court on October 5, 2007 before the November 2007

NOTICE OF MOTION AND MOTION      1
FOR PEREMPTORY DISMISSAL
Case No 07-AE-_____

filing in the State Bar Court, State of California. The Superior Court has asserted jurisdiction over the matters raised by the Bar in its motion. Likewise, the Superior Court has asserted jurisdiction over the attorney-client matter at issue and all subsequent events arising out of the attorney-client matter at issue.

Furthermore, the exclusive concurrent jurisdiction rule is conceded by the Bar in a letter dated October 16, 2007. **(Section II of Peremptory Motion to Dismiss) (State Bar Exhibit F)**

Further grounds for this motion are that the State Bar's motion is contrary to the commands of California Business and Professions Code section 6204 (c). That statute commands the procedure by which a party may reject an arbitration proceeding by filing an action in the Superior Court. Because there is an action pending in the Superior Court, the State Bar's motion is defective as to jurisdiction and contrary to California Business and Professions Code section 6204 (c).

In that this motion is peremptory, the undersigned moves for a dismissal--without hearing--upon showing evidence of a pending action. **(Exhibit 1)** The undersigned moves for a hearing on the peremptory motion if the Court finds any merit in the State Bar's motion.

Respectfully submitted,

Dated: November 26, 2007

Gregory Chandler

NOTICE OF MOTION AND MOTION          2
FOR PEREMPTORY DISMISSAL
Case No 07-AE-_____

GREGORY CHANDLER

# PROOF OF SERVICE BY MAIL

I declare that:

I am over the age of 18 and not a party to the cause mentioned herein.

On November 26, 2007, I served the following by mail from the business address of 101 California Street, Suite 2450; San Francisco, California, 94111-6102.:

Notice of Motion and Motion for Peremptory Dismissal;
(1) Peremptory Motion to Dismiss and (2) Response to Motion for Involuntary Enrollment;
Declaration of Gregory Chandler in Support of Peremptory Motion to Dismiss and in Opposition to State Bar's Motion for Involuntary Enrollment

*In the Matter Gregory Chandler,* Member No. 158260
(State of California, State Bar Court, # 07-AE-    )

on the parties or individuals below:

Arne Werchick
State Bar of California
180 Howard Street, 6th Floor
San Francisco, CA  94105

I declare under penalty or perjury that the foregoing is true and correct and that this document was executed on November 26, 2007.


Margaret Scott

# State Bar Defendant's Request for Judicial Notice

# Exhibit D

*California State Bar Court Case No. 07-AE-14510 PEM*

*November 26, 2007 "(1) Peremptory Motion to Dismiss [and] (2) Response to Motion for Involuntary Inactive Enrollment."*

GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102
Telephone: (415) 946-8970
Facsimile: (415) 331-8958

**FILED**

NOV 2 6 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

Attorney for Gregory Chandler

# THE STATE BAR COURT

## HEARING DEPARTMENT –SAN FRANCISCO

In the Matter of:
Gregory Chandler,
Member No. 158260

Case # CV-07-AE-14570

**(1) PEREMPTORY MOTION
TO DISMISS**

**(2) RESPONSE TO MOTION
FOR INVOLUNTARY
ENROLLMENT**

## PEREMPTORY MOTION TO DISMISS

**I. A PEREMPTORY MOTION IS MADE --UNDER OPERATION
OF LAW-- BECAUSE JURISDICTION LIES WITH THE SUPERIOR
COURT AS TO THE REJECTED ARBITRATION PROCEEDINGS**

A peremptory motion is made--under operation of law--because the matters

raised by the State Bar of California's motion are pending before the Marin

PEREMPTORY MOTION TO DISMISS/          1
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

County Superior Court, State of California (Superior Court).

In that this peremptory motion is made, no hearing is necessary. The undersigned does move for a hearing if the Court finds any merit in the State Bar of California's (Bar) motion.

The Bar does not include a standard jurisdictional statement in its motion. The Bar, in its motion, does not inform the Court of the jurisdictional fact of pending litigation. The Bar does concede, in a letter dated October 16, 2007, **(Bar Exhibit F)** that existence of a pending action divests this Court of jurisdiction. **(See Section II, *infra*)**

This peremptory motion acts as a prohibition on hearing the Bar's motion if evidence is presented showing existing litigation in another tribunal that was filed prior to the Bar's motion. Based on the **Exhibit 1** and the **Declaration of Gregory Chandler, paragraph 9** there is evidence presented of existing litigation in another tribunal filed prior to the Bar's motion.

$0.00 is owed after the rejection of the arbitration award. No active arbitration award exists relative to this matter. The award mentioned by the Bar was rejected under the statutory commands of California Business and Professions Code section 6204 (c) (B&P 6204 (c)) by filing an action in the Superior Court. **(Declaration of Gregory Chandler, paragraph 1).** As a factual matter, two actions have been filed in the Superior Court. The first action was dismissed

PEREMPTORY MOTION TO DISMISS/      2
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

without prejudice. The most recent action is attached as **Exhibit 1**. **(Declaration of Gregory Chandler, paragraph 9).**

On October 5, 2007, an action was filed in the Superior Court against Hyoung Ok Lee (Lee). **(Exhibit 1)** Such action addresses the purported fee dispute raised by Lee. Lee raised a fee dispute claiming that improper attorney work was performed to her detriment in Marin County, California. Lee's primary allegation is a bizarre conspiracy theory that she and the undersigned submitted false documents to the United States Department of Homeland Security.

On or about October 30, 2007, Lee made an appearance in the Superior Court in the litigation against her. **(Exhibit 2)** The Superior Court has asserted its exclusive jurisdiction and the parties are engaged in litigation.

The causes of action against Lee in **Exhibit 1** are: (1) an allegation for money owed; (2) an allegation for money paid; (3) breach of contract; (4) fraud; and (5) abuse of process. The abuse of process cause of action results from Lee's conduct of trying to enforce an arbitration award after a statutory rejection.

The Superior Court has asserted jurisdiction over the matters raised in the Bar's motion. The Superior Court has asserted jurisdiction over the procedural errors and procedural errors of the Bar. **(Exhibit 1, especially paragraphs 38– 49)**

//

PEREMPTORY MOTION TO DISMISS/     3
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

## A. THIS MOTION IS A MOTION OF "PROHIBITION"

By operation of law, the exclusive concurrent jurisdiction rule controls. The pending action in the Superior Court gives the Superior Court exclusive jurisdiction. The exclusive concurrent jurisdiction rule is established law. The gist of the exclusive concurrent jurisdiction rule is that when one tribunal has taken jurisdiction over a subject matter, the first tribunal is entitled to retain jurisdiction "exclusively" and "prohibition lies to restrain the other tribunal from taking any further proceeding." *Myers v. Superior Court* (1946) 75 Cal. App. 2d 925, 929.

> The established rule of "exclusive concurrent jurisdiction" provides that where two (or more) courts possess concurrent subject matter jurisdiction over a cause, the court that first asserts jurisdiction assumes it to the exclusion of all others, thus rendering "concurrent" jurisdiction "exclusive" with the first court. *Franklin & Franklin v. 7-Eleven Owners For Fair Franchising* (2000) 85 Cal. App. 4th 1168, 1175.

The exclusive concurrent jurisdiction rule applies even when parties in the two actions "are not entirely identical" and "that the remedies sought by the two actions are not precisely the same." *Franklin & Franklin, supra*, 85 Cal. App. 4th 1168, 1175 quoting *Myers v. Superior Court, supra*, 75 Cal. App. 2d at p. 931.

The Bar's motion has a signature date of November 14, 2007 on its page 10. The Bar's motion was filed on or about November 16, 2007 after the parties had started litigation.

//

PEREMPTORY MOTION TO DISMISS/          4
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

1

2    The Bar's late motion and the pending litigation in the Superior Court both

3    concern the same subject matter about the attorney-client relationship between

4    Chandler and Lee.  Therefore, exclusive jurisdiction lies with the Superior Court.

5    Under the exclusive concurrent jurisdiction rule, the Superior Court was

6    the first court to assert its jurisdiction and, therefore, the Superior Court has

7    exclusive jurisdiction.

8    **II. THE BAR ACTUALLY CONCEDES LACK OF JURISDICTION BY**

9    **ITS STATEMENTS AND OMMISIONS**

10    The Bar's statements and omissions also show a lack of jurisdiction for the

11    instant matter.

12    **A. THE BAR'S STATEMENTS**

13

14    In a letter from Jill Sperber, dated October 16, 2007, **(Bar Exhibit F)** the

15    Bar takes the incorrect position that there is an active arbitration award because the

16    action was not re-filed against Lee.  The letter dated October 16, 2007 states:

17    "There has been no re-filing to date."  **(Bar Exhibit F, page 2, lines 2-3)**

18    As a factual matter, the Bar's statement about "no re-filing" is erroneous

19    because the action **(Exhibit 1)** was re-filed on October 5, 2007.  The undersigned

20    does not endorse the position taken in **Bar Exhibit F**.  Nonetheless, the Bar takes

21    the position that the "re-filing" of the lawsuit cures whatever objections that the

22    Bar may have.

23

24

25    //

26    PEREMPTORY MOTION TO DISMISS/          5
     RESPONSE TO MOTION FOR
27    INVOLUNTARY ENROLLMENT
     Case No 07-AE-_____
28

GREGORY CHANDLER

**GREGORY CHANDLER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## B. THE BAR'S OMMISSIONS

The Bar omits from its motion the fact that there is pending litigation between the Lee and Chandler.  This omission shows the Bar's knowledge that its motion is improper because of pending litigation.

## RESPONSE TO MOTION FOR INVOLUNTARY INACTIVE ENROLLEMENT

## III. THE ARBITRATION AWARD WAS REJECTED UNDER THE STATUTORY COMMANDS OF B&P SECTION 6204 (c)

$0.00 is due Lee after the rejection of the arbitration award.  The arbitration award was rejected under the statutory commands of B&P section 6204(c). **(Declaration of Gregory Chandler 1)** After the rejection, there is no active arbitration award relevant to this matter.  Since September 2007, the Bar has sought a post-rejection settlement.  The undersigned declines to enter into a post-rejection settlement.

The undersigned rejected the arbitration by timely and properly filing an action in the Superior Court of Marin County, California. Jurisdiction lies in Marin County, California because the attorney work at issue was performed in Marin County, California.

B& P section 6204 (c) commands that a rejection is done by filing "an action."  The relevant section of B&P section 6204 (c) reads: that the rejecting

PEREMPTORY MOTION TO DISMISS/          6
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

GREGORY CHANDLER

party must file "an action in the court having jurisdiction over the amount in controversy within 30 days after the mailing of the notice of the award."

The Bar's motion is based on the Bar's erroneous position that B&P section 6204 (c) requires a rejecting party to file for *de novo* review.

## IV. B&P SECTION 6204 DOES NOT MANDATE THE CAUSES OF ACTION THE REJECTING PARTY MUST ALLEGE. *DE NOVO* REVIEW WAS NOT SOUGHT AT ANY TIME

B&P section 6204 (c) does not require the rejecting party to file for *de novo* review. Consistent with B&P section 6204 (c), at no time did the undersign file for a *de novo* review. **(Declaration of Gregory Chandler, paragraph 12)** B&P section 6204 (c) requires the rejecting party to file "an action." B&P section 6204 (c) does not mandate what causes of action a rejecting party must allege or cannot allege. Likewise, there are no mandatory Judicial Council forms that must be used by the rejecting party when filing in the Superior Court.

The action filed by the rejecting party may seek monetary relief, declaratory relief, or any other type of relief sought in a civil action. The action may seek no money from the other party. This fact is stated in the Bar Association of San Francisco rules. "Notice of Your Rights After Fee Arbitration." **(Exhibit 3)** "To reject an award, you must still file a complaint, even if you are not seeking monies from the other party." **(Exhibit 3, page 2, section C. (2)(b))** and **(Declaration of Gregory Chandler, paragraph 11)** The action, after filing, will

PEREMPTORY MOTION TO DISMISS/          7
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

GREGORY CHANDLER

proceed like "civil actions generally" (B&P section 6204 (c))   All actions filed against Lee seek monetary relief against Lee.

Although the rejecting party can seek *de novo* review, there is no statutory requirement to seek de *novo* review.  Any causes of action available to the non-rejecting party may be raised by means of a complaint or cross-complaint. Notwithstanding what the rejecting party does with its causes of action, the non-rejecting party is still required to assert its own causes of action in a complaint or cross-complaint.

The Bar's position is based on its erroneous discussion of *de novo* review. (Bar Memorandum of Points and Authorities 2:22; Bar Memorandum of Points and Authorities 5:3-6; Bar Memorandum of Points and Authorities 7:19-24; Bar Memorandum of Points and Authorities 8:5-22; Bar Memorandum of Points and Authorities 9:1-28; Bar Memorandum of Points and Authorities 10:1-5.)

The Bar's motion also relies on *Corell v. Law Firm of Fox and Fox* (2005) 129 Cal. App. 4th 531.  The Bar asserts that once a party withdraws a request for *de novo* review, the arbitration award is returned to life unless the rejecting party later re-instates an action.

Assuming arguendo, that the Bar's position about *de novo* review is correct, such position is highly irrelevant because there was never a request for *de novo* review and the action was re-instated.  **(Declaration of Gregory Chandler, paragraph 12)**

PEREMPTORY MOTION TO DISMISS/          8
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

1

2

**CONCLUSION**

3

For the reasons stated herein, the peremptory motion to dismiss should be

4

granted under operation of law because the evidence is that pending litigation

5

existed at the time the Bar filed its motion.  Because the arbitration proceedings at

6

issue were rejected under the applicable statute, the Bar's motion should be

7

denied.

8

9

Respectfully submitted,

10

11

12

November 26, 2007

13

14

15

16

Gregory Chandler

17

18

19

20

21

22

23

24

25

26

27

28

PEREMPTORY MOTION TO DISMISS/        9
RESPONSE TO MOTION FOR
INVOLUNTARY ENROLLMENT
Case No 07-AE-_____

GREGORY CHANDLER

**State Bar Defendant's Request for Judicial Notice**

**Exhibit E**

*California State Bar Court Case No. 07-AE-14510 PEM*

*November 26, 2007 "Declaration of Gregory Chandler in Support of Peremptory Motion to Dismiss and in Opposition to State Bar's Motion for Involuntary Enrollment."*

*(Including Exhibits 1-3)*

Exhibit 1:    *October 5, 2007 Marin County Superior Court Case No. CV 074749.*

Exhibit 2:    *October 30, 2007 Marin County Case No. CV 074749, "Notice of Hearing on Demurrer of Defendant Hyoung Ok Lee to Complaint of Gregory Chandler"*

Exhibit 3:    *Notice of Your Rights After Fee Arbitration*

GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102
Telephone: (415) 946-8970
Facsimile: (415) 331-8958

Attorney for Gregory Chandler

**FILED**

NOV 2 6 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

# THE STATE BAR COURT

## HEARING DEPARTMENT –SAN FRANCISCO

In the Matter of:
Gregory Chandler,
Member No. 158260

Case # CV-07-AE-*14870*

**Declaration of Gregory Chandler
in Support of Peremptory Motion
to Dismiss and in Opposition to
State Bar's Motion for Involuntary
Enrollment**

I, Gregory Chandler, make this declaration under penalty of perjury under

the laws of the State of California and the United States of America. I have

personal knowledge of the facts stated herein. If called as a witness, I would and

could testify to the matters declare herein. All documents and attachments

submitted with this declaration are true and correct copies. I declare as follows:

//

Declaration of Gregory Chandler                    1
Case No 07-AE-_____

1. There is no existing arbitration award relevant to this motion. A former arbitration award existed and it was rejected on June 18, 2007 under the statutory commands of California Business and Profession Code section 6204(c). A true and correct copy of the action (Marin County Superior Court # CV 072833) is attached to the motion filed by the State Bar of California. $0.00 is owed Hyoung Ok Lee (Lee) by the undersigned after the statutory rejection.

2. On or about May 21, 2007, I received the arbitration award at issue at my then mailing address of 1038 Redwood Highway, #100D, Mill Valley, Marin County, California. Such Mill Valley, California address is admitted by the State Bar in its moving papers.

3. The action filed on June 18, 2007, was filed in the Superior Court, Marin County. Marin County, California is the county with the most jurisdictional contacts. The action was a general civil action to obtain attorneys' fees unpaid by Lee to the undersigned. A true and correct photocopy of such action is attached to the State Bar's moving papers.

4. On August 7, 2007, I dismissed the action against Lee without prejudice. Lee, therefore, received the benefit of having the action dismissed. A true and correct photocopy of such dismissal is attached to the State Bar's moving papers.

5. On or about September 6, 2007, I received a letter dated September 5, 2007 from the State Bar containing a factual error. The second paragraph of the letter dated September 5, 2007 incorrectly states: "Even though the original fee

Declaration of Gregory Chandler                    2
Case No 07-AE-_____

arbitration was non-binding, the arbitrator's award has now become binding under Business and Professions Code section 6203, subdivision (b) **because neither party filed a request for trial after arbitration within 30 days after service of the arbitrator's award." (emphasis added)** As a factual matter an action was filed on June 18, 2007. A true and correct copy of the letter dated September 5, 2007 is attached to the State Bar's moving papers.

6. On September 10, 2007, I mailed a letter to the State Bar to correct the error mentioned in paragraph 5. Despite the fact that the State Bar was informed of the error that started the enforcement proceedings, the State Bar continues with its erroneous enforcement proceedings. The State Bar was informed that a timely action had been filed. A true and correct copy of my letter dated September 10, 2007 is attached to the State Bar's moving papers.

7. On September 14, 2007, I received a letter from the State Bar dated September 11, 2007 containing another factual error. The fifth paragraph of the letter dated September 11, 2007 errs by asserting that a rejecting party must file for *de novo* review to reject an arbitration award. California Business and Professions Code section 6204 (c) requires a rejecting party to file an "action." That code section does not require a rejecting party to seek *de novo* review of any matter. A true and correct copy of the letter dated September 11, 2007 is attached to the State Bar's moving papers.

Declaration of Gregory Chandler          3
Case No 07-AE-_____

8. During the period from September 5, 2007 to October 25, 2007, the State Bar continued to seek a post-rejection settlement agreement. I decline to enter into a post-rejection settlement agreement in this matter.

9. On October 5, 2007, I re-instated my action against Lee. Such pending action is Marin County Superior Court # CV074749. A true and correct copy of the action is attached as **Exhibit 1**.

10. On or about October 30, 2007, Lee made her appearance in Marin County Superior Court # CV074749. A true and correct copy of a "Notice of Hearing on Demurrer of Defendant Hyoung Ok Lee to Complaint of Gregory Chandler" is attached as **Exhibit 2**.

11. **Exhibit 3** is a true and correct copy of document entitled "Notice of Your Rights After Fee Arbitration." Such document was prepared and served by the Bar Association of San Francisco on the undersigned on May 21, 2007 with a photocopy of the arbitration proceedings at issue. Language from Page 2, section C. (2) (b) of Exhibit 3 is quoted on page 7 of the response: "To reject an award, you still must file a complaint, even if you are not seeking monies from the other party." Neither the statutory language of Business and Professions Code section 6204(c) nor **Exhibit 3** command that the rejecting party must seek *de novo* review.

12. At no time have I ever sought *de novo* review of any arbitration award relevant to this matter. The State Bar's motion is based on the purported failure of a rejecting party to seek *de novo* review. (Bar Memorandum of Points and Authorities 2:22;Bar Memorandum of Points and Authorities 5:3-6; Bar

Declaration of Gregory Chandler          4
Case No 07-AE-_____

GREGORY CHANDLER

Memorandum of Points and Authorities 7:19-24; Bar Memorandum of Points and

Authorities 8:5-22; Bar Memorandum of Points and Authorities 9:1-28; Bar

Memorandum of Points and Authorities 10:1-5)  The action rejecting the

arbitration award seeks monetary relief against Lee and does not ask the court for

*de novo* review of any matter.

Executed under penalty of perjury on November 26, 2007.

Gregory Chandler

Declaration of Gregory Chandler                5
Case No 07-AE-_____

# State Bar Defendant's Request for Judicial Notice

# Exhibit E

## *(Chandler Involuntary Inactive Opposition Declaration)*

*Exhibit 1*

*October 5, 2007 Marin County Superior Court Case No. CV 074749.*

GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA  94111-6102
Telephone:  (415) 946-8970
Facsimile:  (415) 331-8958

Attorney for Plaintiff

FILED

OCT 05 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Petersen, Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MARIN

## LIMITED JURISDICTION

Gregory Chandler,
  Plaintiff,

v.

Hyoung Ok Lee,
and Does 1 through 5,
  Defendants.

Case #  CV074749

**COMPLAINT FOR DAMAGES**

———————————————————

    This is a civil prosecution for the defendants' crimes, wrongs, and bad

acts.

## PARTIES

    1.  The plaintiff is Gregory Chandler (Chandler).  At times relevant to this

action, Chandler engaged in business activity in Marin County, California.

Complaint for Damages                               1

2. Defendant Hyoung Ok Lee (Lee) has complained and alleged that Chandler engaged in acts and omissions in Marin County, California that harmed her.

3. It is alleged that various individuals have acted intentionally or with negligence in encouraging, assisting, and abetting the misconduct of Lee. Such defendants are Doe defendants 1 through 5. Plaintiff will amend the complaint, if necessary, when Doe defendants 1 through 5 become known.

## VENUE AND JURISDICTION

4. Lee has alleged and complained that Chandler engaged in injury-causing acts and omissions against her in Marin County, California. Lee caused a claim and demand for money to be sent to Chandler in Marin County, California. Lee has thereby invoked the jurisdiction of this Court. Lee has alleged and complained that Chandler, an attorney practicing in Marin County, California, has engaged in acts and omissions that took place in Marin County, California. Chandler has suffered actionable injuries in Marin County, California because of Lee's false allegations.

## BACKGROUND OF CASE

5. Lee retained Chandler to perform attorney work. Lee is a native and national of the Republic of Korea (South Korea). Lee is not a citizen of the United States of America. Such attorney work was to defend Lee in a dissolution of marriage petition brought by her husband, a United States citizen. The litigation goal of Chandler and Lee during the attorney-client relationship was to defend the marital partnership, maintain the marital partnership, and continue the marital

Complaint for Damages                    2

partnership at issue. Based on Lee's status as a South Korean national, the litigation goal of defending, maintaining and continuing the marital partnership at issue remained the same throughout the attorney-client relationship. Such litigation goal--as to the dissolution of marriage--existed because of the fact that Lee is not a citizen of the United States of America. Other attorney work was to do immigration work for Lee.

6. Lee later alleged that Chandler wronged Lee because Chandler failed to seek a dissolution for Lee. At no relevant time during the attorney-client relationship did Lee Chandler and Lee adopt a litigation position that Lee wanted a dissolution of marriage. Lee, later, alleged that Chandler had failed to acquire the dissolution of marriage that Lee was seeking during the attorney-client relationship at issue.

7. Lee later falsely alleged that Chandler had submitted documents to the United States Department of Homeland Security (immigration service) containing false information that a dissolution of marriage had taken place in the marriage at issue. The documents at issue were signed under penalty of perjury as being true and correct by Lee and Chandler. Lee, therefore, falsely alleged that she and Chandler filed false documents under penalty of perjury with the United States Department of Homeland Security.

8. Based on the false allegations stated in paragraphs 6 and 7 and other false allegations, Lee demanded a refund of attorneys fees paid.

9. In spite of the undisputed evidence against Lee, Lee continues to maintain that she was the spouse who sought a dissolution of marriage.

Complaint for Damages                  3

10. In spite of the undisputed evidence against Lee, Lee continues to maintain that Lee and Chandler--acting together-- filed false documents under penalty of perjury with the United States Department of Homeland Security.

11. Lee and Chandler later had non-judicial and non-binding fee arbitration in which Lee sought the return of monies paid for attorney's fees. Chandler did not contest or defend Lee's allegations at the fee arbitration and submitted without argument.

12. After the non-judicial and non-binding fee arbitration, Lee received an award. Chandler then filed a timely "action" against Lee under the commands of California Business and Professions Code section 6204. Chandler's action demanded monetary damages against Lee. Chandler's filing of an "action" against Lee creates two litigation acts under California Business and Professions Code section 6204. Such litigation acts are: (1) An irrevocable rejection of the non-binding arbitration award, and, (2) an action seeking monetary damages against Lee payable to Chandler.

13. Chandler later dismissed his action that sought monetary damages against Lee payable to Chandler.

14. It is alleged that Lee's acts unlawful acts continued after the rejection of the non-binding fee arbitration. It is alleged that Lee did not engage in the procedurally correct--but factually fraudulent--conduct of filing a lawsuit against Chandler seeking monetary damages of the matters that Lee has alleged. Instead of filing a fraudulent lawsuit, Lee sought to enforce the rejected

Complaint for Damages                    4

non-binding fee arbitration.  Lee knowingly and intentionally abused legal process in her unlawful attempts to extort money and obtain money from Chandler.

## CAUSES OF ACTION

### (CAUSE OF ACTION ONE)
### (COMMON COUNTS FOR REASONABLE VALUE OF WORK PERFORMED-ATTORNEY'S FEES)

15.  On or about November 23, 2004, to on or about December 4, 2006 Chandler performed attorney services for Lee.  Such attorney services were performed in a lawful, ethical, competent, and reasonable manner under the terms of a written contract.  On or about December 6, 2006, Lee, or an individual working as an agent, employee, or attorney for Lee sent a letter to Chandler's Marin County, California office that demanded that Chandler return to Lee the monies or attorneys' fees paid for such attorney services.

16.  Lee, by making a demand for the return of monies or attorneys' fees paid for attorney services, acted to breach and repudiate the terms of the written contract between Lee and Chandler.

17.  Chandler is entitled to be paid the reasonable and customary attorney's fees for the attorney services he provided to Lee and for the benefit of Lee.

18.  The fair and reasonable value of the attorney services Chandler provided to Lee are at least $20,000.00.

19.  Lee under the terms of the written contract has paid less than the amount of $20,000.00.  Chandler is entitled to, by law, the amount of $20,000.00

Complaint for Damages                              5

in attorneys' fees with a deduction for the amount Lee did pay under the terms of the written contract.

20. Lee has failed and refused, and continues to fail and refuse, to pay Chandler for the reasonable and customary value of Chandler's services as required by law. Instead Lee continues to maintain, in a fraudulent, egregious, and wanton manner, that Chandler has knowingly and intentionally submitted false documents to the United States Department of Homeland Security (immigration service) on her behalf.

21. Lee owes Chandler no less than $11,000.00 for attorneys' fees performed.

**(CAUSE OF ACTION TWO)**

**(COMMON COUNTS FOR MONEY PAID AND OWED)**

22. During the period of on or about November 23, 2004 to on or about December 4, 2006. Chandler paid litigation costs for Lee. Under the terms of the written contract between Chandler and Lee, Chandler was entitled to reimbursement for any litigation costs paid or advanced by Chandler on behalf of Lee.

23. Such litigation costs include costs for postage through the United States Postal Service. Such litigation costs include costs for photocopies of documents necessary for the attorney work done by Chandler on behalf of Lee. Such litigation costs include telephone calls made by Chandler on behalf of Lee.

24. It is alleged that Lee--through her allegations--has admitted that Chandler sent documents to the United States Department of Homeland Security

Complaint for Damages                    6

on her behalf. Lee, by making such allegations has admitted that Chandler caused

documents to be mailed, shipped, faxed, or forwarded to the United States

Department of Homeland Security. Lee has also alleged that Chandler has mailed,

shipped, faxed, or forwarded documents from his office in Marin County,

California to Lee's residence.

25. Based on Lee's admissions in paragraph 20, summary judgment is

proper on Cause of Action Two after the appropriate statutory time has passed.

### (CAUSE OF ACTION THREE)

### (BREACH OF CONTRACT)

26. On or about November 23, 2004 Lee and Chandler entered into

a written contract for Chandler to provide attorney services for Lee.

27. Chandler has performed all conditions, covenants, and promises

required on his part to be performed in accordance with there terms and conditions

of the contract.

28. On or about December 6, 2006, Lee breached the written contract by

making the false allegation that her litigation goal was to obtain a dissolution of

marriage as part of the attorney work at issue. Lee demanded a refund of attorneys

fees paid on the false grounds that Chandler had not acted upon the alleged goal of

obtaining a dissolution of marriage. Lee breached the contract by making false

allegations about the dissolution of marriage at issue.

29. On or about December 6, 2006 Lee breached the written contract by

making the false allegation that Chandler and Lee submitted false documents to

Complaint for Damages                    7

the United States Department of Homeland Security (immigration service). Lee

knew that such allegation was false at the time she made the allegation. Lee

continued to make such allegation even after the documentary evidence was

presented to her showing that no false documents were submitted to the United

States Department of Homeland Security at any time.

30. As a result of Lee's breach of the contract, Chandler has suffered and

expended his time efforts and money to respond to Lee's false allegations about

the dissolution of marriage at issue and the submission of false documents to the

United States Department of Homeland Security. Chandler has been damaged in

the sum of $5,000.00 and is entitled to relief within the jurisdictional limits of this

Court.

### (CAUSE OF ACTION FOUR)

### (FRAUD)

31. Chandler is informed and believes and thereon alleges that Lee

engaged in fraudulent practices in order to extort money from Chandler. Lee, as

part of her acts of extortion, intentionally and falsely alleged that she had the

litigation goal of obtaining a dissolution of marriage from her United States citizen

spouse. Lee, as part of her acts of extortion, intentionally and falsely alleged that

Lee and Chandler submitted false documents to the United States Department of

Homeland Security.

32. As part of Lee's extortion efforts she continued to make the false

representations about her goal of obtaining a dissolution of marriage. As part of

Lee's extortion efforts she continued to make the false representations that Lee and

Complaint for Damages                                    8

Chandler submitted false documents to the United States Department of Homeland Security.

33. Lee representations stated in Cause of Action Four are and were false. The true facts are that Lee was the respondent and defendant in a dissolution of marriage proceeding. The true facts are that Lee and Chandler, at all relevant times, sought to maintain the marriage to Lee's United States citizen spouse. The true facts are also that Lee and Chandler did not submit false documents to the United States Department of Homeland Security.

34. When Lee made the false allegations and representations stated in Cause of Action Four, Lee knew these Lee made the false allegations and representations with the intent to deceive and extort monies from Chandler.

35. Lee has no litigation privilege, freedom of speech privilege, or any other excuse or defense to knowingly making false allegations in order to extort money from Chandler.

36. As a proximate result of Lee's fraudulent and outrageous conduct, Chandler was compelled to spend time and money responding to Lee's extortion attempt and acts of fraud. Chandler has been damaged in the amount of $10,000.00 and is entitled to damages within the jurisdictional amounts of this Court.

37. Lee's aforementioned conduct was an intentional act of fraud, extortion and unlawful acts. Lee's intention was to deprive Chandler of money and property. Lee's intention was to cause Chandler injury. Lee engaged in despicable conduct that subjected Chandler to cruel and unjust hardship in

Complaint for Damages                    9

conscious disregard of Chandler's rights.  Lee's conduct justifies an award of

exemplary and punitive damages against Lee and payable to Chandler.

### (CAUSE OF ACTION FIVE)

### (ABUSE OF PROCESS)

38.  Chandler commenced "an action" in accordance with California

Business and Professions Code section 6204 against Lee to reject the non-binding

arbitration award.  Such "action" sought affirmative relief against Lee by making a

demand for money.

39.  Lee was informed of the complaint against her.  Lee acknowledged the

complaint against her.  Later, after communications with Lee, Chandler dismissed

the complaint for monetary relief without prejudice on August 7, 2007.  As of the

date this action is filed, Lee has not informed and demanded that the action be

re-filed against her.  Lee, therefore, has received and accepted the benefit of

having an action for monetary relief against her dismissed

40.  Lee on are about September 5, 2007, decided to ignore the rejection of

the non-binding arbitration award.  Lee engaged in wrongful act and actions

designed to enforce the non-binding arbitration award that had been rejected.  On

Lee's behalf a letter was sent on September 5, 2007 with the following incorrect

statement:

> "Even though the original fee arbitration was non-binding, the arbitrator's
> award has not become final and binding under Business and Professions
> Code section 6203, subdivision (b) because neither party filed a request for
> trial after arbitration within 30 days after service of the arbitrator's award."

Complaint for Damages                                    10

41.  On September 10, 2007 Chandler responded to the above-mentioned letter by informing that an action was filed against Lee to reject the non-binding arbitration award.  On Lee's behalf, a second letter was sent to Chandler dated September 11, 2007.  The letter dated September 11, 2007 makes the incorrect assertions: "The time for you to file for trial de novo was no later than June 20, 2007, within 30 days of service of the award. That time has passed."

42.  If needed, judicial notice of the Court's files and records will show that Chandler filed a timely general civil "action" against Lee.  California Business and Professions Code section 6204 requires the rejecting party to commence a general civil "action". Judicial notice of the Court's files and records will show that Chandler sought monetary damages against Lee.

43.  It is alleged that Lee's only means of seeking monetary relief against Chandler is by Lee filing a lawsuit in the Superior Court of California against Chandler.  As stated herein, Lee's lawsuit would be procedurally correct but factually fraudulent.

44. It is alleged that Lee's unlawful conduct of alleging that Lee's conduct of ignoring the rejection at issue and then acting to enforce a rejected award is an actionable abuse of process.

45.  It is alleged, that Lee misused the enforcement of arbitration procedures by seeking to enforce a non-binding arbitration award that Lee knew had been rejected.

46.  The ulterior purpose and motivation of Lee in so misusing and abusing the process in the above-described manner was to harass Chandler and to  gain the

Complaint for Damages                    11

collateral advantage of not being forced to file a complaint on the with the fraudulent allegations mentioned in this complaint. Lee is aware that Lee has no actionable cause of action against Chandler by means of a lawsuit so Lee seeks to gain a financial windfall by a purported enforcement of a rejected arbitration award.

47. As for any attorney assisting Lee, such attorney lacked probable cause to act to ignore the rejection of an arbitration award.

48. As a proximate result of the actions of Lee, plaintiff Chandler will be and has been damaged.

49. At all times mentioned herein, Lee acted willfully and with the wrongful intention of injuring plaintiff Chandler and from an improper or evil motive amounting to malice in that Lee has continually sought to gain an unlawful financial windfall by knowingly asserting false charges and then later knowingly acting to enforce a non-binding arbitration award after such award had been rejected.

## PRAYER FOR RELIEF

A.  For compensatory damages according to proof;

B.  For general damages according to proof;

C.  For exemplary damages according to proof;

D.  For punitive damages according to proof;

E.  For expenses and costs of suit;

F.  For attorneys' fees;

G.  For all other appropriate relief.

Dated:  October 3, 2007

Gregory Chandler
Attorney for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial for every complaint, cross-complaint, cause of action, claim, defense, affirmative defense, and matter in this action.

Dated:  October 3, 2007

Gregory Chandler
Attorney for Plaintiff

## VERIFICATION

I have read this complaint.  I state under penalty of perjury under the laws of the United States of America and the State of California that the facts stated in

Complaint for Damages                13

this complaint are true and correct to the best of my knowledge.

Dated:  October 3, 2007

Gregory Chandler
Attorney for Plaintiff

Complaint for Damages                    14

**State Bar Defendant's Request for Judicial Notice**

**Exhibit E**

***(Chandler Involuntary Inactive Opposition Declaration)***

*Exhibit 2*

*October 30, 2007 Marin County Case No. CV 074749, "Notice of Hearing on Demurrer of Defendant Hyoung Ok Lee to Complaint of Gregory Chandler"*

1    Robert I. Simon(SB#72671)
      Attorney at Law
2    550 Montgomery St., Suite 550
      San Francisco, CA 94111
3    Telephone: (415) 434-3608; Fax: (415) 781-6683

4    Attorney for Defendant Hyoung Ok Lee

5

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF MARIN-LIMITED JURISDICTION

10

11    GREGORY CHANDLER,           )   Case No.:CV074749
                                 )
12          Plaintiff,          )   **NOTICE OF HEARING ON DEMURRER OF**
                                 )   **DEFENDANT HYOUNG OK LEE TO**
13       vs.                )   **COMPLAINT OF GREGORY CHANDLER**
                                 )
14    HYOUNG OK LEE, ET AL.,       )   Hearing Date: December 3, 2007
                                 )   Time: 9:00 a.m.
15          Defendants.        )   Dept No.: L
                                 )   Hearing Judge:.Hon. Lynn Duryee
16                                  Date Action Filed: 10/5/07
17  —————————————————————   Trial Date: Not Determined

18     **TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

19     **YOU ARE HEREBY NOTIFIED THAT** on December 3, 2007, at 9:00 a.m., or as soon thereafter

20    as the matter may be heard in Dept. L of the above-entitled Court, located at 3501 Civic Center Drive,

21    San Rafael, CA, 94903, the demurrer of defendant HYOUNG OK LEE to the Complaint For Damages

22    of Plaintiff GREGORY CHANDLER , served and filed with this NOTICE, will be heard.

23    Dated: October 30, 2007

24

25

26                                               _____

27                                               Robert I. Simon
                                              Attorney for Defendant
28                                               Hyoung Ok Lee

-1-

**State Bar Defendant's Request for Judicial Notice**

**Exhibit E**

***(Chandler Involuntary Inactive Opposition Declaration)***

*Exhibit 3*

*Notice of Your Rights After Fee Arbitration*

# Notice of Your Rights After Fee Arbitration
(Revised October 5, 2001)

Your arbitration of attorney's fees has been decided. The arbitrator's award is enclosed. Please read the award carefully.

This notice will explain the rights you may have now that the arbitration is completed. To understand your rights, you must determine whether the award is **binding** or **non-binding**, which should be stated in the award.

If you are not satisfied with the award, you should follow the instructions below to protect your rights. If you are satisfied with the award, please see Part 1E below if your award is non-binding or Part 2C and D if your award was binding or has become binding. If you are unsure of your rights or have questions after reading this pamphlet, you should consult an attorney.

## PART 1 - Rights After Non-Binding Arbitration

If the arbitration award is non-binding, you may have a right to a trial in court. However, if you did not appear at your fee arbitration hearing, you will have to prove to the court that you had a good reason for not being there. If the court determines that your failure to appear was willful, you may not be entitled to a trial after arbitration.

## A. HOW LONG DO I HAVE TO ACT?

If you want a trial in court, you must act within **30 days** after the date the arbitration award was **served** on you.

The **date the arbitration award was served** is printed on the Proof of Service attached to the award.

## B. HOW DO I GET A TRIAL IN COURT?

You must file **documents** in the **proper court** within the 30 day limit.

## C. WHAT DOCUMENTS MUST I FILE? IN WHAT COURT MUST I FILE THEM?

That depends upon whether a lawsuit about the fees has already been filed.

### (1) Yes - *lawsuit already filed.*

If a lawsuit about the fees has already been filed, then you must file a "Rejection of Arbitration Award and Request for Trial" with the same court. The bar association does not provide this document. If the lawsuit was filed in Superior Court, you may need a lawyer's help to file your

1

"Rejection of Arbitration Award and Request for Trial." If the lawsuit was filed in Small Claims Court, you may discuss this with a Small Claims Court Advisor. The Small Claims Court has Judicial Counsel forms to use, (forms SC-100 and SC-101) for this purpose.

**(2) No - *lawsuit not yet filed.***

If no lawsuit about the fees has been filed yet, then you must file your own **lawsuit** in the **proper court.**

(a) Proper Court.

The Small Claims Court is the proper court if the amount in dispute is $5,000 or less, otherwise, the Superior Court is the proper court.

(b) How to file a lawsuit.

A lawsuit is brought by filing a "complaint" with the court. A complaint is a legal document that tells the court what you want and why you are entitled to it. The bar association **does not** have such forms. You may need a lawyer's help to file your complaint if you are filing in the Superior Court. To reject an award, you still must file a complaint, even if you are not seeking monies from the other party.

## D. DO I RISK ANYTHING BY FILING FOR A TRIAL IN COURT?

Yes. The "losing party" in court **may** be ordered to pay the prevailing party's attorney's fees and costs. You will be the "losing party" if you do no better in court than you did in the arbitration.

## E. WHAT IF I AM SATISFIED WITH THE AWARD?

If you are satisfied with the award, wait 30 days. The award will become binding automatically if the other party does not file for a trial in court within the 30 day period after service of the award. Once the award becomes binding, see Part 2C and D to find out what to do next.

## PART 2 - Rights After Binding Arbitration

## A. WHAT ARE MY RIGHTS IF THE ARBITRATION AWARD IS BINDING?

If the arbitration award is **binding**, you must abide by it. There is no appeal from a binding award. Even so, a binding award can be corrected or "vacated" (overturned) by a court, but only on limited grounds as set forth in Code of Civil Procedure section 1286.2 (see attached excerpts of the statute).

## B. WHAT IF I AM DISSATISFIED WITH A BINDING AWARD?

2

A court has the power to "vacate" (overturn) an arbitration award, but only on very narrow grounds. A court can also correct obvious mistakes in the award, such as an arithmetic error.

If you think you are entitled to correct or vacate the arbitration award, please follow the instructions below to protect your rights.

**(1) What must I do to vacate or correct a binding arbitration award?**

You must file a **petition** in the **proper court**.

**(2) How long do I have to act?**

(a)    If you want to correct or vacate the award, you must file a petition within 100 days after the date the arbitration award was served. The date of service is on the proof of service attached to the award.

(2)    However, if you wish to petition to vacate or correct the award but receive notice that the other side has filed a petition to confirm the award, **you no longer have 100 days to file your petition.** You must then respond by filing, in a timely manner, your opposition to the petition to confirm the award and your petition to vacate/correct the award.

**(3) What is a petition?**

A **petition** is a legal document that tells the court what you want and why you are entitled to it. The bar association **does not** provide forms for these petitions. You may need a lawyer's help to prepare your petition.

**(4) In what court do I file my petition?**

That depends upon whether a lawsuit about the fees has already been filed.

(1)    **Yes - *lawsuit already filed.***

If a lawsuit about the fees has already been filed, you will file your petition to vacate or correct the award with that same court.

(2)    **No - *lawsuit not yet filed.***

If no lawsuit about the fees has been filed, then you will file your petition with the court that has jurisdiction over the amount of the arbitration award. The Small Claims Court is the proper court if the amount of the arbitration award is $5,000 or less, otherwise, the Superior Court is the proper court.

**(5) Do I risk anything by petitioning the court to correct or vacate the award?**

Yes. If you lose, the court may order you to pay the prevailing party's attorney's fees and costs.

## C. WHAT IF I AM SATISFIED WITH THE ARBITRATION AWARD AND AM OWED MONEY?

If the arbitration award grants you a refund, you should write the other party a letter and demand payment. If you are not paid, and you are the **client**, you have the right to ask the State Bar to assist you in enforcing the award. If you want the State Bar to assist you and:

(1)     100 days have passed from service of the award and the award is binding, or

(2)     the award has become a final judgment following a trial after arbitration or a petition to vacate, correct or confirm the award, and

(3)     The award was served less than four years ago, you may request a form for enforcement of the award by contacting the following office:

The State Bar of California
Mandatory Fee Arbitration Program
180 Howard Street, 6th Floor
San Francisco, CA 94105
(415) 538-2020

You will be required to complete a State Bar "Client's Request for Enforcement of an Arbitration Award" form. The attorney on the other side will be given an opportunity to respond to your request and agree to a payment plan. He or she will also be able to ask for an opportunity to prove that he or she is not responsible for paying you or is financially unable to pay the award.

The State Bar Court may place the opposing attorney on involuntary inactive status until the award is paid. An attorney on inactive status is not entitled to practice law. (Business and Professions Code section 6203(d)). Any party may contact the State Bar at the address above for a copy of the rules that govern this procedure.

Any party who is owed money has the right to request court orders allowing that party to take property or money from the other party's paycheck, and/or bank accounts. To get those court orders, you must first obtain a judgment confirming the arbitration award.

### (1) How do I obtain a judgment confirming the arbitration award?

To obtain a judgment confirming the arbitration award, whether it was the result of a hearing or a stipulated agreement, you must **petition** for confirmation with the **proper court**.

4

(a) What is a petition for confirmation?

A petition for confirmation is a legal document that tells the court what you want and why you are entitled to it. The bar association **does not** have forms for these petitions. You may need a lawyer's help to prepare your petition.

(b) What is the proper court?

That depends on the amount you are owed. If it is $5,000 or less, the Small Claims Court is the proper court, otherwise, the Superior Court is the proper court.

**(2) How long do I have to file my petition for confirmation?**

You must file your petition for confirmation within four years of the date the arbitration award is served on you. That date appears on the proof of service attached to the award.

**(3) What are my rights after the arbitration award is confirmed?**

When the arbitration award is confirmed, it becomes a judgment of the court. Once you have a judgment, as a judgment creditor, you have a right to "execute" the judgment. That means you may be entitled to court orders allowing you to collect your money by garnishing the other party's paycheck or bank accounts, and/or placing a lien on his or her property. The court has forms to use when you execute. The bar association has **no such forms**.

## D.  WHAT IF I AM SATISFIED WITH THE ARBITRATION AWARD AND I OWE MONEY?

If you owe money, pay it. If you do not pay the award, the other party has a right to obtain a judgment confirming the award and collect the judgment.

Attached are excerpts from the California Business and Professions Code and the California Code of Civil Procedure. The first excerpt, from the Business and Professions Code, is the law that governs fee arbitrations between attorneys and their clients, as well as the authority to request a trial following non-binding arbitration . The second excerpt, from the Code of Civil Procedure, sets forth the law on confirming, vacating or correcting arbitration awards.

You can find further information at your county law library or online at www.calbar.org.

**WATCH THOSE DEADLINES!**

The deadlines we have explained in this notice are important. You can lose certain rights if you do not act before the deadlines pass.

5

**State Bar Defendant's Request for Judicial Notice**

**Exhibit F**

*California State Bar Court Case No. 07-AE-14510 PEM*

*December 6, 2007 "State Bar Defendant's Reply Brief"*

1  Arne Werchick; SBN. 36586
   Presiding Arbitrator
2  Jill A. Sperber; SBN. 112109
   Director/Special Deputy Trial Counsel
3  180 Howard Street, 6th Floor
   San Francisco, CA 94105
4  Telephone: (415) 538-2023

5  Mandatory Fee Arbitration Program of
   The State Bar of California

6

7

8                        The State Bar Court

9                 Hearing Department - San Francisco

10

11

12  In the Matter of:              ) Case No. 07-AE- 14510
                                   )
13  Gregory Chandler,              ) **State Bar's Reply Brief**
                                   )
14  Member No. 158260,             )
                                   )
15  A Member of the State Bar.     )
                                   )
16  _____)

17

18                        **Introduction**

19       On November 16, 2007, the State Bar filed a Motion for Involuntary Inactive

20  Enrollment against Gregory Chandler for failing to comply with a final and binding

21  fee arbitration award. The award was rendered by the Bar Association of San

22  Francisco on May 21, 2007. Throughout the enforcement process, Chandler has

23  maintained that the award was rejected "irrevocably" by a lawsuit he filed in Marin

24  County Superior Court on June 8, 2007. Chandler dismissed that lawsuit on August

25  7, 2007, before serving it on Lee, his former client. The lawsuit was an action in

26  common counts, in which Chandler prayed for damages of $9,500. He did not ask

27  that the arbitration award be set aside by the Court or even give the Court notice of

28  any attorney fee arbitration award.

                              1

**FILED**

DEC 0 6 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

COPY

1    In his "Notice of Motion and Motion for Peremptory Dismissal," Chandler

2    provides an uncertified copy of a second lawsuit, filed on October 5, 2007 in Marin

3    County Superior Court against Lee. Chandler asserts that this second lawsuit

4    somehow removes the State Bar Court's jurisdiction to rule on the motion for

5    involuntary inactive enrollment.

6    On December 5, 2007, the State Bar received a "Status Conference

7    Statement"from Chandler in which he asks the Court to dismiss the Motion for

8    Involuntary Inactive Enrollment. He asserts that "[t]he Superior Court action

9    addresses the attorney-client relationship at issue; and the procedural errors and

10   factual errors of the State Bar of California (State Bar)." This, Chandler asserts,

11   gives exclusive jurisdiction to the Marin County Superior Court.

12   Although Chandler's reasoning is faulty, it should be noted that on December

13   3, 2007, the Marin County Superior Court sustained a demurrer on four of his five

14   causes of action, giving him 20 days to amend.[1] It should also be noted that

15   Chandler does not, in this second lawsuit ask the court to set aside the arbitration

16   award, but instead asks for unspecified compensatory, general, exemplary, and

17   punitive damages, as well as fees and costs.

### Argument

19   The unambiguous provisions of Business & Professions Code section 6204,

20   subdivision (c), require as follows: "If no action is pending, the trial after arbitration

21   shall be initiated by the commencement of an action in the court having jurisdiction

22   over the amount of money in controversy *within 30 days* after mailing of notice of

23   the award. . . . ." (Italics added.) On August 7, 2007, without ever having served the

24   arbitration petitioner, Chandler voluntarily dismissed his original Marin County

25   action; he did not seek in that action to transfer or revive that action.

26   Subsequently, upon learning of the State Bar's intent to enforce the

---

[1] Attached as Exhibit 1 is a copy of the Marin County Superior Court tentative ruling printed from the Court web site.

2

Reply Brief, Motion for Inactive Enrollment, 07-E-124

1  arbitration award, respondent filed a new action -- again in Marin County, which is

2  not the venue of the arbitration proceeding or the residence of arbitration petitioner

3  and former client. The second action was most definitely not filed within the thirty

4  day deadline specified by the statute. It was apparently filed on October 5, 2007. It

5  is worth noting that even if such jurisdictional neglect by an attorney were

6  "excusable," the California Supreme Court has concluded it would not permit the

7  error to be corrected pursuant to Code of Civil Procedure section 473. *Maynard v.*

8  *Brandon* (2005) 36 Cal.4th 364.

9          Chandler appears to believe that by filing a succession of actions against his

10  former client he can prolong the time before the award becomes final and binding.

11  In this he is most definitely in error. The dismissal by the attorney of the initial

12  complaint -- which did not even reference the underlying arbitration award -- and

13  the failure to file a new action within 30 days following the service of the award, as

14  provided by the statute, has the effect of making the arbitration award final and

15  binding. *Corell v. Law Firm of Fox & Fox* (2005) 129 Cal.App.4th 531.

16          Chandler's assertions to the contrary are incorrect, and unsupported by any

17  legal authority. The State Bar respectfully requests that his motion for dismissal be

18  denied.

19

20  Dated: December 6, 2007

21                              Respectfully submitted,
                                The Mandatory Fee Arbitration Program
22                              of The State Bar of California

23

24                              By
                                Jill Sperber
25                              Director, Mandatory Fee Arbitration Program
                                Special Deputy Trial Counsel
26

27

28

3

## Proof of Service by Mail

1. I am over the age of 18 and not a party to this action. I am employed in the City and County of San Francisco.

2. My business address is: State Bar of California, 180 Howard Street, 6th Floor, San Francisco, California 94105-1639.

3. I served a copy of the following document:

**State Bar's Reply Brief**

by enclosing them in an envelope AND

a. [X] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices.

b. [  ] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices by certified mail, , with a return receipt requested.

I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelopes were addressed and mailed as follows:

    a. Name of person served:  Gregory Chandler
    b. Address:              Law Ofc Gregory Chandler
                       101 California St #2450
                       San Francisco, CA 94111
    c. Date mailed: December 6, 2007
    d. Place of mailing: San Francisco, California

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 6, 2007

Alan Bloom

                             (signature of person completing this form)

# State Bar Defendant's Request for Judicial Notice

# Exhibit F

## *California State Bar Court Case No. 07-AE-14510 PEM*

## *December 6, 2007 "State Bar Defendant's Reply Brief"*

*Exhibit 1*

*Marin County Superior Court Case No CV 074749*

*Tentative Ruling:*

*Defendant's Demurrer Sustained in Part and Overruled in Part*

# MARIN SUPERIOR COURT

DATE: 12/03/07        TIME: 9:00 A.M.        DEPT: L        CASE NO: CV074749

PRESIDING: HON. LYNN DURYEE

REPORTER: DEBORAH BARTUNEK                    CLERK: JANET MINKIEWICZ

PLAINTIFF:        GREGORY CHANDLER

vs.

DEFENDANT:        HYOUNG OK LEE

NATURE OF PROCEEDINGS: HEARING ON DEMURRER [DEFT] HYOUNG OK LEE

RULING

**DEFENDANT'S DEMURRER IS SUSTAINED IN PART AND OVERRULED IN PART AS FOLLOWS:**

**FIRST CAUSE OF ACTION:** OVERRULED. THIS IS NOT A CAUSE OF ACTION FOR BREACH OF CONTRACT. "A COMMON COUNT IS NOT A SPECIFIC CAUSE OF ACTION...; RATHER, IT IS A SIMPLIFIED FORM OF PLEADING NORMALLY USED TO AVER THE EXISTENCE OF VARIOUS FORMS OF MONETARY INDEBTEDNESS..." (*MCBRIDE* V. *BROUGHTON* (2004) 123 CAL.APP.4TH 379, 394-395.) "...[Q]UANTUM MERUIT IS A THEORY THAT IMPLIES A PROMISE TO PAY FOR SERVICES AS A MATTER OF LAW FOR REASONS OF JUSTICE..." (*IVERSON, YOAKUM, PAPIANO & HATCH* V. *BERWALD* (1999) 76 CAL.APP.4TH 990, 996.) PLAINTIFF ALLEGES THAT HIS SERVICES WERE WORTH $20,000 AND THAT DEFENDANT HAS NOT PAID HIM $11,000 OF THAT AMOUNT. HE HAS STATED FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

**SECOND CAUSE OF ACTION:** SUSTAINED. ALTHOUGH DEFENDANT INCORRECTLY ARGUES THAT PLAINTIFF IS REQUIRED TO ALLEGE THAT HE MADE A DEMAND ON DEFENDANT FOR PAYMENT (SEE *KOLIAS* V. *COLLIGAN* (1959) 172 CAL.APP.2D 384, 387), PLAINTIFF FAILS TO ALLEGE THE "CERTAIN SUM" HE CLAIMS DEFENDANT OWES HIM. (SEE *FARMERS INS. EXCHANGE* V. *ZERIN* (1997) 53 CAL.APP.4TH 445, 460.) PLAINTIFF HAS 20 DAYS TO AMEND.

**THIRD CAUSE OF ACTION:** SUSTAINED. PLAINTIFF DOES NOT ALLEGE ANY PROVISION OF THE CONTRACT WHICH PROHIBITED DEFENDANT FROM MAKING FALSE ALLEGATIONS. PLAINTIFF HAS 20 DAYS TO AMEND.

FOURTH CAUSE OF ACTION: SUSTAINED. PLAINTIFF HAS NOT STATED A CAUSE OF ACTION FOR FRAUD SINCE HE HAS NOT AND CANNOT ALLEGE THAT DEFENDANT INTENDED TO INDUCE HIM TO RELY ON THE REPRESENTATIONS OR THAT HE IN FACT RELIED ON THEM SINCE HE KNEW THE REPRESENTATIONS WERE FALSE. PLAINTIFF HAS NOT STATED A CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD SINCE HE ALLEGES NO FACTS SHOWING HE REPOSED TRUST AND CONFIDENCE IN DEFENDANT. (SEE *IN RE ARBUCKLE'S ESTATE* (1950) 98 CAL.APP.2D 562, 568-569.) ALTHOUGH THE COURT QUESTIONS WHETHER PLAINTIFF CAN AMEND TO STATE A CAUSE OF ACTION, HE HAS 20 DAYS TO TRY.

FIFTH CAUSE OF ACTION: SUSTAINED. PLAINTIFF ALLEGES NO FACTS SHOWING THAT DEFENDANT USED ANY COURT PROCESS IN AN EFFORT TO ENFORCE THE AWARD. THE COURT HAS NOT CONSIDERED THE ARGUMENT RAISED BY DEFENDANT FOR THE FIRST TIME IN HER REPLY. PLAINTIFF HAS 20 DAYS TO AMEND.

# State Bar Defendant's Request for Judicial Notice

## Exhibit G

*California State Bar Court Case No. 07-AE-14510 PEM*

*December 13, 2007 "Order Denying Motion to Dismiss."*

**FILED**

DEC 1 3 2007

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT - SAN FRANCISCO

| | |
|---|---|
| In the Matter of | **Case No. 07-AE-14510-PEM** |
| **GREGORY CHANDLER,** | **ORDER DENYING MOTION TO DISMISS** |
| **Member No. 158260,** | |
| A Member of the State Bar. | |

On November 26, 2007, Award Debtor Gregory Chandler on his own behalf filed a motion to dismiss the captioned case on the grounds that the Marin County Superior Court has exclusive jurisdiction of the subject matter of the instant case. On December 6, 2007, the Mandatory Fee Arbitration Program of the State Bar of California (State Bar), by Arne Werchick, Presiding Arbitrator, and Jill Sperber, Director, filed opposition thereto.

Having considered the parties' contentions, the court DENIES the motion because:

(1) The Marin County Superior Court complaint filed on June 18, 2007, does not appear to be sufficient to constitute a rejection of the fee arbitration award pursuant to Business and Professions Code section 6204. It is a complaint for common counts; seeks damages not part of the fee arbitration; and does not address vacating the arbitration award or seeking a trial de novo of the matter;

(2) Regardless of whether the aforementioned complaint was sufficient to constitute a rejection of the arbitration award, by voluntarily dismissing the unserved complaint on August 7, 2007, the Award Debtor repudiated any request for trial de novo he may have made by filing the complaint and, therefore, restored the arbitration award. (*Corell v. Law Firm of Fox and Fox* (2005) 129 Cal.App.4th 531, 538); and

(3) Finally, the complaint filed in Marin County Superior Court on October 5, 2007, was

untimely filed pursuant to Business and Professions Code section 6204.

Accordingly, the Award Debtor's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:  December 13, 2007

PAT McELROY
Judge of the State Bar Court

# CERTIFICATE OF SERVICE
## [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of San Francisco, on December 13, 2007, I deposited a true copy of the following document(s):

### ORDER DENYING MOTION TO DISMISS

in a sealed envelope for collection and mailing on that date as follows:

[X]    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at San Francisco, California, addressed as follows:

> **GREGORY CHANDLER**
> **LAW OFC GREGORY CHANDLER**
> **101 CALIFORNIA ST #2450**
> **SAN FRANCISCO, CA  94111**

[X]    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> **JILL SPERBER, Fee Arbitration, San Francisco**

I hereby certify that the foregoing is true and correct. Executed in San Francisco, California, on **December 13, 2007**.

George Hue
Case Administrator
State Bar Court

Certificate of Service.wpt