MARIE M. MOFFAT (62167)
LAWRENCE C. YEE (84208)
MARK TORRES-GIL (91597)
DANIELLE A. LEE (223675)
**STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2339
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Defendants The State Bar
Of California, Judy Johnson, Jill Sperber, and Alan
Bloom

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| GREGORY CHANDLER,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, JUDY<br>JOHNSON, JILL SPERBER, ALAN<br>BLOOM, and DOES 1- 20,<br><br>     Defendants. | MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF STATE<br>BAR DEFENDANT'S MOTION TO<br>DISMISS<br><br>Case No. 3:08-cv-00437-EMC<br><br><br>Date:    March _26, 2008<br>Time:   10:30 a.m.<br>Place:  Courtroom 3, 17th Floor<br>        Hon. _____ |

# Table of Contents

**I. Introduction.** .................................................................................................1

**II. Background** ..................................................................................................2

A.  **Summary of Chandler's Allegations against the State Bar Defendants.** ........................ 2

B.  **State Bar Arbitration Enforcement Proceedings.** ...........................................................4

C.  **The State Bar Defendants.** ...................................................................................5

1.  *The State Bar of California.* ....................................................................................5

2.  *Judy Johnson.* ......................................................................................................6

3.  *Jill Sperber* ..........................................................................................................6

4.  *Alan Bloom.* .........................................................................................................6

5.  *Doe Defendants.* ...................................................................................................6

**III. Argument** ...................................................................................................6

A.  **Rule 12(b)(1) Requires the Court to Dismiss Chandler's Complaint For Lack of Subject Matter Jurisdiction.** ..................................................................................................6

1.  *The Eleventh Amendment Bar's Chandler's Suit.* ...................................................... 6

a.  The Eleventh Amendment Bars All Claims Against the State Bar. ......................................... 6

b.  The Eleventh Amendment Bars Chandler's Claims Against the Individually Named State Bar Defendants in their Official Capacities .........................................................................7

c.  Chandler's Claims against Johnson, Sperber, and Bloom as Individuals Are Indistinguishable from his Claims against Them in their Official Capacities ....................................................... 8

2.  *Younger Abstention Jurisdictionally Bars Chandler's Involuntary Inactive Proceeding Claims.* ................................................................................................................ 8

B.  **Rule 12(b)(6) Requires this Court to Dismiss Chandler' Complaint Because the Few Facts Chandler Has Pled Do Not State a Claim for Relief** ............................................... 9

1.  *Chandler Has Failed to Allege a Plausible § 1983 § 1985 or 1986 Conspiracy* ................. 9

2.  *Chandler Cannot State a § 1983 Federal Right Deprivation For Being Enrolled Involuntary Inactive.* ......................................................................................... 10

3.  *The State Bar Defendants Have to Arbitral Immunity.* ............................................... 10

4.  *The State Bar Defendants Have State Law Immunity for Mandatory Fee Arbitration Proceedings.* ...................................................................................................... 11

i

1   *5.   Chandler Failed to Comply with the Government Tort Claims Act*..................................... 12

2   *6.   Chandler's Claim for State Bar Alleged Overcharging Fails to State a Claim For Relief.*12

3   *7.   Chandler's Request for Injunctive Relief Is Improper and Should Be Denied*.................. 13

4   **IV. Conclusion** ...................................................................................................................**14**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memo of Ps &As in Support of Def's Motion to Dismiss                    08-CV-0437 EMC

1

# Table of Authorities

2

## United States Supreme Court Cases

3

4

Bell Atl. v. Twombly,
   ___ U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................................... 9, 10

5

Edelman v. Jordan,
   415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) ................................................................ 8

6

7

Hafer v. Melo,
   502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ............................................................... 8

8

9

Keller v. State Bar of California,
   496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990) ................................................................. 13

10

Leis v. Flynt,
   439 U.S. 438, 442 (1979) ............................................................................................................. 9

11

12

Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n.,
   457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) ............................................................ 6

13

14

Mireles v. Waco,
   502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ................................................................... 11

15

16

Missouri v. Fiske,
   290 U.S. 18, 54 S. Ct. 18, 78 L. Ed. 145 (1933) ......................................................................... 7

17

Monell v. Dept. of Social Servs.,
   436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). .............................................................. 7

18

19

Pennhurst State Sch. & Hosp. v. Halderman,
   465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ............................................................... 6, 7

20

Pulliam v. Allen,
   466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) .......................................................... 13

21

22

Will v. Mich. Dept. State Police,
   491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ........................................................ 7, 13

23

24

Younger v. Harris,
   401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669  (1971) ......................................................... 2, 8, 14

25

26

27

28

1  **Ninth Circuit Cases**

2

3   Cahill v. Liberty Mut. Ins. Co.,
       80 F.3d 336 (9th Cir. 1996)................................................................. 9

4   Chappel v. Robbins,
5       73 F.3d 918 (9th Cir. 1960)................................................................. 10

6   Clark v. Wash.,
       366 F.2d 678 (9th Cir. 1966)................................................................ 11

7
8   Giannini v. Real,
       911 F.2d 354 (9th Cir. 1990)................................................................ 10

9   Harvey v. Waldron,
10      210 F.3d 1008 (9th Cir. 2000).............................................................. 11

11  Hirsh v. Justices of the Sup. Ct. of Cal. et al.,
       67 F.3d 708 (9th Cir. 1995).......................................................... passim

12
13  Lupert v. Cal. State Bar,
       761 F.2d 1325 (9th Cir. 1985), cert. denied,
       474 U.S. 916, 106 S. Ct. 241, 88 L. Ed. 2d 251 (1985) ........................... 6

14
15  Miller v. Rykoff –Sexton, Inc.,
       845 F.2d 209 (9th Cir. 1998)................................................................ 15

16  Nunes v. Ashcroft,
17      348 F.3d 815 (9th Cir. 2003)................................................................ 15

18  Olagues v. Russoniello,
       770 F.2d 791 (9th Cir. 1985)................................................................ 14

19
20  Pena v. Gardner,
       976 F.2d 46 (9th Cir. 1992)............................................................... 7, 8

21
22  Peterson v. Jensen,
       371 F.3d 1199 (9th Cir. 2004).............................................................. 10

23  Price v. Akaka,
24      928 F.2d 824 (9th Cir. 1990)................................................................. 8

25  Rosenthal v. Justices of the Sup. Ct of Cal.,
       910 F.2d 561 (9th Cir. 1990)....................................................... 5, 10, 13

26  Saul v. United States,
27      928 F.2d 829 (9th Cir. 1991)................................................................ 15

28

W. Mining Council v. Watt,
643 F.2d 618 (9th Cir. 1981)........................................................................ 9

Wasyl, Inc. v. First Boston Corp.,
813 F.2d 1579 (9th Cir.1987)...................................................................... 11

**Other Circuit Cases**

Olson v. Nat'l Ass'n of Sec. Dealers,
85 F.3d 381 (8th Cir. 1996)........................................................................ 11

Seaborn v. Fla. Dept. of Corr.,
143 F.3d 1405 (11th Cir. 1998).................................................................... 7

**District Court Cases**

Boykin v. Bloomsburg Univ. of Penn.,
893 F. Supp. 378 (M.D.Pa. 1995) ................................................................ 7

Cort v. American Arb. Ass'n,
795 F. Supp. 970 (N.D. Cal. 1992) ............................................................. 11

Levanti v. Tippen,
585 F. Supp. 499 (S.D. Cal. 1984)............................................................. 10

**California Supreme Court Cases**

City of San Jose v. Sup. Ct.,
12 Cal.3d 447, 525 P.3d 701, 115 Cal. Rptr. 717 (1974)........................... 12

In re Att'y Discipline Sys.,
19 Cal.4th 582, 7967 P.2d 49, 9 Cal. Rptr. 2d 836 (1998) ..................... 5, 13

In re Rose,
22 Cal.4th 430, 993 P.2d 956, 93 Cal. Rptr. 2d 298 (2000) ....................... 5

**California Appellate Cases**

Bohrer v. Cty. of San Diego,
104 Cal. App. 3d 155, 163 Cal. Rptr. 419 (1980) ..................................... 12

Coopers & Lybrand v. Sup. Ct.,
212 Cal. App. 3d 524, 260 Cal. Rptr. 713 (1989) ..................................... 11

Dilts v. Cantua Elem. Sch. Dist.,
189 Cal. App. 3d 27, 234 Cal. Rptr. 612 (1987) ....................................... 12

v

Engel v. McCloskey,
     92 Cal. App. 3d 870, 155 Cal. Rptr. 284 (1979) ............................................... 12

Jamison v. Cal.,
     31 Cal. App. 3d 513, 107 Cal. Rptr. 496 (1973) ............................................... 12

Rosenthal v. Vogt,
     229 Cal. App. 3d 69, 75 (1991) ......................................................................... 12

Taylor v. Mitzel,
     82 Cal. App. 3d 665, 147 Cal. Rptr. 323 (1978) ............................................... 12

**United States Constitution**

Eleventh Amendment ................................................................................. passim

Fourteenth Amendment ................................................................................. 3, 10

**California Constitution**

Cal. Const., art. VI, § 9 ...................................................................................... 5

**Federal Statutes**

42 U.S.C. § 1981 ................................................................................................. 7

42 U.S.C. § 1983 ...................................................................................... passim

42 U.S.C. § 1985 ................................................................................. 1, 2, 7, 10

42 U.S.C. § 1986 ................................................................................. 1, 2, 9, 10

42 U.S.C. § 1988(b) ........................................................................................... 4

**State Statutes**

Cal. Bus. & Prof. Code § 6001 ......................................................................... 5

Cal. Bus. & Prof. Code § 6085(e) ..................................................................... 9

Cal. Bus. & Prof. Code § 6094(a) ................................................................... 12

Cal. Bus. & Prof. Code § 6200 ..................................................................... 4, 11

Cal. Bus. & Prof. Code § 6200(c) ..................................................................... 4

Cal. Bus. & Prof. Code § 6200(d) ..................................................................... 4

Cal. Bus. & Prof. Code § 6200(f) ................................................................. 4, 11

vi

Cal. Bus. & Prof. Code § 6203(b) .................................................................... 5

Cal. Bus. & Prof. Code § 6203(d)(1) ................................................................ 5

Cal. Bus. & Prof. Code § 6203(d)(2) ................................................................ 1

Cal. Bus. & Prof. Code § 6203(d)(3) ................................................................ 5

Cal. Bus. & Prof. Code § 6204 ......................................................................... 5

Cal. Govt. Code § 811.2 .................................................................................. 12

Cal. Govt. Code § 811.4 .................................................................................. 12

Cal. Govt. Code § 818.4 .................................................................................. 12

Cal. Govt. Code § 821.2 .................................................................................. 12

Cal. Govt. Code § 900.4 .................................................................................. 12

Cal. Govt. Code § 940.4 .................................................................................. 12

Cal. Govt. Code § 945.4 .............................................................................. 2, 12

**Federal Rules of Civil Procedure**

Rule 12(b)(1) .................................................................................................... 6

Rule 12(b)(6) ............................................................................................... 9, 10

Rule 8(a)(2) ................................................................................................. 9, 10

Rule 65 .......................................................................................................... 4, 13

**California Rules of Court**

Rule 9.12 ......................................................................................................... 14

Rule 9.13 ......................................................................................................... 14

Rule 9.13(d) ...................................................................................................... 5

# State Bar Rules of Procedure

Rule 3.52 ............................................................................................................ 14

Rule 3.80 ............................................................................................................ 14

Rule 301 ............................................................................................................. 14

Rule 700(b)(5) ...................................................................................................... 4

Rule 701(a) ........................................................................................................... 5

Rule 702 ............................................................................................................... 5

Rule 703 ............................................................................................................... 5

Rule 704 ............................................................................................................... 5

Rule 705 ............................................................................................................... 1

Rule 705(a) ......................................................................................................... 10

Rule 706 ........................................................................................................ 5, 10

Rule 708 ............................................................................................................... 5

Rule 709 ............................................................................................................... 5

# Memorandum of Points and Authorities

## I. Introduction.

Chandler alleges that the State Bar has somehow wrongfully deprived him of his law practice. This apparently occurred when the State Bar Defendants allegedly adopted his client Hyoung Ok Lee's false immigration fraud claim against him. On that basis, Chandler sues the State Bar and three State Bar employees – Judy Johnson, Jill Sperber, and Alan Bloom.[1] Chandler doesn't explain how this alleged false immigration fraud charge relates to his State Bar proceedings. Chandler gives no other concrete facts for the State Bar Defendants – or this Court – to understand his allegations and defend against his claims of section 1983 violations, section 1985(3) and 1986 conspiracy claims, negligent and intentional infliction of emotional distress, overcharging bar dues, and "permanent injunction." Chandler then asks this court to appoint a random person to take over the State Bar, and to give him compensatory and punitive damages.

State Bar Defendants are left guessing just how the State Bar's involvement with Chandler caused him to sue them. State Bar Defendants' best guess is the State Bar Defendants' proceedings required under Cal. Bus. & Prof. Code § 6203(d)(2) to involuntarily enroll him inactive because he failed to pay a final and binding attorney fee arbitration award to Lee because he names two State Bar employees – Jill Sperber and Alan Bloom – involved in his arbitration enforcement involuntary inactive proceedings.[2] That connection, however, makes no sense because involuntary inactive proceedings do not involve underlying factfinding of fraud or misconduct. Instead, such proceedings involve only the issues of whether there is an existing final and binding arbitration award and issues related to the payment of the award.[3]

Whatever Chandler's logic, this court should dismiss Chandler's complaint without leave to amend. The Eleventh Amendment jurisdictionally bars all of Chandler's claims against the State Bar, and against Johnson, Sperber and Bloom in their official capacities for Chandler's requested

---

[1] Collectively as "State Bar Defendants."

[2] See generally State Bar Defendants' Request for Judicial Notice in Support of Motion to Dismiss.

[3] State Bar Rules Proc. 705.

1

retrospective injunctive relief and money damages. Chandler's lawsuit also violates the <u>Younger</u>[4] abstention doctrine because Chandler filed his lawsuit before the State Bar Court made a decision on whether to involuntary enroll him inactive. Judicial, statutory, and arbitral immunity also bar Chandler's claims. Chandler, moreover, failed to present his state law claims to the State Bar Board of Governors prior to filing his lawsuit in violation of the Tort Claims Act.[5] Chandler also fails to state a claim for relief because the State Bar Defendants are not sections 1983, 1985, and 1986 "persons" subject to suit and because being prevented from law practice is not a deprivation of a Fourteenth Amendment or any other federal right.

## II. Background

### A. Summary of Chandler's Allegations against the State Bar Defendants.

Chandler alleges 12 claims against State Bar Defendants. His first six claims are for section 1983 violations.[6] His sixth, seventh and eighth claims allege section 1983, 1985(3) and 1986 conspiracies, respectively.[7] His ninth and tenth claims allege negligent and intentional infliction of emotional distress.[8] His eleventh claim alleges overcharging of state bar dues, both as a

---

[4] <u>Younger v. Harris,</u> 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[5] Cal. Govt. Code § 945.4.

[6] Complaint at ¶¶28-68, Chandler's first six section 1983 violations, against Johnson, Sperber, and Bloom as individuals (first claim), against Johnson, Sperber, and Bloom in their official capacities (second claim), against Johnson Sperber and the State Bar in their official capacities (third claim), against Johnson, Sperber, and Bloom as individuals and in their official capacities (fourth claim), against Johnson and Sperber as individuals and in their official capacities, and the State Bar (fifth claim), and against Johnson, Sperber, and Bloom as individuals and in their official capacities (sixth claim).

[7] Complaint at ¶¶60-84, against Johnson, Sperber, and Bloom as individuals and in their official capacities (sixth claim), against Johnson and Sperber as individual and in their official capacities, against Bloom as an individual, and against the State Bar (seventh claim), against Johnson and Sperber as individuals and in their official capacities, and against the State Bar (eighth claim).

[8] Complaint at ¶¶85-100, against all defendants in their individual and official capacities (ninth and tenth claim).

common law claim and as a section 1983 violation.[9]  His twelfth claim is for "permanent injunction" with no specified legal basis other than incorporating all of his previous allegations.[10]

The facts Chandler alleges for his first ten claims are that his client, Hyoung Ok Lee, attempted to extort an attorney fee refund from Chandler by falsely alleging that she and Chandler committed immigration fraud by submitting false documents to Homeland Security.[11]

Chandler alleges that the State Bar Defendants – or State Bar supervisors knowingly allowed State Bar employees[12] – to conspire to[13] and knowingly adopt Lee's false allegation as their own presumably in unspecified State Bar proceedings. In adopting these false allegations and acting on them[14] without probable cause, the State Bar Defendants placed themselves above the federal government and made determinations exclusive to federal law.[15]  State Bar Defendants did this to intentionally cause Chandler harm.[16] This unlawful conduct deprived Chandler of his Fourteenth Amendment "right" to practice law,[17] caused him economic harm, emotional trauma, physical and irreparable reputational harm[18] – marking him as a person who commits immigration fraud –,[19] recognized mental and emotional conditions that continue to cause Chandler disabling, emotional, mental and physical harm.[20]

---

[9] Complaint at ¶¶ 101-107, against the State Bar (eleventh claim).

[10] Complaint at ¶¶ 108-114, against all defendants in their individual and official capacities (twelfth claim).

[11] Complaint at ¶¶3-8.

[12] Complaint at ¶¶40-45, 53-60, 76-84, claims three, five and eight.

[13] Complaint at ¶¶60-84, claims six through eight.

[14] Complaint at ¶¶28-39, claims one and two.

[15] Complaint at ¶¶46-52, claim four.

[16] Complaint at ¶¶85-100, claims nine and ten.

[17] Complaint at ¶¶3, 14.

[18] Complaint at ¶¶14, 59, 67, 74 and 83.

[19] Complaint at ¶¶89, 97.

[20] Complaint at ¶¶91-92, 99-100.

Memo of Ps &As in Support of Def's Motion to Dismiss                    08-CV-0437 EMC

1  Chandler seeks a preliminary injunction to "remedy defendants' unlawful conduct" before

2  Chandler's complaint is resolved,[21] because all punitive acts based on these false allegations are

3  null and void as a matter of law.[22]

4  Chandler seeks a permanent injunction for a Court-appointed Monitor to oversee the State

5  Bar for 10 years, annually report to the Court on State Bar injunction compliance, to control all

6  state bar policies, and to hire, fire, and train all State Bar management, directors, officials and

7  employees.[23]

8  Chandler also seeks compensatory damages, special damages, punitive damages, attorney's

9  fees, litigation costs and other related expenses.[24]

**B. State Bar Arbitration Enforcement Proceedings.**

11  State law requires the State Bar to establish and administer a statewide attorney-client fee

12  dispute arbitration program.[25] The State Bar – under State Bar Board of Governors approved

13  rules – processes State Bar arbitration program requests, and regulates and oversees local bar

14  association and other fee arbitration programs.[26]  The Presiding Arbitrator, or his designee,

15  supervises State Bar Mandatory fee arbitration hearings.[27]

16  An attorney must participate when a client requests fee arbitration.[28]  The parties do not have

17  to agree to binding arbitration – it can be non-binding, or mediation.[29]  Even for non-binding

---

[21] Complaint at ¶¶13, 16, 115.B, citing Federal Rule of Civil Procedure "Rule" 65.

[22] Complaint at ¶¶6, 49.

[23] Complaint at ¶¶27, 115.

[24] Complaint at ¶¶25, 115.C-G, citing 42 U.S.C. § 1988(b).

[25] Cal. Bus. & Prof. Code § 6200 et seq.

[26] Cal. Bus. & Prof. Code § 6200(d)-(f).

[27] Cal. Bus. & Prof. Code § 6200, et seq. State Bar Rules Proc. 700(b)(5).

[28] Cal. Bus. & Prof. Code § 6200(c) (The client's participation, however, is voluntary if the attorney requests it, unless the client already agreed in writing.).

[29] Cal. Bus. & Prof. Code § 6200.

4

1  arbitration, however, the award becomes binding 30 days after the notice of award mailing,

2  unless a party seeks trial de novo within the 30 days.[30]

3      The client can enforce a binding award or judgment in state court and through the State Bar.

4  If the client requests State Bar arbitration award enforcement, the Presiding Arbiter initiates

5  proceedings in the State Bar Court to place the attorney on involuntary inactive status until the

6  attorney refunds the fees.[31]  The attorney may file a response and have a hearing.[32]  The attorney

7  has an opportunity to show payment in full of the award or an agreed payment plan as a basis for

8  the Presiding Arbitrator to withdraw the motion.[33]  There is no separate discovery or factfinding

9  regarding the award's basis.[34]

10     Either party can appeal the Hearing Judge's ruling to the State Bar Court Review

11 Department.[35]  And, both can seek California Supreme Court review.[36]

12 **C. The State Bar Defendants.**

13 ***1.   The State Bar of California.***

14     Article VI, section 9 of the California Constitution establishes the State Bar and expressly

15 acknowledges it as intrinsic to the judiciary.[37]  The California Supreme Court characterizes it as

16 its "administrative arm" for purposes of licensing person to practice law and in attorney

17 discipline.[38]

18

19 ───────────────

   [30]Cal. Bus. & Prof. Code § 6204; Cal. Bus. & Prof. Code § 6203(b).

20  [31] Cal. Bus. & Prof. Code § 6203(d)(1); State Bar Rules Proc. 701(a).

21  [32] State Bar Rules Proc. 702-704. The State Bar may assess administrative penalties and
22 reasonable costs against an attorney in connection with the enforcement proceedings. Cal. Bus.
   & Prof. Code § 6203(d)(3); State Bar Rules Proc. 708.

23  [33] State Bar Rules Proc. 703.

24  [34] State Bar Rules Proc. 706.

25  [35] State Bar Rules Proc. 709.

26  [36] Cal. Rules Ct. 9.13(d).

   [37] See Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; In re Rose, 22 Cal.4th 430,
27 438, 993 P.2d 956, 93 Cal. Rptr. 2d 298 (2000).

28  [38] See In re Att'y Discipline Sys., 19 Cal.4th 582, 598-600, 967 P.2d 49, 79 Cal. Rptr. 2d 836
   (1998); see also Rosenthal v. Justices of the Sup. Ct. of Cal., 910 F.2d 561, 566 (9th Cir. 1990).

*2. Judy Johnson.*

The State Bar employs Judy Johnson as its Chief Executive Director. Ms. Johnson has direct oversight authority over bar operations.

*3. Jill Sperber*

The State Bar employs Jill Sperber a Special Deputy Trial Counsel attorney and Director of its Office of Mandatory Fee Arbitration and is the official bar employee responsible for handling the arbitration enforcement action against Chandler.

*4. Alan Bloom.*

The State Bar employs Alan Bloom as a Senior Administrative Assistant in its Office of Mandatory Fee Arbitration and is an official bar employee responsible for handling the arbitration enforcement action against Chandler.

*5. Doe Defendants.*

Chandler names "Does 1-20" as additional State Bar defendants.[39] However, the complaint fails to specify what acts he claims were committed by these unidentified entities or individuals.

## III. Argument

### A. Rule 12(b)(1) Requires the Court to Dismiss Chandler's Complaint For Lack of Subject Matter Jurisdiction.

*1. The Eleventh Amendment Bar's Chandler's Suit.*

a.   The Eleventh Amendment Bars All Claims Against the State Bar.

The Eleventh Amendment prevents Chandler from suing a state or one of its agencies in federal court without consent.[40] The State Bar's character as 'arm of the State' extends to Eleventh Amendment immunity.[41] Chandler's Third Claim, in particular, references Monell v.

---

[39] Complaint at ¶20.

[40] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984).

[41] See Hirsh v. Justices of the Sup. Ct. of Cal. et al., 67 F.3d 708, 712 (9th Cir. 1995) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 437, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)). MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969); see also Lupert v. Cal. State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985), cert. denied, 474 U.S. 916, 106 S. Ct. 241, 88 L. Ed. 2d 251 (1985).

1 | Department of Social Services.[42] Monell made municipalities subject to section 1983 claims, but

2 | not states or instrumentalities.[43] States and their entities that are Eleventh Amendment "arms of

3 | the State" are not "persons" subject to suit under Section 1983, and 1985.[44]

4 |     The Eleventh Amendment's jurisdictional bar applies no matter what relief Chandler seeks.[45]

5 | It also applies to Chandler' pendent state law claims.[46] Accordingly, the Eleventh Amendment

6 | bars all claims against the State Bar. [47]   All of Chandler's claims against the State Bar, therefore,

7 | should be dismissed with prejudice.[48]

8 | b.  The Eleventh Amendment Bars Chandler's Claims Against the Individually Named State Bar
Defendants in their Official Capacities

9 |

10 |     Chandler sues Johnson, Sperber and Bloom in their official capacities. Suing a state official

11 | in his or her official capacity, however, is the same thing as suing a state.[49] Chandler's Fourth

12 | through Tenth, and Twelfth Claims against Johnson, Sperber, and Bloom in their official

13 | capacities for retrospective relief or damages, should be dismissed with prejudice.[50] Chandler's

14 | Second and Third Claim for Relief – because they are alleged against Johnson, Sperber, and

15 | Bloom in their official capacities only – should be dismissed in their entirety.[51]

16 |     //

17 |     //

18 | ————————————

19 | [42] 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977).

20 | [43] Will v. Mich. Dept. State Police, 491 U.S. 58, 70-71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

21 | [44] Will, 491 U.S. at 70. Boykin v. Bloomsburg Univ. of Penn., 893 F. Supp. 378, 394 (M.D. Pa. 1995).

22 | [45] Pennhurst, 465 U.S. at 100-01; see also Missouri v. Fiske, 290 U.S. 18, 54 S. Ct. 18, 78 L. Ed. 145 (1933).

23 |

24 | [46] Pennhurst, 465 U.S. at 120-121.

25 | [47] Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992); Seaborn v. Fla. Dep't. of Corr., 143 F.3d 1405, 1407 (11th Cir. 1998).

26 | [48] Will, 491 U.S. at 70.

27 | [49] Will, 491 U.S. at 71.

28 | [50] Id.

[51] Id.

c. Chandler's Claims against Johnson, Sperber, and Bloom as Individuals Are Indistinguishable from his Claims against Them in their Official Capacities.

Chandler does not identify how Johnson, Sperber, and Bloom acting as individuals deprived him of federal rights under color of law: Chandler's First and Second Claims for section 1983 violations are identical except that he sues them in their individual and official capacities.[52] From his Fourth Claim on, Chandler alleges both individual and official capacity.[53] Chandler, however, alleges that the State Bar has a culture of ill will and mean spiritedness against its members, that State Bar Defendants have some authority over him, and that Johnson and Sperber as policymakers had the "supervisory power" to prevent State Bar employees' unlawful conduct.[54] These allegations speak to State Bar policy, customs and procedure. Chandler, therefore, sues Johnson, Sperber and Bloom in their official capacities only,[55] and the Eleventh Amendment bars his damages and restrospective relief claims.[56]

**2. _Younger_ Abstention Jurisdictionally Bars Chandler's Involuntary Inactive Proceeding Claims.**

The Younger doctrine requires "abstention in favor of state proceedings (1) that are on-going, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims."[57] Chandler accuses the State Bar of depriving him of his law practice, that he continues to suffer harm from that deprivation, and that the harm will continue.[58] The State Bar Hearing Department, however, had not yet involuntarily enrolled Chandler as inactive when Chandler filed his lawsuit. His State Bar proceedings, therefore, were ongoing at the time he filed his lawsuit. Attorney licensing is a uniquely important state interest because States have

---

[52] Complaint at ¶¶ 28-39.

[53] Complaint at ¶¶46-100, 108-114.

[54] Complaint at ¶¶32, 33, 51, 55, 79.

[55] See Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990).

[56] Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Hafer v. Melo, 502 U.S. 21, 24-25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991); Pena, 976 F.2d at 472 (same).

[57] Hirsh, 67 F.3d at 712.

[58] Complaint at ¶3.

controlled attorney licensing since this country's birth.[59] State Bar members can assert federal constitutional rights when defending themselves in attorney disciplinary proceedings.[60] Younger abstention bar's Chandler's lawsuit, and it should be dismissed in its entirety.

## B. Rule 12(b)(6) Requires this Court to Dismiss Chandler' Complaint Because the Few Facts Chandler Has Pled Do Not State a Claim for Relief.

### 1. Chandler Has Failed to Allege a Plausible § 1983 § 1985 or 1986 Conspiracy.

Chandler alleges three conspiracy claims. Chandler, however, must meet Rule 12(b)(6) legal sufficiency.[61] In Bell Atlantic Corp. v. Twombly,[62] the Supreme Court refined and heightened the "plain statement"[63] pleading standard for conspiracy: the factual scenario cannot be neutral, it must be factually suggestive of a plausible conspiracy to show entitlement to relief.[64] Chandler, on the other hand, gives no information on how Johnson, Sperber, and Bloom allegedly conspired to deprive him of his law practice.

Stripped of Chandler's personal opinion that Lee's allegation was false, his claim that the State Bar Defendants acted on her behalf is factually neutral. Chandler, moreover, never explains what this allegedly false immigration fraud accusation has to do with Chandler's involuntary inactive proceeding – Chandler never says when she accused him of immigration fraud, who she told this accusation to, and how the State Bar supposedly used it in his involuntary inactive proceedings – assuming the involuntary inactive proceedings is the false allegation adoption that Chandler is talking about—or any other bar proceeding. Because Chandler facts do not suggest a plausible conspiracy, his claim falls far short of Bell Atlantic's suggested heightened "plain

---

[59] Leis v. Flynt, 439 U.S. 438, 442 (1979).

[60] See Cal. Bus. & Prof. Code § 6085(e); Hirsh, 67 F.3d at 713.

[61] Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337 (9th Cir. 1996). W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

[62] ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

[63] FRCP 8(a)(2).

[64] Twombly, 127 S. Ct. at 1966, fn 5, 1974.

statement" requirement.[65] His "false immigration fraud allegation" §§ 1983, 1985 and 1986

conspiracy claims should be dismissed on that basis alone.

## 2. *Chandler Cannot State a § 1983 Federal Right Deprivation For Being Enrolled Involuntary Inactive.*

Chandler fails to state a due process claim:  Chandler's State Bar proceeding can not take his

right to practice law in violation of his Fourteenth Amendment rights because State Bar

proceedings provide constitutionally sufficient due process.[66] Chandler's fourth claim references

minimal due process regarding Lee's alleged false immigration fraud allegation.  That reference

makes no sense: State Bar court proceedings are not criminal proceedings. Chandler is the only

person talking about federal criminal charges and the only person accusing himself of

immigration fraud.  His complaint does not explain what this alleged false immigration charge

has to do with the State Bar Defendants and his Involuntary Inactive proceeding. The purpose of

his State Bar proceeding is to enforce a valid, final and binding arbitration award – not to

relitigate the factual basis for the award. The factfinding has already been done by a separate

arbitration organization and arbiter.[67] Chandler cannot allege a due process claim by bringing

federal criminal due process from a nonexistent criminal charge into his State Bar proceeding.

Chandler simply fails to establish any due process violation.

## 3. *The State Bar Defendants Have to Arbitral Immunity.*

Rule 12(b)(6) also requires this Court to dismiss Chandler's claims against the State Bar

Defendants because they have arbitral immunity.[68] The Ninth Circuit extends judicial immunity

---

[65] Id. at 1966.; Rule 8(a)(2).

[66] Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990); Rosenthal, 910 F.2d at 564-565; Hirsh, 67 F.3d at 713.

[67] State Bar Rules Proc. 705(a) (fee arbitration hearing on whether the attorney has failed to pay); State Bar Rules Proc. 706 (no discovery).

[68] The State Bar Defendants also have judicial immunity for attorney discipline proceedings. Peterson v. Jensen, 371 F.3d 1199, 1201-02 (9th Cir. 2004); Chappel v. Robbins, 73 F.3d 918, 920 (9th Cir. 1960). Federal common law judicial immunity and section 1983 protect state bar associations, their officers, agents and employees against being sued for damages -- or equitable relief – for alleged wrongdoing in attorney discipline administration-- including against accusations of bad faith, malice or unconstitutionality. Hirsh, 67 F.3d at 714-15; Levanti v. Tippen, 585 F. Supp. 499, 504 (S.D. Cal. 1984); Clark v. Wash., 366 F.2d 678, 681 (9th Cir.

10

1  to arbitrations to encourage arbitration and to protect the decision-maker and arbitration process

2  from undue influence and reprisals by dissatisfied litigants.[69] Arbitral immunity also protects

3  sponsoring arbitration associations, even against accusations of misconduct, evidence spoliation,

4  contract breach, negligence, or an organization's violation of its own rules during the resolution

5  process.[70] The State Bar is the agency responsible for establishing and regulating the entire

6  Mandatory Fee Arbitration Program. All of the State Bar's regulatory oversight and sponsoring

7  agency proceedings, therefore, are entitled to arbitral immunity.

8      State Bar executive director Johnson, State Bar Mandatory Fee Arbitration Director Sperber

9  and Mandatory Fee Arbitration Special Administrative Assistant Bloom administer the

10  Mandatory Fee Arbitration Program, handle all enforcement requests, including Lee's against

11  Chandler, and oversee local bar association fee arbitration programs statewide, including the San

12  Francisco Bar Association that issued the initial fee award against Chandler.[71] As such, Johnson,

13  Sperber and Bloom are also entitled to arbitral immunity.

### 4. The State Bar Defendants Have State Law Immunity for Mandatory Fee Arbitration Proceedings.

The State Bar Defendants also have state law immunity against Chandler's state law claims
related to his State Bar Mandatory Fee Arbitration Program proceedings.[72] This statutory
immunity covers the arbitrator, arbitration proceedings, the arbitrating association and its
directors, officers, and employees.[73]

---

1966). Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

[69] See Coopers & Lybrand v. Sup. Ct., 212 Cal. App. 3d 524, 534-36, 260 Cal.Rptr. 713 (1989); see also Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir.1987).

[70] See Cort v. American Arb. Ass'n, 795 F. Supp. 970, 971-72 (N.D. Cal. 1992); Corey v. N.Y.S.E., 691 F.2d 1205, 1211 (6th Cir.1982). Olson v. Nat'l Ass'n of Sec. Dealers, 85 F.3d 381, 383 (8th Cir. 1996).

[71] Cal. Bus. & Prof. Code § 6200.

[72] Cal. Bus. & Prof. Code § 6200(f).

[73] Id.

1   *5.   Chandler Failed to Comply with the Government Tort Claims Act.*

2        Chandler' state law damages claims also fail because Chandler failed to comply with the

3   Government Tort Claims Act. Chandler alleges intentional and negligent infliction of emotional

4   distress and common law overcharging. [74] The Government Tort Act applies to the State Bar and

5   its employees. [75] Chandler must follow Government Tort claim law – whether or not his claim

6   has merit– to 1) allow the State Bar a timely opportunity to investigate 2) determine facts 3)

7   settle meritorious claims and 4) protect the State Bar from fraudulent ones. [76] Here, Chandler's

8   compliance with the Government Tort Act would have given the State Bar the opportunity to tell

9   Chandler that the State Bar and its employees have statutory licensing/regulatory immunity –

10  before Chandler filed suit. [77] Chandler, unfortunately, did not allege that he filed a Government

11  Tort claim with the State Bar before filing suit. Compliance with the statute is mandatory. [78]

12  Chandler's failure to comply with this requirement, therefore, bars his state law claims.

13  *6.   Chandler's Claim for State Bar Alleged Overcharging Fails to State a Claim For Relief.*

14       Chandler's Eleventh Claim for relief alleges that the State Bar de facto overcharges lawyer

15  membership dues because a bar license is not as cheap as a driver's license. [79]  Chandler provides

16  no legal basis – nor could he – for mere comparison of one license fee to another to assert

17  common law over charging, let alone a section 1983 violation. Chandler also alleges that the

18  State Bar receives "appropriations" from the State of California. [80]  The State Bar, however, does

19

---

20  [74] Complaint at ¶¶85-107.

21  [75] Cal. Govt. Code § 940.4; Engel v. McCloskey, 92 Cal. App. 3d 870, 878, 881, 155 Cal.
    Rptr. 284 (1979). Cal. Bus. & Prof. Code § 6094(a); Cal. Govt. Code §§ 811.2, 811.4, 900.4 and
22  940.4.

23  [76] Dilts v. Cantua Elem. Sch. Dist., 189 Cal. App. 3d 27, 32, 234 Cal. Rptr. 612 (1987).
    Jamison v. Cal., 31 Cal. App. 3d 513, 518, 107 Cal. Rptr. 496 (1973) .

24  [77] Cal. Govt. Code §§ 818.4; and 821.2 Rosenthal v. Vogt 229 Cal. App. 3d 69, 75(1991).
25  Engel, 92 Cal. App. 3d at 881.

26  [78] Cal. Govt. Code § 945.4. City of San Jose v. Sup. Ct., 12 Cal.3d 447, 454, 525 P.3d 701,
    115 Cal. Rptr. 717 (1974).  See Bohrer v. Cty. of San Diego, 104 Cal. App. 3d 155, 160, 163
27  Cal. Rptr. 419 (1980) ; Taylor v. Mitzel, 82 Cal. App. 3d 665, 671, 147 Cal. Rptr. 323 (1978) .

    [79] Complaint at ¶102.
28
    [80] Complaint at ¶16.

**12**

1  not receive appropriations – it operates solely on its member's dues.[81] Chandler's Eleventh

2  Claim—to the extent not already barred by Eleventh Amendment immunity – fails to state a

3  claim for relief.[82]

4  **7.  *Chandler's Request for Injunctive Relief Is Improper and Should Be Denied.***

5      The Eleventh Amendment does not prevent Chandler from suing the individual State Bar

6  Defendants for prospective injunctive relief in federal court.[83]  Chandler requests that the Court

7  issue two injunctive orders: (1) preliminary injunction "to remedy defendants' unlawful conduct"

8  before the court resolves Chandler's lawsuit[84] and (2) a permanent injunction appointing a

9  random person to take over the State Bar.[85] Both requests should be denied.

10     Chandler's preliminary injunction requests retroactive relief:  he wants the court to "remedy

11  Defendants' unlawful acts against Plaintiff after September 5, 2007." Any relief that would alter

12  State Bar Defendants' previous actions against Chandler in his involuntary inactive proceedings

13  is retroactive equitable relief barred by the Eleventh Amendment.

14     This Court should only award prospective injunctive relief if Chandler has no inadequate

15  legal remedy, and faces irreparable harm.[86]  Chandler does not face irreparable harm – harm

16  cannot be based on his inactive status because there is no fundamental right to practice law.[87]  To

17  the extent that Chandler truly believes he should not have been placed on involuntary inactive

18

19  [81] In re Att'y Discipline Sys., 19 Cal.4th at 595. The California Supreme Court, moreover,
20  has already determined that it has inherent judicial authority to assess membership dues without
   the legislature's aid. Id. at 614.

21  [82] To the extent that Chandler is attempting to state a constitutional claim under Keller v.
22  State Bar of California, 496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990), there is no valid
   constitutional objection to requiring California lawyers to pay bar fees to fund regulatory
23  functions of the State Bar. See id., at 16.

24  [83] Will, 491 U.S. at 701.

25  [84] Complaint at ¶¶13, 26, 115.B, citing Rule 65.

26  [85] Complaint at ¶¶115. Chandler's Twelfth Claim also asks for "Permanent Injunction."
   Because he fails to state a legal basis for that injunction, Chandler's twelfth claim fails to state a
27  claim for relief.

   [86] See Pulliam v. Allen, 466 U.S. 522, 537, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984).
28  [87] Rosenthal, 910 F.2d at 564-65; Hirsh, 67 F.3d at 713.

Memo of Ps &As in Support of Def's Motion to Dismiss          08-CV-0437 EMC

1  status, Chandler has a legal remedy – to ask for a *de novo* review in the Review Department,[88]

2  and petition for review to the California Supreme Court of the State Bar Hearing Department's

3  decision.[89]

4      Granting Chandler' second claim for injunctive relief for a random person to take over the

5  State Bar would improperly encroach on the State Bar's role as the California Supreme Court's

6  administrative arm and seriously impede its ability to fulfill its statutory obligations. Courts

7  should only grant governmental function injunctions in extraordinary circumstances because they

8  should give governmental officials the widest latitude possible while performing their official

9  duties.[90]  Because Chandler has not – and cannot – give this court any valid reason to infringe on

10  the State Bar's sui generis judiciary functions, his request for prospective injunctive relief should

11  be denied.

## IV. Conclusion

13      Chandler has brought this court's attention to a supposed false accusation of immigration

14  fraud against him. Chandler appears to be the only person accusing himself of immigration fraud.

15  He makes no identifiable connection between this alleged accusation and the State Bar

16  Defendants. He does not meaningfully relate it to the State Bar Defendants limited involvement

17  with him in state law-mandated State Bar proceeding to enroll him inactive for his failure to pay

18  an arbitration award. He gives no concrete description of an actionable conspiracy, and shows

19  this court no federal right deprivation that this court could redress, completely failing to state a

20  claim for relief.  For these reasons, the court should dismiss his claims.  The court should dismiss

21  them with prejudice because the State Bar Defendant's Eleventh Amendment, Younger

22  //

23  //

24  //

---

[88] Cal. Rules Ct. 9.12; State Bar Rules Proc. 3.52, 3.80, 301, et seq.

[89] Cal. Rules Ct. 9.13.

[90] Olagues v. Russoniello, 770 F.2d 791, 799 (9th Cir. 1985).

14

1   abstention, federal common law judicial, arbitral and statutory immunities, and Chandler's

2   failure to comply with the Government Tort Act, would render any amendment Chandler makes

3   futile.[91]

4        Dated:  February 19, 2008                    Respectfully submitted,

5                                                      MARIE M. MOFFAT
                                                       LAWRENCE C. YEE
6                                                      MARK TORRES-GIL
                                                       DANIELLE LEE
7
                                                  By:   /s/ Danielle Lee
8                                                      Danielle Lee

9                                                      Attorneys for Defendants the State Bar of
                                                       California, Judy Johnson, Jill Sperber, and
10                                                     Alan Bloom

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    _____

27   [91] See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d
28   829, 843 (9th Cir. 1991); see also Miller v. Rykoff –Sexton, Inc., 845 F.2d 209, 214 (9th Cir.
     1998).

Memo of Ps &As in Support of Def's Motion to Dismiss                    08-CV-0437 EMC

PROOF OF SERVICE BY MAIL

I, Joann Wray, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On February 19, 2008, following ordinary business practice, I placed

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE BAR DEFENDANT'S MOTION TO DISMISS**

for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of fully prepaid in an envelope addressed as follows:

Gregory Chandler
Law offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 19th day of February, 2008.


        s/Joann Wray