GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102
Telephone: (415) 946-8970
Facsimile: (415) 331-8958

Attorney for Plaintiff
Gregory Chandler

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Gregory Chandler,<br>    Plaintiff, | # CV08-00437-CRB |
| | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| | **PLAINTIFF'S REQUEST FOR LEAVE TO AMEND** |
| | Date:    April 4, 2008<br>Time:    10:30 a.m.<br>Place:   Courtroom 8, 19th Floor<br>Before: Honorable Charles R. Breyer |
| The State Bar of California,<br>Judy Johnson, Jill Sperber,<br>Alan Bloom,<br>And Does 1- 20,<br>  Defendants. | |

Plaintiff's Opposition to Defendants'
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

CV 08-00437 CRB

GREGORY CHANDLER
Attorney at Law

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | iii |
| SUMMARY OF ARGUMENT | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 4 |
| I. DEFENDANTS ASSERT THAT ALLEGED FALSE STATEMENTS TO THE FEDERAL GOVERNMENT ARE OF NO IMPORTANCE | 4 |
| II. DEFENDANTS LACK ELEVENTH AMENDMENT IMMUNITY | 4 |
| A. U. S. SUPREME COURT HAS RULED THAT THE STATE BAR IS NOT A GOVERNMENT AGENCY FOR FEDERAL QUESTION PURPOSES | 5 |
| B. DEFENDANT STATE BAR ALSO LACKS ELEVENTH IMMUNITY BECAUSE OF AN ABSENCE OF STATE FUNDING | 5 |
| C. THE WORKING RELATIONSHIP OF THE DEFENDANT STATE BAR TO THE STATE ALSO SHOWS THAT THERE IS NO ELEVENTH AMENDMENT IMMUNITY | 7 |
| III. DEFENDANTS HAVE NOT MET THE BURDEN OF PROOF FOR *YOUNGER* ABSTENTION | 7 |
| A. *YOUNGER* ABSTENTION IS NOT USED FOR ADMINISTRATIVE PROCEEDINGS | 8 |
| B. EXHAUSTION OF JUDICIAL AND ADMINISTRATIVE REMEDIES IS NOT REQUIRED | 8 |
| IV. DEFENDANTS MUST PROVE ALL THREE *YOUNGER* PRONGS | 8 |
| A. THERE IS NO ON-GOING PROSECUTION | 9 |
| B. DEFENDANTS ARE NOT THE STATE AND DEFENDANT'S CONDUCT ADDRESSES NO IMPORTANT STATE ISSUES | 9 |

GREGORY CHANDLER
Attorney at Law

GREGORY CHANDLER
Attorney at Law

| | |
|---|---|
| B (a). THE PARTIES HAVE NOT ENGAGED IN ANY "ATTORNEY DISCIPINARY MATTERS" | 9 |
| C. THERE HAS BEEN NO LAWFUL OPPORTUNITY TO RAISE FEDERAL CLAIMS | 10 |
| V. DEFENDANTS' BAD FAITH CONDUCT AND HARRASSMENT CREATES AN EXCEPTION, IF NEEDED, TO THE *YOUNGER* DOCTRINE | 12 |
| VI. THE LEGAL STANDARD FOR RULE 12(b) (6) MOTIONS IS TO CONSTRUE THE COMPLAINT IN THE LIGHT MOST FAVORABLE TO PLAINTIFF | 13 |
| VII. THERE ARE NO PRE-SUIT NOTIFICATION REQUIREMENTS BECAUSE OF STATUTORY LAW AND BECAUSE NO DEFENDANT IS A GOVERNMENT DEFENDANT | 13 |
| VIII. STATE BAR OFFICIALS HAVE NO GOVERNMENTAL IMMUNITY BECAUSE THE STATE BAR IS NOT A GOVERNMENT ENTITY | 14 |
| IX. A PERMANENT INJUNCTION IS NEEDED | 14 |
| X. IF NECESSARY, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT AND ADD ADDITIONAL DEFENDANTS | 15 |
| CONCLUSION | 15 |

# TABLE OF AUTHORITIES

pages

**United States Constitution**

6th Amendment                                          1, 11

**Cases**

**United States Supreme Court cases**

*Bridges v. Wixon*                                        11
326 U. S. 135, 65 S. Ct. 1443, 89 L.2103 (1945)

*Conley v. Gibson*                                        13
355 U. S. 41, 78 S. Ct. 99, 2 L. Ed 2d (1957)

*Edelman v. Jordan*                                       3
415 U. S. 651, 94 S. Ct. 1347, 39 L. Ed 2d 662 (1974)

*Felder v. Casey*                                         13
487 U. S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)

*Greene v. McElroy*                                       11
360 U. S. 474, 79 S. Ct. 1400, 3 L. Ed 2d 1377 (1959)

*Harlow v. Fitzgerald*                                    14
457 U. S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1992)

*Hawaii Housing Authority v. Midkiff*                     3, 8
467 U. S. 229, 104 S. Ct. 2323, 81 L. Ed. 2d 186 (1984)

*Hess et al. v. Port Authority Trans Union Corporation*   3
513 U. S. 30, 115 S. Ct. 394, 130 L. Ed. 2d 245 (1994)

*In Re Oliver*                                            11
333 U. S. 257, 68 S. Ct. 499, 92 L. Ed. 682 (1948)

*Keller v. State Bar of California*                       1, 2, 5, 6
496 U. S. 1, 110 S. Ct. 2228, 110 L. Ed 2d 1 (1990)

*Konigsburg v. State Bar of California*                   10
353 U. S. 252, 77 S. Ct. 722, 1 L. Ed. 2d 810 (1957)

GREGORY CHANDLER
Attorney at Law

iii

*Ohio Civil Rights Commission v. Dayton Christian School*    3, 8
477 U. S. 619, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986)

*Patsy v. Florida Board of Regents of the State of Florida*    3
457 U. S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982)

*Pointer v. Texas*    11
380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d (1965)

*Schware v. Board of Bar Examiners*    11
353 U. S. 232, 77 S. Ct. 752, 1 L. Ed. 2d 796 (1957)

*Steffel v. Thompson*    3
415 U. S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)

*Willner v. Committee on Character and Fitness*    2, 11
373 U. S.102, 83 S. Ct. 1175, 10 L. Ed. 2d 224 (1963)

*Younger v. Harris*    4
401 U. S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)

**9th Circuit Court of Appeals cases**

*Alexander v. City and County of San Francisco*    14
29 F. 3d 1355 (9th Circuit 1994)

*Allen v. City of Beverly Hills*    15
911 F. 2d 367 (9th Circuit 1990)

*Cahill v. Liberty Mutual Insurance Company*    13
 80 F. 3d 336 (9th Circuit 1996)

*G. C. & K.B. Invs. Inc. v. Wilson*    14
326 F. 3d 1096 (9th Circuit 2003)

*Goldie's Bookstore, Inc. v. Superior Court of the State of California*    8
739 F. 2d 466 (9th Circuit 1984)

*ITSI TV Productions, Inc. v. Agricultural Associations*    7
3 F. 3d 1289 (9th Circuit 1993)

*LaDuke v. Nelson*    14
762 F. 2d 1318 (9th Circuit 1985)

*Wiener v. County of San Diego*    9
23 F. 3d 263 (9th Circuit 1994)

**GREGORY CHANDLER**
Attorney at Law

GREGORY CHANDLER
Attorney at Law

*World Famous Drinking Emporium v. City of Tempe*
820 F. 2d 1079 (9th Circuit 1987)                                    9

**Other Federal Circuit Court of Appeals**

*Fitchick v. New Jersey Transit Rail Operations, Inc.*              6
873 F. 2d 655 (3d Circuit, 1989)

*Kern v. Clark*                                                     12
331 F. 3d 9 (2d Circuit 2003)

**California Supreme Court cases**

*In Re Attorney Discipline System*                                 6, 7
19 Cal. 4th 582 (1998)

*In Re Rose*                                                        3, 8
22 Cal. 4th 430 (2000)

<u>**Statutes**</u>

**Federal statutes**

42 U. S. Code section 1983                                         3, 8

**Other Federal Authorities**

Federal Rule of Civil Procedure 12 (b) (6)                         4

Federal Rule of Civil Procedure 15 (a)                             15

<u>**Other California Authorities**</u>

California Rule of Professional Conduct 3-100                       1, 10

GREGORY CHANDLER
Attorney at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUMMARY OF ARGUMENT

Federal questions are before the Court in an action brought by Gregory Chandler (Chandler or plaintiff). Defendant State Bar is not an arm of the State of California as incorrectly asserted by Defendants. Rather, Defendant State Bar is a "labor union" with a state relationship as described by the United States Supreme Court in *Keller v. State Bar of California*, 496 U. S. 1, 10-13, 110 S. Ct. 2228, 2234-2235, 110 L. Ed 2d 1, 10-13 (1990). Acting under color of state law, such labor union engaged in the wrongs described in the complaint.

Chandler represented a client accused of entering into a fraudulent marriage for the purpose of receiving federal immigration benefits. The fraud allegations against Chandler's client existed prior to the start of the attorney-client relationship. After the attorney-client relationship terminated, the client alleged that Chandler engaged in immigration fraud by submitting false documents to the United States Department of Homeland Security. Based on this allegation, the client raised a fee dispute.

Chandler and client had non-binding fee arbitration. The arbitration proceedings were later rejected in accordance with statutory law. Defendants-- acting against statutory law-- decided to ignore the rejection of the fee arbitration.

The proceedings at issue deprived Chandler of procedural due process. Rule 3-100 of the California Rules of Professional Conduct mandates, in the Rule's discussion, that an attorney must maintain inviolate the confidence, and at every peril to himself or herself, the secrets of his or her clients. The impact is that Chandler is unable to use his 6th Amendment right of the United States

Plaintiff's Opposition to Defendants'          1          #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

Constitution to confront and cross-examine the client on the issue of immigration fraud. In matters involving the "right" to practice law, an individual has the rights of "confrontation and cross-examination." *Willner v. Committee on Character and Fitness*. 373 U. S. 96, 102, 83 S. Ct. 1175, 1180, 10 L. Ed. 2d 224 (1963).

At all relevant times, Chandler maintained the confidential information of his client as to the immigration fraud matter and could not lawfully confront or cross examine the client as to matters of immigration fraud. Chandler did deny the allegations of immigration fraud against Chandler.

Defendants wronged Chandler by adopting the client's false allegations as their own false allegations. In that Defendants knew that the allegations at issue are false, Defendants' acts, omissions, and conduct deprives Chandler of his federal civil rights and constitutional rights.

Defendants attempt to assert Eleventh Amendment immunity and *Younger* abstention as affirmative defenses. As shown below, Defendants fail to meet their high burden of proof for the affirmative defenses of Eleventh Amendment immunity and *Younger* abstention.

**Eleventh Amendment:** Defendants do not have Eleventh Amendment immunity because they are not an arm of a State. As stated below, rather than being an arm of the State, the State of California has even questioned the necessity of the State Bar. Defendant State Bar is a "labor union" that receives its funding from mandatory fees imposed on its members. *Keller v. State Bar, supra,; In Re Attorney Discipline System* 19 Cal. 4th 582, 588 (1998).

Plaintiff's Opposition to Defendants'          2          #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

The Supreme Court, Ninth Circuit, and other federal courts view a defendant's absence of State funding and the likelihood of potential impact on the State treasury as the "most important factor" in determining Eleventh Amendment immunity. (Quoted language from *Hess et. al. v. Port Authority Trans Union Corporation,* 513 U. S. 30, 48, 115 S. Ct. 394, 404, 130 L. Ed. 2d 245 (1994)) (See also *Edelman v. Jordan*, 415 U. S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974)).

As discussed by the United States Supreme Court below, Defendant State Bar performs no government function. Likewise, Defendant State Bar does not participate in the general government of the State of California.

*Younger* **abstention doctrine:** *Younger* abstention is inapplicable for an "administrative proceeding" that is not a "judicial proceeding." *Hawaii Housing Authority v. Midkiff,* 467 U. S. 229, 237-238, 104 S. Ct. 2321, 2337-2339, 81 L. Ed 2d 186 (1984); *Ohio Civil Rights Commission v. Dayton Christian School,* 477 U. S. 619, 627-628, fn.2., 106 S. Ct. 2718, 2723, fn. 2, 91 L. Ed. 2d (1986).

Under State of California law, State Bar proceedings are administrative proceedings. *In Re Rose* 22, Cal. 4th 430, 438-440 (2000). "The State Bar Court, however, is not itself a judicial court established by Article VI [of the California Constitution]." *In Re Rose*, 22 Cal. 4th 430, 438.

**Exhaustion of administrative remedies:** Also, as to *Younger* abstention, a plaintiff who brings a 42 U. S. C. section 1983 claim is not required to exhaust judicial remedies or administrative remedies. *Steffel v. Thompson*, 415 U. S. 452, 472-473, 94 S. Ct. 1209, 1222, 39 L. Ed. 2d 505 (1974); *Patsy v. Florida*

Plaintiff's Opposition to Defendants'          3                    #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

*Board of Regents of the State of Florida,* 457 U. S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982).

Defendants' affirmative defense also fails because there are no pending state proceedings as described in *Younger v. Harris,* 401 U. S. 37, 41, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In addition, the *Younger* abstention doctrine has bad faith prosecution and harassment exceptions. Defendants' outrageous conduct is stated in the complaint and discussed in Section V. below.

Finally, Defendants move for dismissal under Federal Rule of Civil Procedure and 12 (b) (6). Chandler requests leave to amend the complaint if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANTS ASSERT THAT ALLEGED FALSE STATEMENTS TO THE FEDERAL GOVERNMENT ARE OF NO IMPORTANCE

Defendants knew that the client's allegations against Chandler are patently false. Defendants' strange assertion is that Chandler's alleged false statements to the United States Department of Homeland Security are of no importance. Defendants propose this view, yet the client's dispute against Chandler is based on the allegation of Chandler making false statements to the federal government.

## II. DEFENDANTS LACK ELEVENTH AMENDMENT IMMUNITY

Defendants' Eleventh Amendment assertion fails for a multitude of reasons. (A) Defendant State Bar is not an arm of the State of California; (B) Defendant State Bar receives its funding not from the State of California but by imposing mandatory fees on its members; and (C) Defendant State Bar performs

Plaintiff's Opposition to Defendants'          4          #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

1

no government function.  As stated in II. C., below, a recent Governor of the State

2

of California has questioned the necessity of even having a State Bar.

3

## A. U. S. SUPREME COURT HAS RULED THAT THE STATE BAR
4
## IS NOT A GOVERNMENT AGENCY FOR FEDERAL QUESTION
## PURPOSES
5

6

In *Keller v. State Bar of California, supra,* the Supreme Court opined that

7

Defendant State Bar is not a government agency for "federal question purposes."

8

*Keller,* 496 U. S. 1, 11.

9

Under the *Keller* analysis, Defendant State Bar is, at most, a "labor union"

10

incorporated by the State of California.  *Keller,* 496 U. S. 1, 10-13.

11

Likewise, the State Bar's officials and employees are not State of
12

13

California officials and employees acting for the State of California.  The *Keller*

14

opinion says:  "Government officials are expected as part of the democratic

15

process to represent and espouse the views of the majority of their constituents."

16

*Keller,* 496 U. S. 1, 12.

17

> The State Bar of California was created, not to participate in the
18
> general government of the State, but to provide specialized
> professional advice to those with the ultimate responsibility
19
> of governing the legal profession. *Keller,* 496 U. S. 1, 13.

20

## B. DEFENDANT STATE BAR ALSO LACKS ELEVENTH IMMUNITY
21
## BECAUSE OF AN ABSENCE OF STATE FUNDING

22

Pre-discovery, Defendant State Bar admits that it is not funded by the State

23

of California. (Memorandum of Points and Authorities in Support of State Bar

24

Defendant's Motion to Dismiss ("Defendants' Memo.") pp. 12:17-18 and 13:1)

25

As to funding, the *Keller* opinion reads: "Its principal funding comes, *not from*

26

*appropriations made to it by the legislature,* but from dues levied on its members

27

28

Plaintiff's Opposition to Defendants'          5                    #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

from the board of governors." *Keller*, 496 U. S. 1, 11; *In Re Attorney Discipline System,* 19 Cal. 4th 582, 588 (1998). [See also, Footnote 4 of *Keller*, 496 U. S. 1, 11] [Quoted text is from *Keller* and *In Re Attorney Discipline System*. Italics appear in text of *In Re Attorney Discipline System*].

State Bar Defendants dispositive admission is that it does not receive State funding. Therefore, the main element to establish the affirmative defense of Eleventh Amendment immunity is lacking. "The most important factor is whether any judgment would be paid from the state treasury." *Hess et al. v. Port Authority Trans-Hudson Corporation* 513 U. S. 30, 48 115 S. Ct. 394, 404, 130 L. Ed. 2d (1994); quoting *Fitchick v. New Jersey Transit Rail Operations, Inc*. 873 F. 2d 655, 659-660 (3rd Circuit 1989). In *Fitchick,* the litigant seeking Eleventh Amendment immunity received 1/3 of its funding from the State. Despite the presence of substantial state funding, the court found that the litigant did not have sufficient state funding to establish Eleventh Amendment immunity.

To assert an Eleventh Amendment affirmative defense, State Bar defendants are required to show-- in their moving papers-- that State of California general funds would be used to pay a judgment. An element of the affirmative defense is: will the suit impose a liability which must be paid from public funds in the State treasury. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).

The litigant seeking Eleventh Amendment immunity has the burden of proving the facts. *ITSI TV Productions, Inc. v. Agricultural Associations*, 3 F. 3d 1289, 1292 (9th Circuit 1993).

//

Plaintiff's Opposition to Defendants'    6    #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

GREGORY CHANDLER
Attorney at Law

## C. THE WORKING RELATIONSHIP OF DEFENDANT STATE BAR TO THE STATE SHOWS THAT THERE IS NO ELEVENTH AMENDMENT IMMUNITY

A factor used by federal courts in deciding an Eleventh Amendment immunity affirmative defense is the working relationship of the defendant to the State. Defendant State Bar gives its self-serving opinion that it is an arm of the State of California. As stated herein, the State of California provides no funding to Defendant State Bar and has questioned its very necessity. In 1998, Governor Pete Wilson, speaking as the chief executive of the State of California, attacked the State Bar for charging exorbitant membership fees and as being incompetent and inefficient. Governor Wilson criticized Defendant State Bar as "no longer operating effectively." *In re Attorney Discipline System,* 19 Cal 4th 582, 588 (1998).

Defendant State Bar's claim that it is an arm of the State of California is without merit. At best, the State of California tolerates the State Bar as a "labor union" (*Keller,* citation omitted) that funds itself by charging an exorbitant membership fee of $400.00 a year to each of its members.

## III. DEFENDANTS HAVE NOT MET THE BURDEN OF PROOF FOR *YOUNGER* ABSENTION

Defendants have not met their burden of proof for a *Younger* abstention affirmative defense. The Ninth Circuit cautions federal courts to deny *Younger* abstention motions in the absence of substantial proof from the party with the burden of proof. Therefore, *Younger* abstention is given *de novo* review by the Ninth Circuit. *Goldie's Bookstore, Inc. v. Superior Court of the State of California,* 739 F. 2d 466, 468 (9th Circuit 1984).

Plaintiff's Opposition to Defendants'               7               #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

## A. *YOUNGER* ABSTENTION IS NOT USED FOR ADMINISTRATIVE PROCEEDINGS

*Younger* abstention does not apply for an "administrative proceeding" that is not a "judicial proceeding." *Hawaii Housing Authority v. Midkiff*, 467 U. S. 229, 237-238, 104 S. Ct. 2323, 2337-2339, 81 L. Ed. 2d 186 (1984); *Ohio Civil Rights Commission v. Dayton Christian School*, 477 U. S. 619, 627-628, fn. 2, 106 S. Ct. 2718, 2723, fn. 2, 91 L. Ed 2d 512 (1986).

Under State of California law, State Bar proceedings are administrative proceedings. *In Re Rose*, 22 Cal. 4th 430, 438-440 (2000). "The State Bar Court, however, is not a judicial court established by Article VI [of the California Constitution]." *In Re Rose*, 22 Cal. 4th, 430, 438.

## B. EXHAUSTION OF JUDICIAL AND ADMINISTRATIVE REMEDIES IS NOT REQUIRED

A plaintiff who brings a 42 U. S. C. section 1983 claim is not required to exhaust either judicial or administrative remedies. *Steffel v. Thompson*, 415 U. S. 452, 472-473, 94 S. Ct. 1209, 1222, 39 L. Ed 2d 505 (1974); *Patsy v. Florida Board of Regents of the State of Florida*, 457 U. S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982)

Defendants incorrectly state: (1) that Chandler has available remedies to exhaust, and (2) the Chandler must exhaust such remedies. The well-settled law shows that Defendants' exhaustion assertion is wrong.

## IV. DEFENDANTS MUST PROVE ALL THREE *YOUNGER* PRONGS

Defendants must prove all three *Younger* prongs. *World Famous Drinking Emporium v. City of* Tempe, 820 F. 2d 1079, 1081 (9th Circuit, 1987). The

Plaintiff's Opposition to Defendants'          8          #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

1    three prongs are listed below as subsections A, B, and C.

2    **A.  THERE IS NO ON-GOING PROSECUTION**

3    *Younger* abstention does not apply because there is no pending state

4
5    prosecution. *Younger v. Harris*, 401 U. S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed.

6    2d 669 (1971)

7    "To decide whether there was a pending *judicial proceeding* within

8    *Younger,* we focus on the state court proceeding at the time of the federal court's

9    *decision...*" *Wiener v. County of San Diego*, 23 F. 3d 263, 266 (9th Circuit 1994)

10   (emphasis added)  As noted in subsection III A, above, State Bar Court

11   proceedings are not "judicial proceedings." This Court will make a "decision"on

12
13   the *Younger* abstention well after the "administrative proceedings" conclude.

14   **B. DEFENDANTS ARE NOT THE STATE AND DEFENDANTS'
     CONDUCT ADDRESSES NO IMPORTANT STATE INTERESTS**

15   Defendants' conduct addresses no important State of California interest.

16
17   First, as stated herein, Defendants are not the State and take no government role in

18   the State. (*Keller*) Defendants knowingly relied on a client's false allegations that

19   Chandler made false statements to the United States government. Defendants

20   circumvented statutory law to achieve their objective. Defendants are not

21   advancing any important State interest in their misconduct. Furthermore, the State

22   of California has no important interest in knowingly using the false statements of

23   Chandler's client.

24
     **B (a).  THE PARTIES HAVE NOT ENGAGED IN ANY "ATTORNEY
25   DISCIPLINARY PROCEEDINGS"**

26   State Bar Defendant asserts that "attorney disciplinary proceedings"

27
28   Plaintiff's Opposition to Defendants'          9                    #CV08-00437 CRB
     Motion to Dismiss/ Plaintiff's Request
     For Leave to Amend

GREGORY CHANDLER
Attorney at Law

matters are an important State interest. (Defendants' Memo. 8:20 and 9:1-2) This

assertion fails because there are no "attorney disciplinary proceedings."

Defendants have not brought disciplinary charges against Chandler.  There is

simply a fee dispute between Chandler and a former client based on the allegation

that Chandler submitted false documents to the United States government.

The only potential "attorney disciplinary proceedings" matter is the

allegation of making false statements to the United States government.  Defendants

did not pursue this allegation because they knew the allegation is false.

## C. THERE HAS BEEN NO LAWFUL OPPORTUNITY TO RAISE FEDERAL CLAIMS

Chandler has not had a lawful opportunity to raise federal claims.  The

dispute between attorney and client involves who engaged in immigration fraud.

Rule 3-100 of the California Rules of Professional Conduct mandates, in the Rule's

discussion, that an attorney must '…maintain inviolate the confidence, and at every

peril to himself or herself preserve the secrets, of his or her client."  At no time did

Chandler reveal his client's secret during this dispute.  Given the ethical

considerations, at no time did Chandler confront or cross-examine his client about

immigration fraud.  The laws of confidentiality bar Chandler from fully raising his

claims and presenting a defense to the client's allegations.

The result is that Chandler was not afforded procedural due process rights

under the 6th Amendment to the United States Constitution because of his inability

to confront and cross-examine the client.

In *Konigsberg v. State Bar of California*, 353 U. S. 252, 273, 77 S. Ct. 722,

Plaintiff's Opposition to Defendants'         10                    #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

733, 1 L. Ed. 2d 810, (1957) the United States Supreme Court opined that Defendant State Bar cannot act in an "arbitrary" manner.

"Moreover, the requirements of procedural due process must be met before a State can exclude a person from practicing law." *Willner v. Committee on Character and Fitness,* 373 U. S. 96, 102, 83 S. Ct. 1175, 1179-1180, 10 L. Ed. 2d 224 (1963). The practice of law is a "right" and not "a matter of grace and favor." *Willner, supra.*

"A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Willner,* 373 U. S. 96, 102, 83 S. Ct. 1175, 1180, citing *Schware v. Board of Bar Examiners,* 353 U. S. 232, 238-239, 77 S. Ct. 752, 756, 1 L. Ed. 2d 796 (1957).

As to the exclusion from the practice of law, the impacted individual must have and opportunity for "confrontation and cross-examination." *Willner,* 373 U.S. 102, 103-104, 83 S. Ct. 1175, 1180.

Finally, the 6th Amendment right to confront and cross-examine witnesses applies to matters involving a State Bar (*Willner, supra*) and all civil and administrative matters. (See *Bridges v. Wixon,* [deportation] 326 U. S. 135, 65 S. 1443, 89 L.Ed. 2103 (1945); *In re Oliver,* [state contempt proceeding] 333 U. S. 257, 68 S. Ct. 499, 92 L. Ed. 682 (1948); *Greene v. McElroy,* [revocation of security clearance] 360 U. S. 474, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959)). The 6th Amendment is applicable to individuals and entities acting under color of state law. *Pointer v. Texas,* 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d (1965).

Plaintiff's Opposition to Defendants'    11    #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

## V.  DEFENDANTS' BAD FAITH CONDUCT AND HARASSMENT CREATES AN EXCEPTION, IF NEEDED, TO THE *YOUNGER* DOCTRINE

The *Younger* doctrine does not apply.  Nonetheless, there are the two relevant exceptions to the *Younger* doctrine:  (1) bad faith, and (2) harassment. *Younger*, 401 U. S. 37, 49.  Defendants' bad faith and harassment is set out in the complaint and the Declaration of Gregory Chandler included with this opposition. (Declaration of Gregory Chandler, paragraphs 7, 8, and 9)

An evidentiary hearing is needed on the issue of Defendants' bad faith and harassment if the Court is inclined to grant Defendants' motion. *Kern v. Clark*, 331 F. 3d 9, 12 (2nd Circuit 2003)

The complaint in this action speaks of Defendants' bad faith.  Civil Complaint, paragraph # 10 speaks of Defendants efforts to "harass and intimidate" plaintiff. Civil Complaint, paragraph # 11 speaks of a "culture of mean-spiritedness and deceit" and a "culture of mendacity." Defendant Alan Bloom resorted to bad faith and vulgar language during a telephone conversation with Plaintiff on September 14, 2007.  Such September 14, 2007 telephone conversation is mentioned in paragraph # 19 of the Civil Complaint.  Paragraphs # 87 and # 95 state that "Sperber and Bloom repeatedly made false, insulting, offensive, and inflammatory statements about Plaintiff for the purpose of harming Plaintiff."

In addition, Defendants wrongfully used the false statements made by one of Chandler's former clients when Defendants knew such statements are false.

Given the Defendants' "culture of mendacity" the Civil Complaint seeks a Permanent Injunction to remedy Defendants' outrageous conduct.

Plaintiff's Opposition to Defendants'            12                #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

## VI. THE LEGAL STANDARD FOR RULE 12(b) (6) MOTIONS IS TO CONSTRUE THE COMPLAINT IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

The federal courts long ago established the standard for Rule 12(b) (6) motions. "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d (1957).

The court will construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true; and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Insurance Company,* 80 F. 3d 336, 337-338 (9th Circuit, 1996)

## VII. THERE ARE NO PRE-SUIT NOTICATION REQUIREMENTS BECAUSE OF CONGRESSIONAL INTENT AND BECAUSE NO DEFENDANT IS A GOVERNMENT DEFENDANT

As stated herein, Defendants are not part of the government of the State of California. Defendants are not funded by the State of California. Tort liability falls on the Defendants and not the treasury of the State of California.

In addition, the United States Supreme Court has opined that there is no pre-suit notification requirement. Congress never intended that those injured by wrongdoers could be required to submit their claims to the government for their injuries. (See *Felder v. Casey*, 487 U.S. 131, 142, 108 S. Ct. 2302, 2308-2309, 101 L. Ed 2d 123 (1988)).

//

Plaintiff's Opposition to Defendants'        13        #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

GREGORY CHANDLER
Attorney at Law

**VIII. STATE BAR OFFICIALS HAVE NO GOVERNMENTAL IMMUNITY BECAUSE THE STATE BAR IS NOT A GOVERNMENT ENTITY**

State Bar Defendant, a labor union without State funding, does not participate in the government of the State of California. Its officers and employees are, therefore, not government actors as stated in *Keller, supra.*

At most, actual government employees would have a qualified immunity. Qualified immunity would give actual government employees immunity only insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U. S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1992); *Alexander v. City and County of San Francisco*, 29 F. 3d 1355, 1363-1364 (9th Circuit 1994). The individual defendants here were not acting as reasonable persons.

**IX. A PERMANENT INJUNCTION IS NEEDED**

State Bar Defendant's history, cited above, shows a culture of incompetence, ineffectiveness, and dysfunction. State Bar Defendant is unable to remedy these shortcomings without Court intervention. Therefore, a permanent injunction is needed as stated in the complaint.

The requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Circuit 2003); *LaDuke v. Nelson*, 762 F. 2d 1318, 1330 (9th Circuit 1985).

GREGORY CHANDLER
Attorney at Law

Plaintiff's Opposition to Defendants'          14          #CV08-00437 CRB
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend

Without Court intervention, Defendant State Bar will continue to engage in the conduct documented above. Such continued conduct by Defendant State Bar is adverse to the interests of State of California and its residents.

## X.  IF NECESSARY, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT AND ADD ADDITIONAL DEFENDANTS

Finally, plaintiff requests leave to amend the complaint, under Federal Rule of Civil Procedure 15(a), if the Court is inclined to grant any part of the Defendants' motion. Such amendment may include adding additional defendants such as the administrative entity closely aligned with Defendants known as the State Bar Court.

Amendments to complaints should be freely given. *Allen v. City of Beverly Hills*, 911 F. 2d 367, 373 (9th Circuit, 1990).

## CONCLUSION

For the reasons stated herein, plaintiff asks the Court to deny Defendants' motion in its entirety. Plaintiff also requests leave to amend the complaint, if necessary.

Respectfully submitted,

Dated:  March 14, 2008

Gregory Chandler
Attorney for Plaintiff

Plaintiff's Opposition to Defendants'
Motion to Dismiss/ Plaintiff's Request
For Leave to Amend                                    15                    #CV08-00437 CRB

GREGORY CHANDLER
Attorney at Law

# PROOF OF SERVICE BY MAIL

I declare that:

I am over the age of 18 and not a party to the cause mentioned herein. The business address for the sending party is 101 California Street, Suite 2450, San Francisco, California, 94111.

On March 14, 2008, I served the following via U. S. Postal Service:

(1) Plaintiff's Opposition to Defendants' Motion to Dismiss/Plaintiff's Request for Leave to Amend;

(2) Declaration of Gregory Chandler in Opposition to Defendants' Motion to Dismiss/Plaintiff's Request for Leave to Amend;

(3) [Proposed] Order Denying Defendants' Motion to Dismiss;

(4) Plaintiff's Objection to Defendants' Request for Judicial Notice.

*Gregory Chandler v. State Bar of California, et al.*
(United States District Court, Northern District (San Francisco) # CV 00437 CRB)

on the parties or individuals below:

Marie M. Moffat
State Bar of California
Office of the General Counsel
180 Howard Street
San Francisco, CA 94105-1639
Telephone:  (415) 538-2339

I declare under penalty or perjury that the foregoing is true and correct and that this document was executed on March 14, 2008.

James Hunt