GREGORY CHANDLER (SBN 158260)
Law Offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102
Telephone: (415) 946-8970
Facsimile: (415) 331-8958

Attorney for Plaintiff
Gregory Chandler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Gregory Chandler,
   Plaintiff,

v.

The State Bar of California,
Judy Johnson, Jill Sperber,
Alan Bloom,
And Does 1- 20,
   Defendants.

# CV08-00437-CRB

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Date: April 4, 2008
Time: 10:30 a.m.
Place: Courtroom 8, 19th Floor
Before: Honorable Charles R. Breyer

The above-named Defendants noticed a motion to dismiss Plaintiff's complaint. In "State Bar Defendants' Notice of Motion and Motion to Dismiss Complaint Against State Bar Defendants" (Notice of Motion), named Defendants state the grounds for named Defendants' motion as: Eleventh Amendment

[PROPOSED] ORDER DENYING     1     #CV08-00437 CRB
DEFENDANTS' MOTION TO DISMISS

immunity, *Younger* abstention, Federal Rule of Civil Procedure 12 (b) (6) for failure to state a claim upon which relief can be granted, failure to comply with the Government Tort Claims Act of the State of California, and, that the requests for injunctive relief are "improper."

The Court has considered the submissions of the parties and makes the following Order:

Eleventh Amendment immunity: Defendant State Bar of California is not a government agency of the State of California. *Keller v. State Bar of California*, 496 U. S. 1, 10-13, 110 S. Ct. 2228, 2234-2235, 110 L. Ed 2d 1 (1990) The officials and employees employed by Defendant State Bar of California are not government officials or government employees of the State of California. (*Keller, supra.*) In Defendant State Bar's Memorandum of Points and Authorities in Support of State Bar's Motion to Dismiss (pp. 12:18 and 13:1), Defendant State Bar admits that it is not funded by the State of California. State funding is the most important factor in determining Eleventh Amendment immunity. *Hess et al. v. Port Authority Trans-Hudson Corporation* 513 U. S. 30, 48, 115 S. Ct. 394, 404, 130 L. Ed. 2d 245 (1994) Therefore, the named Defendants are not entitled to Eleventh Amendment immunity. Named Defendants' motion seeking dismissal on Eleventh Amendment immunity grounds is DENIED.

*Younger* abstention: *Younger* abstention is a doctrine established in *Younger v. Harris*, 401 U. S. 37, 91 S. Ct. 2557, 73 L. Ed. 2d 172 (1982). *Younger* abstention does not apply because *Younger* abstention is only applicable to judicial proceedings. *Hawaii Housing Authority v. Midkiff*, 467 U. S. 229, 237-238, 104 S.

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS  2  #CV08-00437 CRB

Ct. 2323, 2337-2339, 81 L. Ed 2d 186 (1984); *Ohio Civil Rights Commission v. Dayton Christian School*, 477 U. S. 619, 627-628, fn. 2, 106 S. Ct. 2718, 2723, fn.2, 91 L. Ed. 2d 512 (1986).

The proceedings at issue were in the State Bar Court of California which, under Article VI of the Constitution of the State of California, is an administrative court and not a judicial court. *In Re Rose*, 22 Cal. 4th 430, 438-440 (2000). Therefore, *Younger* abstention is inapplicable to proceedings that are, under the Constitution of the State of California, administrative proceedings. Defendants' motion seeking dismissal on *Younger* abstention grounds is DENIED.

Federal Rule of Civil Procedure 12 (b) (6): "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d (1957). Furthermore, the Court will construe the complaint at issue in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Insurance Company*, 80 F. 3d 336, 337-338 (9th Circuit 1996). The Court finds that the complaint at issue meets the guidelines established in *Conley v. Gibson, supra*, and *Cahill v. Liberty Mutual Insurance Company, supra*. Defendant's motion seeking dismissal under Federal Rule of Civil Procedure 12 (b) (6) for failure to state a claim upon which relief can be granted is DENIED.

Government Tort Claim: As stated above, in the discussion about Eleventh Amendment immunity, Defendant State Bar is not a government agency of the State of California. The officials and employees of Defendant State Bar are not government officials or government employees of the State of California.

[PROPOSED] ORDER DENYING   3   #CV08-00437 CRB
DEFENDANTS' MOTION TO DISMISS

Therefore, there is no requirement for Plaintiff to file a tort claim with the State of California. Named Defendants' motion seeking dismissal on grounds of Plaintiff's failure to file a tort claim with the State of California is DENIED.

Injunctive relief: Defendants' Notice of Motion states that plaintiff's requests for equitable relief are "improper." The Court has reviewed the history cited in Plaintiff's opposition papers. Such history includes: *Konigsberg v. State Bar of California*, 353 U. S. 252, 77 S. Ct. 722, 1 L. Ed. 2d 810 (1957); *Keller, supra*; and *In Re Attorney Discipline System*, 19 Cal. 4th 582 (1998). The Court notes that in *In Re Attorney Discipline System*, State Bar Defendant was viewed by the then Governor of the State of California as "…no longer operating effectively." *In Re Attorney Discipline System*, 19 Cal 4th 582, 588 (1998) The Court has also reviewed the matters alleged in the complaint in this action.

The Court, at this stage of the proceedings, cannot make factual findings to determine if the requests for injunctive relief are "improper" as asserted by Defendants in their Notice of Motion. Therefore, named Defendants' motion to dismiss Plaintiff's request for injunctive relief is DENIED.

Named Defendants' motion to dismiss is DENIED in its entirety.

**IT IS SO ORDERED.**

Dated: _____, 2008

CHARLES R. BREYER,
UNITED STATES DISTRICT JUDGE