MARIE M. MOFFAT (62167)
LAWRENCE C. YEE (84208)
MARK TORRES-GIL (91597)
DANIELLE A. LEE (223675)
**THE STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2339
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Defendants The State Bar Of California, Judy Johnson, Jill Sperber, and Alan Bloom

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| GREGORY CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, JUDY JOHNSON, JILL SPERBER, ALAN BLOOM, and DOES 1- 20,<br><br>Defendants. | REPLY BRIEF IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 3:08-cv-00437-CRB<br><br>Date: April 4, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 3, 17th Floor<br>Hon.: Charles R. Bryer |

## Table of Contents

**I. INTRODUCTION** ........ **1**

**II. SUMMARY OF ARGUMENT** ........ **2**

**III. ARGUMENT** ........ **3**

A. THE ELEVENTH AMENDMENT BARS CHANDLER'S SUIT AGAINST THE STATE BAR..... 3

B. YOUNGER ABSTENTION PROHIBITS CHANDLER'S LAWSUIT IN ITS ENTIRETY. ............ 5

C. JUDICIAL IMMUNITY BARS CHANDLER'S FEDERAL CLAIMS FOR MONEY DAMAGES... 6

D. CHANDLER'S FEDERAL CLAIMS FOR MONEY DAMAGES ARE BARRED BY ARBITRAL IMMUNITY ........ 7

E. THE INDIVIDUAL STATE BAR DEFENDANTS HAVE TORT CLAIM IMMUNITY FOR ACTS INVOLVING ATTORNEY LICENSURE ........ 8

F. THE INDIVIDUAL STATE BAR DEFENDANTS HAVE STATE LAW IMMUNITY FOR ACTS INVOLVING MANDATORY FEE ARBITRATION PROCEEDINGS........ 8

G. CHANDLER FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. SECTION 1985. 8

H. CHANDLER FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. SECTION 1983. 9

I. CHANDLER PRESENTS THIS COURT WITH NO BASIS FOR HIS INJUNCTIVE RELIEF. ..... 11

**IV. CONCLUSION** ........ **12**

# Table of Authorities

## Supreme Court Cases


American Mfrs. Mut. Ins. Co. v. Sullivan,
526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). .... 10

Baker v. McCollan,
443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) .... 11

Bell Atl. v. Twombly,
___ U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .... 2, 8, 9

Daniel v. Williams,
474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) .... 11

Gibson v. Berryhill,
411 U.S. 564, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973) .... 6

Hess et al. v. Port Authority Trans Hudson Corp.,
513 U.S. 30, 48 115 S. Ct. 394, 404, 130 L. Ed. 2d (1994) .... 3

Hoover v. Ronwin,
466 U.S. 558, 104 S. Ct. 1989, 80 L. Ed. 2d 590 (1984) .... 6

id. at .... 3

Keller v. State Bar of California,
496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990) .... 1, 3, 8

Mireles v. Waco,
502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) .... 6

Mullane v. Central Hanover Bank & Trust Co.,
339 U.S. 306, 70 S. Ct. 652, 656, 94 L. Ed. 865 (1950) .... 10

Pennzoil Co. v. Texaco Inc.,
481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). .... 5

Younger v. Harris,
401 U.S. 37, 91 S. Ct. 746, 247 L. Ed. 2d 669 (1971) .... 2, 5, 6


## Ninth Circuit Cases


Canatella v. California,
304 F.3d 843 (9th Cir. 2002). .... 5

Clark v. State of Washington,
366 F.2d 678 (9th Cir. 1966). .... 6

Giannini v. Real, 911 F.2d 354 (9th Cir. 1990) ........ 11

Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000) ........ 6

Hirsh v. Justices of the Sup. Ct. of Cal. et al., 67 F.3d 708 (9th Cir. 1995), cert denied ........ passim

Johnson v. Barker, 799 F.2d 1396 (9th Cir. 1986) ........ 10

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988) ........ 9

Miller v. Rykoff –Sexton, Inc., 845 F.2d 209 (9th Cir. 1998) ........ 12

Nenneally v. Lungren, 967 F.2d 329 (9th Cir. 1992) ........ 6

Nunes v. Ashcroft, 348 F.3d 815 (9th Cir. 2003) ........ 12

Rosenthal v. Justices of Sup. Ct. of Cal., 910 F.2d 561 (9th Cir. 1990) ........ 2, 3

Saul v. United States, 928 F.2d 829 (9th Cir. 1991) ........ 12

Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579 (9th Cir.1987) ........ 2, 7

## Other Circuit Cases

Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655 (3d Cir. 1989) ........ 4

Kaimwoitz v. Florida Bar, 996 F.2d 1151 (11th Cir. 1993) ........ 3

Thiel v. State Bar of Wisconsin, 94 F.3d 399 (7th Cir. 1996) ........ 3

## District Court Cases

Boykin v. Bloomburg Univ. of Penn., 893 F. Supp. 378 (M.D. Penn. 1995), aff'd 91 F.3d 122, cert. denied 117 S. Ct. 739, 519 U.S. 1078 (1995) ........ 9

Levanti v. Tippen,
585 F. Supp. 499 (S.D. Cal. 1984) ........ 6

## California Supreme Court Cases

Chronicle Pub. Co. v. Superior Ct.,
54 Cal.2d 548, 7 Cal. Rptr. 109 (1960) ........ 8

In re Att'y Discipline Sys.,
19 Cal.4th 582, 967 P.3d 49, 9 Cal. Rptr. 2d 836 (1998) ........ 11

## California Appellate Cases

Coopers & Lybrand v. Superior Ct.,
212 Cal. App. 3d 524, 260 Cal. Rptr. 713 (1989) ........ 7

Engel v. McCloskey,
92 Cal. App. 3d 870, 155 Cal. Rptr. 284 (1979) ........ 8

Rosenthal v. Vogt,
229 Cal. App. 3d 69, 280 Cal.Rptr. 1 (1991) ........ 8

## United States Constitution

Eleventh Amendment ........ passim

## California Constitution

Article VI ........ 4, 6

## Federal Statutes

42 U.S.C. § 1983 ........ passim

42 U.S.C. § 1985 ........ 3, 8, 9, 10

42 U.S.C. § 1986 ........ 3, 9, 10

## State Statutes

Cal. Bus. & Prof. Code § 6008 ........ 4

Cal. Bus. & Prof. Code § 6094(a) ........ 8

Cal. Bus. & Prof. Code § 6140 ........ 4

Cal. Bus. & Prof. Code § 6140.1 ........ 4

Cal. Bus. & Prof. Code § 6145 .......... 4

Cal. Bus. & Prof. Code § 6200 .......... 7

Cal. Bus. & Prof. Code § 6200(e)(3) .......... 7, 8

Cal. Bus. & Prof. Code § 6203(d) .......... 10, 11

Cal. Bus. & Prof. Code § 6204 .......... 10

Cal. Govt. Code § 811.2 .......... 8

Cal. Govt. Code § 811.4 .......... 8

Cal. Govt. Code § 818.4 .......... 8

Cal. Govt. Code § 821.2 .......... 8

Cal. Govt. Code § 900.4 .......... 8

Cal. Govt. Code § 940.4 .......... 8

**Federal Rules of Civil Procedure**

Rule 8(a)(2) .......... 9

Rule 12(b)(6) .......... 2, 8

**California Rules of Court**

Rule 9.13(d) .......... 11

**State Bar Rules of Procedure**

Rule 700 .......... 5

Rule 709 .......... 11

Rule 711 .......... 5

**Northern District of California Civil Local Rules**

Civil Local Rule 7-3(a) .......... 1

Defendants State Bar of California, Judy Johnson, Jill Sperber and Alan Bloom[1] hereby submit this reply brief in support of their Motion to Dismiss Plaintiff Gregory Chandler's[2] Complaint in its entirety.

## I. Introduction

Chandler has presented no compelling argument to overcome the State Bar Defendants' Eleventh Amendment immunity.[3] His reliance on Keller v. State Bar of California[4] has no bearing on the State Bar Defendants' sovereign immunity. Keller did not abrogate that immunity, and the State Bar has not consented to suit.

Chandler's opposition reveals that his lawsuit is nothing more than an attempt to reverse an adverse arbitration proceeding decision. Apparently Chandler tried to turn his client's state law right to arbitration into a sham by not actively participating, and filing a lawsuit in an attempt to make the arbitration award unenforceable, only to fail to pursue the trial *de novo*. The forum Chandler protests the State Bar Defendants denied him – to confront and cross-examine his client regarding the validity of the arbitration award – was his *lawsuit*. Chandler, however, dismissed that lawsuit of his own accord. That dismissal reveals Chandler's lack of genuine interest in having a full and fair proceeding on the issue of his fee dispute. Chandler, moreover, takes the contradictory position that, although he never breached his client's confidences, that the State Bar somehow knows that the client's allegations are false. Indeed, his charge that the State Bar knowingly used false testimony is pure speculation that is not plausible on its face. Finally, Chandler never makes clear to this court how his client's making "false allegations" against him invalidates the Sate Bar's legal and mandatory procedure to render him involuntary inactive for

---

[1] Collectively "State Bar Defendants." "Individual State Bar Defendants" refers to Judy Johnson, Jill Sperber and Alan Bloom.

[2] "Chandler."

[3] State Bar Defendants object to Chandler's filing his Opposition to State Bar Defendant's Motion to Dismiss the day after the deadline; Civil Local Rule 7-3(a) required Chandler to file his Opposition 21 days before the scheduled hearing date, which would have been March 14, not March 15, the date of Chandler's filing.

[4] 496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990).

failing to pay an arbitration award. In, sum, none of the facts Chandler avers give this Court a reason to deprive the State Bar Defendants of their judicial, arbitral and statutory immunity.

Chandler has alleged no deprivation of any federal rights and he fails to state any plausible claim for relief. Although Chandler attempts to cloak them in a § 1983 action, his complaint is simply an attempt to overturn an unfavorable arbitration award and its legal consequences to his license to practice. Accordingly, the Court should grant the State Bar Defendants' motion to dismiss without leave to amend.

## II. Summary of Argument.

Keller did not abrogate the State Bar's Eleventh Amendment immunity. Chandler relies on cases that analyze agencies that are not fundamental parts of the judicial branch of government, as opposed to those that are embedded in state constitutions the way the State Bar of California is. Chandler, moreover, ignores the Ninth Circuit cases of Rosenthal v. Justices of Supreme Court of California[5] and Hirsh v. Justices of the Supreme Court of California et al.,[6] that recognize the State Bar's Eleventh Amendment and judicial immunity and have applied Younger[7] abstention to State Bar proceedings. Chandler also fails to acknowledge that Rule 12(b)(6) applies the State Bar's well-settled California arbitral and statutory immunity and public entity status under the Government Tort Claims Act to this case. Chandler also ignores the Ninth Circuit case of Wasyl, Inc. v. First Boston Corp.,[8] that recognizes arbitral immunity in the Ninth Circuit. Finally, Chandler makes no effort to comply with the heightened pleading standard for conspiracy that the Supreme Court set forth in the recent case of Bell Atlantic v. Twombly.[9] This Court should dismiss Chandler's lawsuit based on State Bar Defendants' recognized Eleventh Amendment, judicial, statutory, and arbitral immunity, and because Chandler has failed

---

[5] 910 F.2d 561, 566 (9th Cir. 1990)

[6] 67 F.3d 708, 713 (9th Cir. 1995), cert denied.

[7] Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 247 L. Ed. 2d 669 (1971).

[8] 813 F.2d 1579 (9th Cir.1987).

[9] ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)

to state a claim for relief for section 1983, 1985 or 1986 conspiracy and because Chandler has suffered no section 1983 deprivation.

## III. Argument

### A. The Eleventh Amendment Bars Chandler's Suit Against The State Bar.

Chandler's reliance on Keller v. State Bar of California,[10] to argue that the Eleventh Amendment Immunity does not apply to the State Bar is misapplied. In Keller, the US Supreme Court analogized the State Bar to a labor union for the *purposes of a First Amendment analysis with regard to the State Bar's use of union dues*. This "substantial analogy" was limited to determining whether governmental speech doctrine applied to the State Bar's expenditure of membership fees.[11] The Supreme Court's review in Keller, moreover, arose from an action filed in state court.[12] The issue of Eleventh Amendment immunity, therefore, was not present in Keller. The Eleventh Amendment remains a bar to actions against state bars in federal courts even under Keller.[13] In Rosenthal,[14] the Ninth Circuit reaffirmed the State Bar's status as an arm of the California Supreme Court, Keller notwithstanding. Because it is an instrumentality of the State, "the Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."[15] Chandler's citations to Hess et al. v. Port Authority Trans-Hudson Corporation is equally unavailing: Hess' test for determining Eleventh Amendment immunity applies to inter-state entities created under the Constitution's interstate commerce clause.[16]

Moreover, Chandler's assertion that because the State Bar is funded by members' dues rather than by the state treasury it is not entitled to Eleventh Amendment immunity, simply ignores the

---

[10] Keller, 496 U.S. 1.

[11] Id. at 10-12.

[12] See id. at 4.

[13] Thiel v. State Bar of Wisconsin, 94 F.3d 399, 400-401 (7th Cir. 1996); Kaimwoitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993).

[14] Rosenthal, 910 F.2d at 566.

[15] Hirsh, 67 F.3d at 713.

[16] 513 U.S. 30, 35, 48 115 S. Ct. 394, 404, 130 L. Ed. 2d (1994).

State Bar's true status as a judicial branch entity. He ignores the fact that the California Legislature has designated all of the State Bar's property, including licensing revenues, as state property: "[a]ll property of the State Bar is hereby declared to be held for essential public and governmental purposes in the judicial branch of government…"[17] The amount of dues collected by the State Bar is controlled by the Legislature.[18] Consistent with its status as state property, the State Bar's assets are immune from taxation.[19] The State Bar must account for the use of such property, submitting annual budgets to the Legislature and annual statements of receipts and expenditures to the Chief Justice of the California Supreme Court.[20] Thus, a judgment against the State Bar would be paid using funds "held … in the judicial branch of government."[21] Chandler cites Fitchik v. New Jersey Transit Rail Operations, Inc.[22] in support of his overemphasis on the importance of State Bar funding source. The Third Circuit Court of Appeal in Fitchik, however, applied a multi factored test to determine Eleventh Amendment immunity when the state is not a named-party.[23] Chandler, in contrast, has sued the State Bar, an agency embedded in Article VI of the California Constitution. There is no need to go through the Third Circuit's Fitchik factors.

The fact that the State Bar is an arm of the state is not in serious dispute and the Ninth Circuit has already upheld the validity of the State Bar's Eleventh Amendment immunity.[24] Sovereign immunity, therefore, remains a bar to his action against the State Bar and against individual officials Johnson, Sperber, and Bloom in their official capacity.

---

[17] Cal. Bus. & Prof. Code § 6008.

[18] Cal. Bus. & Prof. Code § 6140.

[19] Cal. Bus. & Prof. Code § 6008.

[20] Cal. Bus. & Prof. Code §§ 6140.1, 6145.

[21] Cal. Bus. & Prof. Code § 6008.

[22] 873 F.2d 655 (3d Cir. 1989).

[23] Id. at 659.

[24] Hirsh, 67 F.3d at 713.

**B. Younger Abstention Prohibits Chandler's lawsuit in its Entirety.**

The fact that State Bar Court proceedings have been characterized as "administrative" in nature does not automatically render Younger inapplicable – the Ninth Circuit has already addressed this issue in the context of state attorney disciplinary proceedings. In California, state bar disciplinary proceedings are commenced, for purposes of Younger abstention, once the accused is served with a notice of disciplinary charges.[25]

There is no dispute that when Chandler filed this action on January 22, 2008, the proceedings in S.B.C. No. 07-AE-14510 PEM had already been initiated under Rule 700 of the Rules and Regulations of the State Bar of California and were ongoing. Indeed, the State Bar Court Hearing Department had already issued its decision on Chandler's peremptory motion to dismiss,[26] and the Hearing Department had yet to rule on the State Bar's motion for involuntary inactive status. Chandler's State Bar Court proceedings in S.B.C. No. 07-AE-14510 PEM, therefore, were "ongoing" for purposes of Younger abstention.

Chandler ignores the fact that the Ninth Circuit has already held that California's attorney disciplinary proceedings strongly implicate important state interests, and that under California law, federal constitutional defenses may adequately be raised through judicial review of State Bar Court decisions, which satisfies Younger's second and third factors.[27] Although the State Bar Court proceedings here were to enforce a final and binding fee arbitration award or judgment, they implicate the same important state interest of assuring and maintaining professional conduct of its licensed attorney—in this case the return of fees that have been finally adjudicated as unearned. Moreover, to the purpose of Rule 700 proceedings itself—to enforce a final and binding order or judgment in a fee dispute matter is a separate ground for applying Younger abstention.[28]

---

[25] Canatella v. California, 304 F.3d 843, 851 (9th Cir. 2002).

[26] State Bar's Request for Judicial Notice, Exhibit G. The proceedings against Chandler under Rules 700-711 of the Rules of Procedure of the State Bar of California were "specific proceedings" provided for under state law.

[27] See Hirsh, 67 F.3d at 711; Canatella, 304 F.3d at 850 n.7.

[28] Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 13-14, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Chandler cannot make a bias argument sufficient to overcome Younger abstention. In Hirsh, the Ninth Circuit affirmed that "[a]lthough a federal court is normally required to abstain if the three prongs of the Younger test are satisfied, abstention is inappropriate in the 'extraordinary circumstance' that the state tribunal is incompetent by reason of bias."[29] In response to a motion to dismiss, however, Chandler's allegation of bias must overcome a presumption of honesty and integrity in those serving as adjudicators.[30] Chandler's only demonstrable incidence of bias is his allegation that Bloom used a swear-word at him on the telephone. Even if Chandler were able to prove that that was true, that does not bear on the honesty and integrity of the State Bar Court Hearing Department. The time for Chandler to make a showing of bias on the part of adjudicators was in his opposition. Since Chandler has failed to do that, Chandler cannot overcome the applicability of Younger abstention.

**C. Judicial Immunity Bars Chandler's Federal Claims For Money Damages.**

State Bar judges and prosecutors have quasi-judicial immunity against alleged wrongdoing in administering attorney discipline.[31] Contrary to Chandler's assertion, there is no *per se* rule that judicial immunity only applies to California's Article VI judicial courts. For example, State Bar Committee on Examinations and Admission Members have absolute judicial immunity for using a grading formula to determine bar admissions.[32] Here, the State Bar and its officials act as California Supreme Court's adjunct for attorney regulatory matters. As such, they have the same judicial immunity as the California Supreme Court, even against allegations of bad faith, malice, or unconstitutional actions.[33]

---

[29] Hirsh, 67 F.3d at 713 (citing Gibson v. Berryhill, 411 U.S. 564, 577-79 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973)).

[30] Hirsh, 67 F.3d at 713 (quoting Nenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992)).

[31] Hirsh, 67 F.3d at 714-15.

[32] Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) (same); Hoover v. Ronwin, 466 U.S. 558, 572-73, 104 S. Ct. 1989, 80 L. Ed. 2d 590 (1984)

[33] Levanti v. Tippen, 585 F. Supp. 499, 504 (S.D. Cal. 1984); see Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

All of Chandler's alleged claims against the named State Bar Defendants arose from their acts in initiating and performing their State Bar regulatory duties and functions in initiating and prosecuting proceedings to enforce a binding fee arbitration award against Chandler. The Ninth Circuit has already found State Bar Court proceedings to be unequivocally quasi-judicial in nature.[34] The State Bar Defendants, therefore, have absolute judicial immunity.[35]

**D. Chandler's Federal Claims For Money Damages Are Barred By Arbitral Immunity**

Both the Ninth Circuit and California courts recognize that judicial immunity applies to the arbitration process.[36] As with judicial and quasi-judicial immunity:

> [A]rbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. Because federal policy encourages arbitration and arbitrators are essential in furthering that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction.[37]

Here, Chandler names Judy Johnson (Executive Director) and Jill Sperber and Alan Bloom (attorneys with the State Bar's Office of Mandatory Fee Arbitration). These defendants are responsible for the Mandatory Fee Arbitration Program; handling all enforcement requests before the State Bar Court; and overseeing the local bar association fee arbitration programs statewide, including the arbitration committee of the San Francisco County Bar Association that issued the initial fee award against Chandler.[38] The individual State Bar Defendants, therefore, are entitled to arbitral immunity.

---

[34] See Hirsh, 67 F.3d at 712.

[35] See Cal. Bus. & Prof. Code § 6200(e)(3): "In any arbitration or mediation conducted pursuant to this article by the State Bar or by a local bar association, pursuant to rules of procedure approved by the board of governors, an arbitrator or mediator, as well as the arbitrating association and its directors, officers, and employees, shall have the same immunity which attaches in judicial proceedings."

[36] See Coopers & Lybrand v. Superior Court, 212 Cal. App. 3d 524, 534-36, 260 Cal. Rptr. 713 (1989); see also Wasyl, 813 F.2d 1579.

[37] Wasyl, 813 F.2d at 1582.

[38] See Cal. Bus. & Prof. Code § 6200.

**E. The Individual State Bar Defendants Have Tort Claim Immunity For Acts Involving Attorney Licensure**

Chandler's state tort law claims for money damages against the individual State Bar defendants are barred under the California Tort Claims Act, and Chandler's citation to Keller does nothing to change that. As a public corporation in the judicial branch of government, the State Bar is a "public agency" and its officers are "public officers."[39] Hence, it is also a "public entity" and its employees are "public employees," under the California Tort Claims Act.[40]

Chandler's claims against the State Bar Defendants arise from the State Bar's Mandatory Fee Arbitration Department enforcement action proceeding. Public entity licensing immunity includes State Bar proceedings; the State Bar Defendants, therefore, have immunity from tort liability for Chandler's arbitration enforcement involuntary inactive enrollment proceedings.[41]

**F. The Individual State Bar Defendants Have State Law Immunity For Acts Involving Mandatory Fee Arbitration Proceedings**

California law expressly applies the judicial level of immunity to State Bar Mandatory Fee Arbitration Program proceedings and includes immunity for the arbitration proceedings, the arbiter, and the arbitration association, its directors, officers, and employees.[42] State law, therefore, expressly bars all of Chandler's money damages state law claims related to his fee arbitration proceedings.

**G. Chandler Fails To State A Claim For Relief Under 42 U.S.C. Section 1985**

Chandler ignores the effect of the recent United States Supreme Court case of Bell Atlantic Corp. v. Twombly,[43] on both Rule 12(b)(6) and the pleading requirement for conspiracy. In Bell

---

39 Chronicle Pub. Co. v. Superior Ct., 54 Cal.2d 548, 565, 7 Cal. Rptr. 109 (1960).

40 Cal. Bus. & Prof. Code § 6094(a); Cal. Govt. Code §§ 811.2, 811.4, 900.4 & 940.4; Engel v. McCloskey, 92 Cal. App. 3d 870, 878, 881, 155 Cal. Rptr. 284 (1979).

41 See Rosenthal v. Vogt, 229 Cal. App. 3d 69, 75, 280 Cal.Rptr. 1 (1991); Cal. Govt. Code §§ 818.4 and 821.2.

42 Cal. Bus. & Prof. Code § 6200(e)(3).

43. Twombly, 127 S. Ct. 1955.

Atlantic, the Supreme Court refined and heightened the "plain statement"[44] pleading standard for conspiracy: the factual scenario cannot be neutral, it must be factually suggestive of a plausible conspiracy to show entitlement to relief.[45] Claims of conspiracy under 42 U.S.C. Section 1985 must be plead with particularity and must provide specific facts in support of collusion or concerted action.[46] Mere allegations without factual specificity are insufficient.[47] Chandler did not allege specific facts supporting his conspiracy claim in his complaint on how Johnson, Sperber, and Bloom allegedly conspired to deprive him of his law practice. In his Opposition, Chandler offers factual detail about how he believes his arbitration proceeding outcome was wrong, but the only basis he provides for that is that Chandler claims his client was lying to get a favorable arbitration award, and the State Bar should simply side with Chandler because he says his client is lying. The lawsuit that Chandler voluntarily dismissed was his opportunity to prove his client was lying. The State Bar Defendants cannot simply ignore their statutory duty to proceed with arbitration award involuntary inactive proceedings simply on Chandler's say so. And, the fact that the State Bar Defendants followed their statutory duty to enforce the arbitration proceeding is not a factual scenario of a conspiracy. . The State Bar Defendants' duty in this regard was not to take sides, but simply to enforce the arbitration award, nothing more.

Because Chandler facts do not suggest a plausible conspiracy, his claim falls far short of Bell Atlantic's suggested heightened "plain statement" requirement.[48] His "false immigration fraud allegation" §§ 1983, 1985 and 1986 conspiracy claims should be dismissed.

**H. Chandler Fails To State A Claim For Relief Under 42 U.S.C. Section 1983**

Chandler mischaracterizes the State Bar's position when he claims that the State Bar is arguing that Chandler must exhaust his state remedies prior to filing a section 1983 claim.

---

[44] FRCP 8(a)(2).

[45] Twombly, 127 S. Ct. at 1966, fn 5, 1974.

[46] Tang v. State of R.I. Dept. of Elderly Affairs, 904 F. Supp. 55 (D. R.I. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988)

[47] Id.; Boykin v. Bloomburg Univ. of Penn., 893 F. Supp. 378, 398 (M.D. Penn. 1995), aff'd 91 F.3d 122, cert. denied 117 S. Ct. 739, 519 U.S. 1078 (1995).

[48] Id. at 1966.; Rule 8(a)(2).

Chandler is arguing that he has been unlawfully deprived of his law practice without due process. The State Bar's position is not that he has to exhaust his state law remedies, but that the State Bar process gives him due process, and therefore does not deprive him of a federal right under color of law. Chandler must establish that he has been deprived of a federal right by a person acting under color of state law for a section 1983, 1985 or 1986 claim.[49] Abuse of process does not ordinarily constitute a valid procedural due process claim if process is available within the state judicial system to remedy such wrongs.[50] Here, Chandler's allegations regarding due process violations in connection with his State Bar fee arbitration proceedings are unavailing.

Due process requires that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." [51] As fully detailed in the State Bar's Motion to Dismiss, State Bar Arbitration Enforcement Proceedings give attorneys facing involuntary inactive enrollment -- including Chandler -- ample notice and multiple opportunities to be heard.

First, the plain language of the fee arbitration statutes put Chandler on notice that failure to pay the award could affect his license to practice law and require payment of additional penalties.[52] Second, Chandler had the opportunity to file and did file for a trial de novo after the non-binding arbitration award was issued by the San Francisco County Bar Association and challenge the imposition of the award,[53] but Chandler dismissed that action voluntarily. Third, the State Bar notified Chandler of the enforcement action by serving him with a copy of its Motion for Involuntary Inactive Enrollment.[54]

---

[49] American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999).

[50] Johnson v. Barker, 799 F.2d 1396, 1400 (9th Cir. 1986)

[51] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652, 656, 94 L. Ed. 865 (1950).

[52] Cal. Bus. & Prof. Code § 6203 (d)(1) -(d)(3).

[53] Cal. Bus. & Prof. Code § 6204.

[54] State Bar's Request for Judicial Notice, Exhibit B.

Chandler actively participated in the State Bar's fee arbitration award enforcement proceedings – he filed a Response to the State Bar's Motion;[55] and made a peremptory motion to dismiss.[56] Chandler simply fails as a matter of law to establish any due process violation and his claim should be dismissed.

The State Bar was authorized by law to move for involuntary inactive status against Chandler, a licensed California attorney who failed to comply with an arbitration award.[57] Chandler had the opportunity to litigate the Motion for Involuntary Inactive Enrollment before the State Bar Court, and he lost. Chandler could have sought review with the State Bar Court Review Department [58] and ultimately with the California Supreme Court.[59] Accordingly, there were sufficient procedural safeguards within the state judicial system to remedy any of Chandler's would-be wrongs.

To the extent that Chandler raises intentional and negligent infliction of emotional distress and other state law "overcharging" as the basis of his Section 1983 action, these claims also fail. Section 1983 was not intended to be a general tort statute and his claims are insufficient as a matter of law to establish a federal due process violation.[60]

**I. Chandler Presents this Court with No Basis for his Injunctive Relief.**

Chandler's citation to In re Attorney Discipline[61] does not provide this court with a reason to have a random person take over the State Bar for the next ten years. Chandler ignores the fact the California Supreme Court disagreed with Governor Wilson's argument against the necessity of the State Bar, upheld its own need for the State Bar, validated the State Bar as a fundamental

---

[55] State Bar's Request for Judicial Notice, Exhibit D.

[56] State Bar's Request for Judicial Notice, Exhibit C.

[57] Cal. Bus. & Prof. Code § 6203(d).

[58] State Bar Rules Proc. 709.

[59] Cal Rules Ct. 9.13(d).

[60] Baker v. McCollan, 443 U.S. 137,146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Daniel v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Giannini v. Real, 911 F.2d 354, 359 (9th Cir. 1990).

[61] In re Att'y Discipline Sys., 19 Cal.4th 582, 967 P.3d 49, 9 Cal. Rptr. 2d 836 (1998).

part of the judicial branch of government and funded it by authorizing collection of member dues not passed by the legislature.

## IV. Conclusion

Chandler seeks to blame the State Bar Defendants for his failure to pursue a trial *de novo* after fee arbitration with his client. The State Bar Defendants limited involvement with him in state law-mandated State Bar proceeding to enroll him inactive for his failure to pay an arbitration award presents no evidence of a conspiracy, a proceeding that provided him with constitutional due process, with plenty of notice and an opportunity to be heard. For these reasons, the court should dismiss his claims. The court should dismiss them with prejudice because the State Bar Defendant's Eleventh Amendment, Younger abstention, federal common law judicial, arbitral and statutory immunities, and Chandler's failure to comply with the Government Tort Act, would render any amendment Chandler makes futile.[62]

Dated: March 21, 2008

Respectfully submitted,

MARIE M. MOFFAT
LAWRENCE C. YEE
MARK TORRES-GIL
DANIELLE LEE

By: /s/ Danielle Lee
Danielle Lee

Attorneys for Defendants the State Bar of California, Judy Johnson, Jill Sperber, and Alan Bloom

---

[62] See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); see also Miller v. Rykoff –Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998).

PROOF OF SERVICE BY MAIL

I, Joann Wray, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 21, 2008, following ordinary business practice, I placed

**REPLY BRIEF IN SUPPORT OF STATE BAR DEFENDANT'S MOTION TO DISMISS**

for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of fully prepaid in an envelope addressed as follows:

Gregory Chandler
Law offices of Gregory Chandler
101 California Street, Suite 2450
San Francisco, CA 94111-6102

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 21th day of March, 2008.

s/Joann Wray