IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY CHANDLER,

    Plaintiff,

  v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.

                                             /

No. C 08-00437 CRB

**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS**

      The State Bar of California declared plaintiff, a California attorney, voluntarily inactive due to his failure to pay an arbitration award to a former client and this lawsuit followed. Now pending is defendants' motion to dismiss. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Civil Local Rule 7-1(b), and GRANTS defendants' motion to dismiss.

## BACKGROUND

### A. The California Mandatory Fee Arbitration Act

      The California Mandatory Fee Arbitration Act (MFAA) governs attorney-client fee disputes pursuant to Business and Professions Code section 6200 et seq. The Act requires the State Bar to provide a system and procedure for the arbitration of attorney/client fee disputes. Cal. Bus. & Prof. Code § 6200(a). If a client requests arbitration of a fee dispute under the MFAA, the attorney must participate. Id. § 6200(c). The arbitration is non-binding unless the parties agree otherwise; however, the arbitration award becomes binding

30 days after the mailing of the notice of the arbitration award unless a party seeks a trial de novo within 30 days. Id. § 6203(b); § 6204.

If an attorney has not satisfied an award that has become final, the State Bar is required to enforce the award by placing the attorney on involuntary inactive status. Id. § 6203(d)(1). Before the attorney is placed on inactive status, State Bar rules give the attorney the right to file a response and have a hearing. State Bar Rules 702-704. Either party can appeal the Hearing Judge's ruling to the State Bar Court Review Department and both can seek California Supreme Court review. State Bar Procedure Rule 709, Cal. Rules Ct. 9.13(d).

## B.     The Arbitration Award Against Chandler

On May 1, 2007, and pursuant to the MFAA, an arbitration award was entered against Chandler and in favor of his former client Hyoung Ok Lee in the total amount of $8,643.75. The Court may take judicial notice of the arbitration award. Rowland v. Prudential Financial, Inc., 2007 WL 1893630 *1 n.1 (D. Ariz. 2007).

According to the State Bar Order granting the State Bar motion to make Chandler involuntary inactive (and of which this Court may also take judicial notice), Chandler filed a lawsuit against Lee in Marin County Superior Court on June 18, 2007. The lawsuit did not mention the arbitration award or seek a trial de novo on Lee's claim; instead, it sought $9,500 from Lee for the reasonable value of services on Lee's behalf. Chandler did not notify Lee or her attorney of the lawsuit.

Lee subsequently demanded that Chandler pay the arbitration award. On July 26, 2007, Chandler advised Lee that he had rejected the arbitration award by filing the Marin County lawsuit, but he had not served her with the complaint.

Chandler voluntarily dismissed the Marin County lawsuit on August 7, 2007. Shortly thereafter Lee asked the State Bar to enforce the arbitration award. Chandler continued to refuse to satisfy the award.

On October 5, 2007, Chandler file a second lawsuit against Lee in Marin County Superior Court. This time he sought $11,000 in outstanding attorney's fees.

2

The State Bar went forward with its enforcement action and on February 7, 2008 a State Bar hearing judge granted the State Bar's motion for enforcement of the arbitration award and ordered that Chandler be placed on involuntary inactive status until he pays the arbitration award. The judge ruled that Chandler's first Marin County complaint did not constitute a request for a trial de novo since it did not even mention the arbitration or Lee's claims against Chandler. The judge went on, however, to note that even if it was such a request, Chandler dismissed the lawsuit thereby restoring the arbitration award. Finally, the second Marin County complaint was not filed within 30 days of the arbitration award and thus did not keep the arbitration award from becoming binding.

**C.    This Lawsuit**

While the State Bar enforcement action was pending, but before the State Bar actually ordered Chandler involuntarily inactive, Chandler filed the lawsuit presently pending before the Court. Chandler's complaint does not mention the arbitration award; instead, he contends that Lee demanded repayment of the attorney's fees based on false allegations that Chandler submitted false documents to the Department of Homeland Security. Complaint ¶ 5. He alleges further that Lee "sought assistance from the Defendants in an effort to extort money from Chandler based on her allegations of submitting false documents to the United States Department of Homeland Security." Id. ¶ 8. He alleges that Defendants conspired to punish Chandler based on facts they know to be untrue. Id. ¶ 10.

Chandler names as defendants the State Bar of California, Judy Johnson, its Executive Director, Jill Sperber, a State Bar attorney, and Alan Bloom, another State Bar attorney. Chandler's complaint makes a litany of claims:

First Claim:      Section 1983 against individual defendants in their individual capacities; alleges defendants engaged in acts–undefined–that violated plaintiff's undefined constitutional rights.

Second Claim:   Section 1983 against individual defendants in their official capacities; same as First Claim.

Third Claim:    Section 1983 Monell claim v. State Bar.

3

| | | |
|---|---|---|
| Fourth Claim: | Section 1983 against defendants in individual capacities and official capacities and against the State Bar; alleging that defendants should have reported Lee's allegations of fraud to the Department of Homeland Security instead of acting on the allegations themselves. | |
| Fifth Claim: | Section 1983 against Johnson and Sperber individually; alleges that defendants were deliberately indifferent to Chandler's unidentified constitutional rights. | |
| Sixth Claim: | Section 1983 against individual defendants; conspiracy to violate unidentified constitutional rights by adopting false allegations they knew were untrue. | |
| Seventh Claim: | Section 1985(3) conspiracy to violate civil right and all defendants. | |
| Eighth Claim: | Section 1986 claim against the State Bar. | |
| Ninth Claim: | Intentional infliction of emotional distress v. all defendants. | |
| Tenth Claim: | Negligent infliction of emotional distress. v. all defendants. | |
| Eleventh Claim: | Section 1983 v. State Bar; overcharging for bar fees. | |

Chandler seeks a permanent injunction appointing a monitor to oversee the State Bar and unspecified damages. Defendants move to dismiss the entire complaint.

## DISCUSSION

### I.     The Injunctive Relief Claims and Younger Abstention

"Younger and its progeny teach that federal courts may not, where circumstances dictate, exercise jurisdiction when doing so would interfere with state judicial proceedings." Canatella v. California, 304 F.3d 843, 850 (9th Cir. 2002); see also Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708, 712 (9th Cir. 1995)("Younger and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings"). "A district court must abstain and dismiss a suit on the basis of Younger where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings." Canatella, 304 F.3d at 850. The Younger

4

inquiry "is triggered only when the threshold condition for Younger abstention is present-that is, when the relief sought in federal court would in some manner directly 'interfere' with ongoing state proceedings." Id. (internal quotation marks and citation omitted).

The district court considers whether state proceedings were ongoing at the time the federal complaint was filed. Id. "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action" even if it just means the plaintiff will simply refile the federal complaint. Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988) (holding that although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order might result simply in the appellees refiling their federal complaint, dismissal was required by Younger).

In Hirsh, for example, attorneys facing State Bar of California disciplinary proceedings brought section 1983 claims in federal court. The Ninth Circuit held that Younger abstention required the district court to dismiss the action. First, the state court proceedings were ongoing at the time the complaint was filed as Notices to Show Cause had been issued, but the California Supreme Court had not taken any action on the State Bar's recommendation. The court also held that the proceedings were judicial in nature. 67 F.3d at 712. Second, attorney disciplinary proceedings implicate important state interests. Id. at 712-13. And third, because federal constitutional claims may be raised in judicial review of the Bar Court's decision, the third requirement–the opportunity to litigate the federal claims–was also satisfied. Id. at 713. The fact that such judicial review is discretionary did not preclude the application of Younger abstention. Id.

The same analysis applies here. First, it is undisputed that the State Bar proceedings were ongoing at the time Chandler filed this action. The State Bar judge had not even ruled on the State Bar's motion seeking the involuntary inactive enrollment of Chandler at the time Chandler filed this lawsuit.

1    Chandler nonetheless argues that the State Bar Court is an administrative court, not a
2 judicial court, and therefore Younger abstention does not apply.  In Hirsh, however, the
3 Ninth Circuit held that the State Bar disciplinary proceedings were judicial in nature for
4 purposes of Younger abstention because the State Bar judge conducts a formal hearing and
5 makes findings, the Review Department conducts a de novo review of those findings, and the
6 Supreme Court retains inherent jurisdiction over the proceedings, including power to review
7 the Bar Court's findings.  Id. at 712.  The same procedure applies to the enforcement of
8 attorney-client fee arbitration awards.

9    Second, the proceedings implicate important state interests just as the State Bar
10 disciplinary proceedings did in Hirsch.  There is no principled distinction between State Bar
11 disciplinary proceedings and State Bar proceedings to enforce a fee arbitration award against
12 an attorney.

13    Third, Chandler has the opportunity to litigate his federal claims (whatever they may
14 be) before the California Supreme Court as did the plaintiffs in Hirsch.

15    Finally, Chandler has not identified any "extraordinary circumstances" that would
16 justify not abstaining.  "[A]bstention is inappropriate in the 'extraordinary circumstance' that
17 the state tribunal is incompetent by reason of bias."  67 F.3d at 713.  "However, one who
18 alleges bias must overcome a presumption of honesty and integrity in those serving as
19 adjudicators."  Id.  Chandler is required to offer "actual evidence" to overcome that
20 presumption.  Canatella v, California, 404 F.3d 1106, 1112 (9th Cir. 2005).  Chandler,
21 however, offers nothing to support his allegation of bias.  That one Bar attorney allegedly
22 yelled at him is insufficient.  Chandler has not come close to meeting his burden of showing
23 extraordinary circumstances.

24    Accordingly, Chandler's claims for injunctive and/or declaratory relief arising from
25 the State Bar proceedings against him must be dismissed on Younger abstention grounds.
26 //
27 //
28 //

## II. Federal Law Monetary Claims

### A. Eleventh Amendment immunity

The State Bar moves to dismiss the monetary claims against it on the ground that they are barred by the Eleventh Amendment. The Ninth Circuit has held that the Eleventh Amendment bars federal court monetary actions against the State Bar without its consent. Hirsh, 67 F.3d at 715(" The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court") (citing Lupert v. California State Bar, 761 F.2d 1325 (9th Cir. 1985)). The immunity extends to the individual defendants sued in their official capacities. Id. Accordingly, the monetary claims against the State Bar and the individual defendants in their official capacities must be dismissed.

### B. Judicial Immunity

The three individual defendants–Judy Johnson (Executive Director) and Jill Sperber and Alan Bloom (attorneys with the State Bar's Office of Mandatory Fee Arbitration) are immune from an award of monetary damages.

> The Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages. Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court. The factors cited by the Butz Court apply equally to the personnel of the Bar Court-hearings are adversarial, errors are correctable on appeal, the judges make factual findings and perform other adjudicatory functions, and Bar Court decisions are controversial enough to stimulate harassing damage actions against the adjudicators, as this case illustrates. Thus, the Bar Court judges and prosecutors are immune from damages.

Hirsh, 67 F.3d at 714-15.

### C. Failure To State A Claim

All of the federal claims fail for an additional reason: failure to state a claim. Chandler does not even identify how these defendants purportedly violated his constitutional rights. He vaguely mentions that if the State Bar believed that he had submitted false documents to the Department of Homeland Security the State Bar should have referred Chandler to the federal government for prosecution. Of course, there is no allegation that the

7

State Bar ever accused Chandler of falsifying documents before the Department of Homeland Security and, even if it had, Chandler cites nothing that would make it a violation of his federal rights for the State Bar not to refer him to the federal government. The arbitration award itself was not based on Chandler falsifying any documents; rather, it was based on his failure to provide any services of value to his client.

Chandler also obliquely makes reference to his ethical obligations preventing him from effectively cross examining his client. Again, he does not allege that during the arbitration the arbitrator prohibited him from raising any particular issue and he does not cite any law that suggests in a fee dispute with his client Chandler could not reveal relevant client confidences, whatever they may be. Accordingly, the federal claims for monetary relief must be dismissed with prejudice.

**III.  State Law Monetary Claims**

The individual defendants are also entitled to judicial immunity on Chandler's state law claims. "In any arbitration or mediation conducted pursuant to this article by the State Bar or by a local bar association, pursuant to rules of procedure approved by the board of governors, an arbitrator or mediator, *as well as the arbitrating association and its directors, officers, and employees*, shall have the same immunity which attaches in judicial proceedings." Cal. Bus. & Prof. Code § 6200(f).

**IV.  Claim For Excessive State Bar Fees**

Chandler offers no facts whatsoever to support a claim of common law overcharging. His opposition does not even address this claim; accordingly, this claim must be dismissed with prejudice.

**CONCLUSION**

The Ninth Circuit's decision in Hirsch, 67 F.3d 708, disposes of Chandler's federal claims. Although defendants relied on Hirsch in their moving papers, Chandler does not even cite it in his opposition; instead, Chandler repeatedly cites Keller v. State Bar of California, 496 U.S. 1 (1990). In Keller, the United States Supreme Court–on review from the California Supreme Court–held that the use of mandatory state dues for political purposes

violates the First Amendment.  <u>Keller</u> has nothing to do with this case.  Accordingly, the Court rules as follows:

1. All of the claims for injunctive and/or declaratory relief arising from the arbitration and involuntary inactive status are DISMISSED based on Younger abstention. See <u>Hirsch</u>, 67 F.3d at 712-14.

2. All of the federal monetary claims against the State Bar of California and the individual defendants in their official capacities are dismissed based on Eleventh Amendment immunity.  This dismissal includes the section 1983 claim for overcharging fees.

3. All of the federal monetary claims against the individual defendants in their invidual capacities are dismissed with prejudice based on judicial immunity and failure to state a claim.  <u>Hirsh</u>, 67 F.3d at 715.

4. All of the state law monetary claims against the individual defendants in their individual capacities are dismissed with prejudice based on state law judicial immunity.  Cal. Bus. & Prof. Code § 6200(f).

5. The state law claim based on "overcharging for dues" is dismissed with prejudice as the complaint does not plead any facts to state a claim and Chandler's opposition does not defend the claim.

Chandler's request for leave to amend is DENIED.  Amendment would be futile as defendants are entitled to immunity.  Even if they were not, however, Chandler's opposition does not put forth any facts that suggest he could state any claims against the individual defendants.

**IT IS SO ORDERED.**

Dated: March 31, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE